## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| HERBERT JACK GOLDEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SUN LIFE FINANCIAL, INC.; | ) | Civil Action No. 2:08-CV-70-WKW |
| SUN LIFE ASSURANCE | ) | |
| COMPANY OF CANADA; PEER | ) | |
| REVIEW ANALYSIS, INC.; | ) | |
| MCMC, LLC; THE SEYDEL | ) | |
| COMPANIES EMPLOYEE | ) | |
| BENEFIT PLAN, | ) | |
| | ) | |
| Defendants. | ) | |

---

### ANSWER OF DEFENDANTS, SUN LIFE FINANCIAL, INC.
### AND SUN LIFE ASSURANCE COMPANY OF CANADA

---

Defendants, Sun Life Financial, Inc. ("Sun Life Financial"), and Sun Life Assurance Company of Canada ("Sun Life Assurance" and, together with Sun Life Financial, "Sun Life"), pursuant to Rule 12 of the Federal Rules of Civil Procedure, answer Plaintiff's Complaint as follows:

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted as to Sun Life and should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

1

## SECOND DEFENSE

Sun Life denies each and every allegation in Plaintiff's Complaint except as specifically admitted herein.[1]  For answer to the separately numbered paragraphs of Plaintiff's Complaint, Sun Life states as follows:

1.      Sun Life admits that Plaintiff's claim is governed by the Employee Retirement Income Security Act of 1976, 29 U.S.C. 1001, *et seq*. ("ERISA"), but denies that Sun Life has any liability to Plaintiff thereunder.

2.      Sun Life admits that this Court has subject matter jurisdiction over this claim.

3.      Sun Life admits that venue is proper in this judicial district and division.

4.      Sun Life admits that venue is proper in this judicial district and division.

5.      Sun Life admits the allegations contained in ¶ 5 of Plaintiff's Complaint.

6.      Sun Life admits the allegations contained in ¶ 6 of Plaintiff's Complaint.

---

[1]      Numerous allegations contained in Plaintiff's Complaint are directed at several or all entities named as defendants in this action.  Sun Life's response to any allegation in this Answer is provided only to the extent that the allegation refers to, or is intended to refer to, either Sun Life Assurance Company of Canada, Sun Life Financial, Inc., or both of those entities.  Sun Life does not purport to respond to any allegation on behalf of any other defendant in this action.

7.     The allegations in ¶ 7 of Plaintiff's Complaint with respect to the fiduciary status of Sun Life Assurance state a legal conclusion to which no response is required.  To the extent a response is required, Sun Life denies those allegations.  Sun Life admits that Sun Life Assurance is an insurance company authorized to conduct business in Alabama, and denies any remaining allegations in ¶ 7.

8.     Sun Life denies as written the allegations in ¶ 8 of Plaintiff's Complaint with respect to the status of Sun Life Assurance as an underwriter, and submits that the terms of the Policy (as hereafter defined), which establishes Sun Life Assurance's status, speak for themselves.  As to the remaining allegations in ¶ 8, Sun Life avers that the identity and address of Sun Life Assurance's agent for purposes of receiving service of legal process is as set forth in that entity's organizational documents, and, to the extent the allegations vary therefrom, Sun Life denies them.

9.     Sun Life admits the allegations contained in ¶ 9 of Plaintiff's Complaint.

10.     Sun Life denies that Sun Life Financial is a "fiduciary under the employee welfare benefit plan," and admits that Sun Life Financial is not authorized to conduct business in Alabama.  Sun Life further denies any remaining allegations contained in ¶ 10.

11.    Sun Life denies the allegations in ¶ 11 of Plaintiff's Complaint with respect to the status of Sun Life Financial as an underwriter.  As to the remaining allegations in ¶ 11, Sun Life avers that the identify and address of Sun Life Financial's agent for purposes of receiving service of legal process is as set forth in that entity's organizational documents, and, to the extent the allegations vary therefrom, Sun Life denies them.

12.    The allegations in ¶ 12 of Plaintiff's Complaint state legal conclusions to which no response is required.  To the extent a response is required, Sun Life denies those allegations.

13.    The allegations in ¶ 13 of Plaintiff's Complaint state legal conclusions to which no response is required.  To the extent a response is required, Sun Life denies those allegations.

14.    Sun Life is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 14 of the Complaint and, therefore, it denies them.

15.    Sun Life is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 15 of the Complaint and, therefore, it denies them.

B KDH 774877 v1
2787711-000014 2/26/2008

16.     Sun Life is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 16 of the Complaint and, therefore, it denies them.

17.     Sun Life is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 17 of the Complaint and, therefore, it denies them.

18.     Sun Life is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 18 of the Complaint and, therefore, it denies them.

19.     Sun Life is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 19 of the Complaint and, therefore, it denies them.

20.     Sun Life is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 20 of the Complaint and, therefore, it denies them.

21.     Sun Life is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 21 of the Complaint and, therefore, it denies them.

22.     Sun Life admits that the referenced plan ("the Plan") is governed by ERISA.    Except as expressly admitted, Sun Life is without knowledge or

5

information sufficient to form a belief as to the truth of the allegations contained in ¶ 22 of the Complaint and, therefore, it denies them.

23.    Sun Life avers that Sun Life Assurance issued long-term disability policy no. 00061976 ("the Policy") to The Seydel Companies.  As to the remaining allegations of ¶ 23, Sun Life avers that the facts pertinent to Plaintiff's claim for benefits are contained in the Administrative Record before Sun Life Assurance at the time it made its final decision to deny Plaintiff's claim for benefits under the Policy, and, to the extent the allegations contained in ¶ 23 vary therefrom, Sun Life denies them.

24.    Sun Life avers that the facts pertinent to Plaintiff's claim for benefits are contained in the Administrative Record before Sun Life Assurance at the time it made its final decision to deny Plaintiff's claim for benefits under the Policy, and, to the extent the allegations contained in ¶ 24 vary therefrom, Sun Life denies them.

25.    Sun Life avers that the facts pertinent to Plaintiff's claim for benefits are contained in the Administrative Record before Sun Life Assurance at the time it made its final decision to deny Plaintiff's claim for benefits under the Policy, and, to the extent the allegations contained in ¶ 25 vary therefrom, Sun Life denies them.

B KDH 774877 v1
2787711-000014 2/26/2008

26.    Sun Life avers that the facts pertinent to Plaintiff's claim for benefits are contained in the Administrative Record before Sun Life Assurance at the time it made its final decision to deny Plaintiff's claim for benefits under the Policy, and, to the extent the allegations contained in ¶ 26 vary therefrom, Sun Life denies them.

27.    Sun Life avers that the facts pertinent to Plaintiff's claim for benefits are contained in the Administrative Record before Sun Life Assurance at the time it made its final decision to deny Plaintiff's claim for benefits under the Policy, and, to the extent the allegations contained in ¶ 27 vary therefrom, Sun Life denies them.

28.    Sun Life avers that the facts pertinent to Plaintiff's claim for benefits are contained in the Administrative Record before Sun Life Assurance at the time it made its final decision to deny Plaintiff's claim for benefits under the Policy, and, to the extent the allegations contained in ¶ 28 vary therefrom, Sun Life denies them.

29.    Sun Life avers that the facts pertinent to Plaintiff's claim for benefits are contained in the Administrative Record before Sun Life Assurance at the time it made its final decision to deny Plaintiff's claim for benefits under the Policy, and, to the extent the allegations contained in ¶ 29 vary therefrom, Sun Life denies them.

B KDH 774877 v1
2787711-000014 2/26/2008

30.    Sun Life avers that the facts pertinent to Plaintiff's claim for benefits are contained in the Administrative Record before Sun Life Assurance at the time it made its final decision to deny Plaintiff's claim for benefits under the Policy, and, to the extent the allegations contained in ¶ 30 vary therefrom, Sun Life denies them.

31.    Sun Life avers that the terms of the Policy speak for themselves and, to the extent the allegations contained in ¶ 31 vary therefrom, Sun Life denies them.

32.    Sun Life avers that the terms of the Policy speak for themselves and, to the extent the allegations contained in ¶ 32 vary therefrom, Sun Life denies them.

33.    Sun Life avers that the facts pertinent to Plaintiff's claim for benefits are contained in the Administrative Record before Sun Life Assurance at the time it made its final decision to deny Plaintiff's claim for benefits under the Policy, and, to the extent the allegations contained in ¶ 33 vary therefrom, Sun Life denies them.

34.    Sun Life avers that the facts pertinent to Plaintiff's claim for benefits are contained in the Administrative Record before Sun Life Assurance at the time it made its final decision to deny Plaintiff's claim for benefits under the Policy,

B KDH 774877 v1
2787711-000014 2/26/2008

and, to the extent the allegations contained in ¶ 34 vary therefrom, Sun Life denies them.

35.    Sun Life avers that the facts pertinent to Plaintiff's claim for benefits are contained in the Administrative Record before Sun Life Assurance at the time it made its final decision to deny Plaintiff's claim for benefits under the Policy, and, to the extent the allegations contained in ¶ 35 vary therefrom, Sun Life denies them.

36.    Sun Life avers that the facts pertinent to Plaintiff's claim for benefits are contained in the Administrative Record before Sun Life Assurance at the time it made its final decision to deny Plaintiff's claim for benefits under the Policy, and, to the extent the allegations contained in ¶ 36 vary therefrom, Sun Life denies them.

37.    Sun Life avers that the facts pertinent to Plaintiff's claim for benefits are contained in the Administrative Record before Sun Life Assurance at the time it made its final decision to deny Plaintiff's claim for benefits under the Policy, and, to the extent the allegations contained in ¶ 37 vary therefrom, Sun Life denies them.

38.    Sun Life avers that the facts pertinent to Plaintiff's claim for benefits are contained in the Administrative Record before Sun Life Assurance at the time it made its final decision to deny Plaintiff's claim for benefits under the Policy,

B KDH 774877 v1
2787711-000014 2/26/2008

and, to the extent the allegations contained in ¶ 38 vary therefrom, Sun Life denies them.

39.    Sun Life avers that the facts pertinent to Plaintiff's claim for benefits are contained in the Administrative Record before Sun Life Assurance at the time it made its final decision to deny Plaintiff's claim for benefits under the Policy, and, to the extent the allegations contained in ¶ 39 vary therefrom, Sun Life denies them.

40.    Sun Life avers that the facts pertinent to Plaintiff's claim for benefits are contained in the Administrative Record before Sun Life Assurance at the time it made its final decision to deny Plaintiff's claim for benefits under the Policy, and, to the extent the allegations contained in ¶ 40 vary therefrom, Sun Life denies them.

41.    Sun Life avers that the facts pertinent to Plaintiff's claim for benefits are contained in the Administrative Record before Sun Life Assurance at the time it made its final decision to deny Plaintiff's claim for benefits under the Policy, and, to the extent the allegations contained in ¶ 41 vary therefrom, Sun Life denies them.

42.    Sun Life avers that the facts pertinent to Plaintiff's claim for benefits are contained in the Administrative Record before Sun Life Assurance at the time it made its final decision to deny Plaintiff's claim for benefits under the Policy,

B KDH 774877 v1
2787711-000014 2/26/2008

and, to the extent the allegations contained in ¶ 42 vary therefrom, Sun Life denies them.

43.    Sun Life avers that the facts pertinent to Plaintiff's claim for benefits are contained in the Administrative Record before Sun Life Assurance at the time it made its final decision to deny Plaintiff's claim for benefits under the Policy, and, to the extent the allegations contained in ¶ 43 vary therefrom, Sun Life denies them.

44.    Sun Life avers that the facts pertinent to Plaintiff's claim for benefits are contained in the Administrative Record before Sun Life Assurance at the time it made its final decision to deny Plaintiff's claim for benefits under the Policy, and, to the extent the allegations contained in ¶ 44 vary therefrom, Sun Life denies them.

45.    Sun Life avers that the facts pertinent to Plaintiff's claim for benefits are contained in the Administrative Record before Sun Life Assurance at the time it made its final decision to deny Plaintiff's claim for benefits under the Policy, and, to the extent the allegations contained in ¶ 45 vary therefrom, Sun Life denies them.

46.    Sun Life avers that the facts pertinent to Plaintiff's claim for benefits are contained in the Administrative Record before Sun Life Assurance at the time it made its final decision to deny Plaintiff's claim for benefits under the Policy,

and, to the extent the allegations contained in ¶ 46 vary therefrom, Sun Life denies them.

47.     Sun Life avers that the facts pertinent to Plaintiff's claim for benefits are contained in the Administrative Record before Sun Life Assurance at the time it made its final decision to deny Plaintiff's claim for benefits under the Policy, and, to the extent the allegations contained in ¶ 47 vary therefrom, Sun Life denies them.

48.     Sun Life avers that the facts pertinent to Plaintiff's claim for benefits are contained in the Administrative Record before Sun Life Assurance at the time it made its final decision to deny Plaintiff's claim for benefits under the Policy, and, to the extent the allegations contained in ¶ 48 vary therefrom, Sun Life denies them.

49.     Sun Life avers that the facts pertinent to Plaintiff's claim for benefits are contained in the Administrative Record before Sun Life Assurance at the time it made its final decision to deny Plaintiff's claim for benefits under the Policy, and, to the extent the allegations contained in ¶ 49 vary therefrom, Sun Life denies them.

50.     Sun Life avers that the facts pertinent to Plaintiff's claim for benefits are contained in the Administrative Record before Sun Life Assurance at the time it made its final decision to deny Plaintiff's claim for benefits under the Policy,

12

and, to the extent the allegations contained in ¶ 50 vary therefrom, Sun Life denies them.

51.     Sun Life avers that the facts pertinent to Plaintiff's claim for benefits are contained in the Administrative Record before Sun Life Assurance at the time it made its final decision to deny Plaintiff's claim for benefits under the Policy, and, to the extent the allegations contained in ¶ 51 vary therefrom, Sun Life denies them.

52.     Sun Life avers that the facts pertinent to Plaintiff's claim for benefits are contained in the Administrative Record before Sun Life Assurance at the time it made its final decision to deny Plaintiff's claim for benefits under the Policy, and, to the extent the allegations contained in ¶ 52 vary therefrom, Sun Life denies them.

53.     Sun Life avers that the facts pertinent to Plaintiff's claim for benefits are contained in the Administrative Record before Sun Life Assurance at the time it made its final decision to deny Plaintiff's claim for benefits under the Policy, and, to the extent the allegations contained in ¶ 53 vary therefrom, Sun Life denies them.

54.     Sun Life avers that the facts pertinent to Plaintiff's claim for benefits are contained in the Administrative Record before Sun Life Assurance at the time it made its final decision to deny Plaintiff's claim for benefits under the Policy,

and, to the extent the allegations contained in ¶ 54 vary therefrom, Sun Life denies them.

55.     Sun Life avers that the facts pertinent to Plaintiff's claim for benefits are contained in the Administrative Record before Sun Life Assurance at the time it made its final decision to deny Plaintiff's claim for benefits under the Policy, and, to the extent the allegations contained in ¶ 55 vary therefrom, Sun Life denies them.

56.     Sun Life avers that the facts pertinent to Plaintiff's claim for benefits are contained in the Administrative Record before Sun Life Assurance at the time it made its final decision to deny Plaintiff's claim for benefits under the Policy, and, to the extent the allegations contained in ¶ 56 vary therefrom, Sun Life denies them.

57.     Sun Life avers that the facts pertinent to Plaintiff's claim for benefits are contained in the Administrative Record before Sun Life Assurance at the time it made its final decision to deny Plaintiff's claim for benefits under the Policy, and, to the extent the allegations contained in ¶ 57 vary therefrom, Sun Life denies them.

58.     Sun Life avers that the facts pertinent to Plaintiff's claim for benefits are contained in the Administrative Record before Sun Life Assurance at the time it made its final decision to deny Plaintiff's claim for benefits under the Policy,

and, to the extent the allegations contained in ¶ 58 vary therefrom, Sun Life denies them.

59.    Sun Life avers that the facts pertinent to Plaintiff's claim for benefits are contained in the Administrative Record before Sun Life Assurance at the time it made its final decision to deny Plaintiff's claim for benefits under the Policy, and, to the extent the allegations contained in ¶ 59 vary therefrom, Sun Life denies them.

60.    Sun Life avers that the facts pertinent to Plaintiff's claim for benefits are contained in the Administrative Record before Sun Life Assurance at the time it made its final decision to deny Plaintiff's claim for benefits under the Policy, and, to the extent the allegations contained in ¶ 60 vary therefrom, Sun Life denies them.

61.    Sun Life avers that the facts pertinent to Plaintiff's claim for benefits are contained in the Administrative Record before Sun Life Assurance at the time it made its final decision to deny Plaintiff's claim for benefits under the Policy, and, to the extent the allegations contained in ¶ 61 vary therefrom, Sun Life denies them.

62.    Sun Life avers that the facts pertinent to Plaintiff's claim for benefits are contained in the Administrative Record before Sun Life Assurance at the time it made its final decision to deny Plaintiff's claim for benefits under the Policy,

and, to the extent the allegations contained in ¶ 62 vary therefrom, Sun Life denies them.

63.    Sun Life avers that the facts pertinent to Plaintiff's claim for benefits are contained in the Administrative Record before Sun Life Assurance at the time it made its final decision to deny Plaintiff's claim for benefits under the Policy, and, to the extent the allegations contained in ¶ 63 vary therefrom, Sun Life denies them.

64.    Sun Life avers that the facts pertinent to Plaintiff's claim for benefits are contained in the Administrative Record before Sun Life Assurance at the time it made its final decision to deny Plaintiff's claim for benefits under the Policy, and, to the extent the allegations contained in ¶ 64 vary therefrom, Sun Life denies them.

65.    Sun Life avers that the facts pertinent to Plaintiff's claim for benefits are contained in the Administrative Record before Sun Life Assurance at the time it made its final decision to deny Plaintiff's claim for benefits under the Policy, and, to the extent the allegations contained in ¶ 65 vary therefrom, Sun Life denies them.

66.    Sun Life avers that the facts pertinent to Plaintiff's claim for benefits are contained in the Administrative Record before Sun Life Assurance at the time it made its final decision to deny Plaintiff's claim for benefits under the Policy,

and, to the extent the allegations contained in ¶ 66 vary therefrom, Sun Life denies them.

67.    Sun Life avers that the facts pertinent to Plaintiff's claim for benefits are contained in the Administrative Record before Sun Life Assurance at the time it made its final decision to deny Plaintiff's claim for benefits under the Policy, and, to the extent the allegations contained in ¶ 67 vary therefrom, Sun Life denies them.

68.    Sun Life avers that the facts pertinent to Plaintiff's claim for benefits are contained in the Administrative Record before Sun Life Assurance at the time it made its final decision to deny Plaintiff's claim for benefits under the Policy, and, to the extent the allegations contained in ¶ 68 vary therefrom, Sun Life denies them.

69.    Sun Life avers that the facts pertinent to Plaintiff's claim for benefits are contained in the Administrative Record before Sun Life Assurance at the time it made its final decision to deny Plaintiff's claim for benefits under the Policy, and, to the extent the allegations contained in ¶ 69 vary therefrom, Sun Life denies them.

70.    Sun Life avers that the facts pertinent to Plaintiff's claim for benefits are contained in the Administrative Record before Sun Life Assurance at the time it made its final decision to deny Plaintiff's claim for benefits under the Policy,

B KDH 774877 v1
2787711-000014 2/26/2008

and, to the extent the allegations contained in ¶ 70 vary therefrom, Sun Life denies them.

71.    Sun Life avers that the facts pertinent to Plaintiff's claim for benefits are contained in the Administrative Record before Sun Life Assurance at the time it made its final decision to deny Plaintiff's claim for benefits under the Policy, and, to the extent the allegations contained in ¶ 71 vary therefrom, Sun Life denies them.

72.    Sun Life avers that the facts pertinent to Plaintiff's claim for benefits are contained in the Administrative Record before Sun Life Assurance at the time it made its final decision to deny Plaintiff's claim for benefits under the Policy, and, to the extent the allegations contained in ¶ 72 vary therefrom, Sun Life denies them.  Sun Life further specifically denies both that it was the entity legally responsible to respond to certain of the referenced requests for information, and that certain of the documents or information purportedly requested by Plaintiff fall within the category of documentation or information that an entity charged with responding to such requests for information is required to provide.

73.    Sun Life avers that the facts pertinent to Plaintiff's claim for benefits are contained in the Administrative Record before Sun Life Assurance at the time it made its final decision to deny Plaintiff's claim for benefits under the Policy, and, to the extent the allegations contained in ¶ 73 vary therefrom, Sun Life denies

B KDH 774877 v1
2787711-000014 2/26/2008

them.  Sun Life further specifically denies both that it was the entity legally responsible to respond to certain of the requests for information referred to in ¶ 72 of the Complaint, and that certain of the documents or information purportedly requested by Plaintiff fall within the category of documentation or information that an entity charged with responding to such requests for information is required to provide.

74.    Sun Life incorporates by reference its responses to ¶¶ 1-73 of the Complaint.

75.    Sun Life admits the allegations contained in ¶ 75 of the Complaint.

76.    Sun Life avers that the facts pertinent to Plaintiff's claim for benefits are contained in the Administrative Record before Sun Life Assurance at the time it made its final decision to deny Plaintiff's claim for benefits under the Policy, and, to the extent the allegations contained in ¶ 76 vary therefrom, Sun Life denies them.

77.    Sun Life denies the allegations contained in ¶ 77 of the Complaint.

78.    Sun Life denies the allegations contained in ¶ 78 of the Complaint.

79.    Sun Life denies the allegations contained in ¶ 79 of the Complaint.

80.    Sun Life denies the allegations contained in ¶ 80 of the Complaint.

81.    Sun Life denies the allegations contained in ¶ 81 of the Complaint.

82.    Sun Life denies the allegations contained in ¶ 82 of the Complaint.

B KDH 774877 v1
2787711-000014 2/26/2008

83.     Sun Life denies the allegations contained in ¶ 83 of the Complaint.

84.     Sun Life denies the allegations contained in ¶ 84 of the Complaint.

85.     Sun Life denies the allegations contained in ¶ 85 of the Complaint, and specifically denies that it is liable to Plaintiff in any respect.

86.     Sun Life incorporates by reference its responses to ¶¶ 1-85 of the Complaint.

87.     Sun Life avers that the facts pertinent to Plaintiff's claim for benefits are contained in the Administrative Record before Sun Life Assurance at the time it made its final decision to deny Plaintiff's claim for benefits under the Policy, and, to the extent the allegations contained in ¶ 87 vary therefrom, Sun Life denies them.  Sun Life denies that it was, or is, in respect to the Plan, a Plan Administrator of any type.  Sun Life further specifically denies both that it was the entity legally responsible to respond to certain of the referenced requests for information, and that certain of the documents or information purportedly requested by Plaintiff fall within the category of documentation or information that an entity charged with responding to such requests for information is required to provide.

88.     Sun Life avers that the terms of the cited regulation speak for themselves and to the extent that the allegations in ¶ 88 of the Complaint vary therefrom, Sun Life denies them.

B KDH 774877 v1
2787711-000014 2/26/2008

89.    Sun Life avers that the terms of the cited regulation speak for themselves and to the extent that the allegations in ¶ 89 of the Complaint vary therefrom, Sun Life denies them.

90.    Sun Life avers that the facts pertinent to Plaintiff's claim for benefits are contained in the Administrative Record before Sun Life Assurance at the time it made its final decision to deny Plaintiff's claim for benefits under the Policy, and, to the extent the allegations contained in ¶ 90 vary therefrom, Sun Life denies them.  Sun Life denies that it was, or is, in respect to the Plan, a Plan Administrator of any type.  Sun Life further specifically denies both that it was the entity legally responsible to respond to certain of the referenced requests for information, and that certain of the documents or information purportedly requested by Plaintiff fall within the category of documentation or information that an entity charged with responding to such requests for information is required to provide.

91.    Sun Life avers that the facts pertinent to Plaintiff's claim for benefits are contained in the Administrative Record before Sun Life Assurance at the time it made its final decision to deny Plaintiff's claim for benefits under the Policy, and, to the extent the allegations contained in ¶ 91 vary therefrom, Sun Life denies them.  Sun Life denies that it was, or is, in respect to the Plan, a Plan Administrator of any type.  Sun Life further specifically denies both that it was the entity legally responsible to respond to certain of the referenced requests for information, and

B KDH 774877 v1
2787711-000014 2/26/2008

that certain of the documents or information purportedly requested by Plaintiff fall within the category of documentation or information that an entity charged with responding to such requests for information is required to provide.

92.     Sun Life avers that the facts pertinent to Plaintiff's claim for benefits are contained in the Administrative Record before Sun Life Assurance at the time it made its final decision to deny Plaintiff's claim for benefits under the Policy, and, to the extent the allegations contained in ¶ 92 vary therefrom, Sun Life denies them.  Sun Life denies that it was, or is, in respect to the Plan, a Plan Administrator of any type.  Sun Life further specifically denies both that it was the entity legally responsible to respond to certain of the referenced requests for information, and that certain of the documents or information purportedly requested by Plaintiff fall within the category of documentation or information that an entity charged with responding to such requests for information is required to provide.

93.     Sun Life denies that Plaintiff is entitled to any of the relief requested in Plaintiff's unnumbered "Prayer for Relief" paragraph, and any and all subparts thereof, and further denies that it is liable to Plaintiff in any respect.

## **THIRD DEFENSE**

The Complaint contains numerous allegations outside of the Administrative Record before Sun Life Assurance at the time of its final decision to deny benefits.

B KDH 774877 v1
2787711-000014 2/26/2008

Accordingly, Sun Life moves, pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, to strike them as immaterial and impertinent.

## FOURTH DEFENSE

The Policy under which Plaintiff seeks benefits is a plan document of an "employee welfare benefit plan" as defined in 29 U.S.C. § 1002(1), and Plaintiff's sole remedy herein, if any, is a claim for benefits under ERISA pursuant to 29 U.S.C. § 1132(a)(1)(B). This action is governed, therefore, exclusively by the provisions of ERISA, and any and all claims alleged by Plaintiff, or other claims which could or might have been alleged by Plaintiff under state law, are completely preempted by ERISA, 29 U.S.C. §§ 1132 & 1144. To the extent this Court finds that Plaintiff's claims are not preempted by ERISA, Sun Life expressly reserves the right to amend its Answer to assert defenses to Plaintiff's state law claims.

## FIFTH DEFENSE

Sun Life Financial is neither a "fiduciary" nor a "party in interest" with respect to the Plan.

## SIXTH DEFENSE

Sun Life Financial is not a party to the Policy and cannot, therefore, have legal liability thereunder.

B KDH 774877 v1
2787711-000014 2/26/2008

## SEVENTH DEFENSE

Sun Life Financial is neither the Plan, the Plan Administrator, nor the insurer of benefits offered through the Plan, and cannot, therefore, be liable to Plaintiff under either 29 U.S.C. § 1132(a)(1)(B) or 29 U.S.C. § 1132(c).

## EIGHTH DEFENSE

The averments in the Complaint fail to plead a basis for an award of attorney's fees pursuant to 29 U.S.C. § 1132(g).

## NINTH DEFENSE

This Court's role is limited to a review of the Administrative Record before Sun Life Assurance at the time it made its final decision to deny Plaintiff's claim for benefits under the Policy, and a determination of whether Sun Life Assurance acted in an arbitrary and capricious manner by denying that claim.

## TENTH DEFENSE

To the extent Plaintiff has a claim, it is limited solely to the recovery of any benefits found to be actually due and owing under the terms of the Policy.

## ELEVENTH DEFENSE

All actions were taken in good faith. Sun Life Assurance complied with all provisions of the Policy and has not breached the terms of the Policy. Moreover, Sun Life Assurance did not act arbitrarily, capriciously, or contrary to law in denying Plaintiff's claim for benefits under the Policy.

B KDH 774877 v1
2787711-000014 2/26/2008

## TWELFTH DEFENSE

The Policy documents at issue vested Sun Life Assurance with the sole discretion to make eligibility and benefits determinations under the Policy, and thus Sun Life Assurance's decision with regard to Plaintiff's claim for benefits must be reviewed under the deferential arbitrary and capricious standard of review.

## THIRTEENTH DEFENSE

If the Court should determine that Plaintiff is entitled to additional benefits under the Policy, Sun Life Assurance is entitled to offset any payments to Plaintiff against amounts and benefits Plaintiff receives as other forms of income, including, but not limited to, any amounts or benefits received under Social Security, Workers' Compensation, other group insurance and state benefits, and other similar types of plans or programs.

## FOURTEENTH DEFENSE

Sun Life specifically reserves its rights under Rules 13, 14, and 15 of the Federal Rules of Civil Procedure.  In addition, Sun Life reserves its rights to amend this Answer, to the extent necessary, and to file any counterclaim or crossclaim as facts are investigated and developed.

## FIFTEENTH DEFENSE

Plaintiff failed to satisfy all conditions necessary for recovery of benefits under the Policy or for maintenance of this civil action.

B KDH 774877 v1
2787711-000014 2/26/2008

## SIXTEENTH DEFENSE

Sun Life denies that it is a Plan Administrator of any type and further denies that it has any obligation pursuant to 29 U.S.C. § 1132(c) to produce documents referenced in that statute.

## SEVENTEENTH DEFENSE

Sun Life Assurance had no obligation to produce some or all of the information and documentation requested by Plaintiff from Sun Life Assurance.

WHEREFORE, Defendants, Sun Life Financial, Inc., and Sun Life Assurance Company of Canada, request that this Court enter judgment dismissing Plaintiff's Complaint with prejudice, and that it be awarded its costs, its reasonable attorney's fees incurred in the defense of this action pursuant to 29 U.S.C. § 1132(g), and all other appropriate relief.

Submitted this the 26th day of February, 2008.


/s/ David B. Hall
David B. Hall
Julie C. Metheny

OF COUNSEL:
BAKER, DONELSON, BEARMAN,
  CALDWELL & BERKOWITZ, P.C.
420 North 20th St., Ste. 1600
Birmingham, AL  35203
(205)328-0480 Telephone
(205)322-8007 Facsimile

B KDH 774877 v1
2787711-000014 2/26/2008

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 26, 2008, the foregoing has been electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing, to the following counsel of record:

Thomas O. Sinclair
Jennifer Champ Wallis
CAMPBELL, GIDIERE, LEE,
  SINCLAIR & WILLIAMS
2100-A Southbridge Pkwy., Ste. 450
Birmingham, AL  35209

                              /s/  David B. Hall           
                              OF COUNSEL

B KDH 774877 v1
2787711-000014 2/26/2008