# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

HERBERT JACK GOLDEN,     )
                           )
         Plaintiff,      )
                           )
v.                        )     Civil Action File No.:
                           )     2:08-CV-70-WKW
SUN LIFE FINANCIAL, INC.,   )
SUN LIFE ASSURANCE       )
COMPANY OF CANADA,      )
PEER REVIEW ANALYSIS, INC., )
MCMC, LLC, THE SEYDEL    )
COMPANIES EMPLOYEE     )
BENEFIT PLAN,            )
                           )
        Defendants.    )
_____)

## DEFENDANT THE SEYDEL
## COMPANIES EMPLOYEE BENEFIT PLAN'S
### ANSWER AND AFFIRMATIVE DEFENSES TO THE COMPLAINT

COMES NOW Defendant The Seydel Companies Employee Benefit Plan (hereinafter "Seydel" or "Defendant" or "the Plan") and pursuant to Fed. R. Civ. P. 8(b) and (c) and 12, submits its Answer and Affirmative Defenses in response to the Complaint.

### AFFIRMATIVE DEFENSES

Seydel submits the following Affirmative Defenses to the allegations asserted against it in the Complaint:

### First Affirmative Defense

Plaintiff fails to state a claim against Seydel upon which relief may be granted.

### Second Affirmative Defense

Defendant has fulfilled its obligations to Plaintiff and Plaintiff's claims, if any, lie against one or more of the co-defendants.

### Third Affirmative Defense

Plaintiff is not entitled to disability benefits under the terms and conditions of the Plan.

### Fourth Affirmative Defense

To the extent Plaintiff might be entitled to Plan benefits, which Defendant denies, any such benefits are subject to setoffs as defined under the terms of the Plan.

### Fifth Affirmative Defense

To the extent Plaintiff relies on matters outside the administrative record, Plaintiff has not exhausted the administrative remedies.

<u>Sixth Affirmative Defense</u>

Under the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 *et seq.*, as amended, Plaintiff is not entitled to seek compensatory, punitive, or extra-contractual damages.

<u>Seventh Affirmative Defense</u>

Plaintiff's claim is barred because the claim determination was not arbitrary, capricious, unreasonable, or made in bad faith.

<u>Eighth Affirmative Defense</u>

Plaintiff's claim is barred as a result of her failure to comply with the conditions precedent of the Plan.

<u>Ninth Affirmative Defense</u>

To the extent Plaintiff's claim is filed outside of the statute of limitations or outside of the limits established by the Plan, such claim is barred.

<u>ANSWER</u>

Seydel responds to the specific allegations set forth in the Complaint as follows:

1.

Paragraph 1 of the Complaint is an introduction that contains allegations as to which no responsive pleading is required. To the extent

that a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's averments set forth in Paragraph 1 of the Complaint regarding the intended nature of this litigation or regarding the relief Plaintiff seeks; therefore, Defendant denies said allegations.    Additionally, Defendant Seydel is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's averments set forth in the Complaint that involve defendants other than Defendant Seydel; therefore, Defendant denies said allegations.    Defendant Seydel contracted with Co-Defendants Sun Life Financial and Sun Life Assurance Company of Canada for the provision of disability insurance coverage to its employees.    Plaintiff does not differentiate between the acts of Defendant Seydel and the acts of any other co-defendant in his Complaint.    Defendant denies each and every remaining allegation of Paragraph 1 of the Complaint.

2.

Defendant admits Paragraph 2 of the Complaint and submits to the jurisdiction of this Court.

3.

Defendant admits that venue is appropriate before this Court. Defendant denies each and every remaining allegation set forth in Paragraph 3 of the Complaint.

4.

Defendant admits it does business in the State of Alabama and accepts venue sited in this Court. Defendant denies each and every remaining allegation set forth in Paragraph 4 of the Complaint.

5.

Defendant admits Plaintiff's allegations set forth in Paragraph 5 of the Complaint.

6.

Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations set forth in Paragraph 6 of the Complaint, and therefore denies said allegations.

7.

Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations set forth in Paragraph 7 of the Complaint, and therefore denies said allegations.

8.

Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations set forth in Paragraph 8 of the Complaint, and therefore denies said allegations.

9.

Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations set forth in Paragraph 9 of the Complaint, and therefore denies said allegations.

10.

Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations set forth in Paragraph 10 of the Complaint, and therefore denies said allegations.

11.

Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations set forth in Paragraph 11 of the Complaint, and therefore denies said allegations.

12.

Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations set forth in Paragraph 12 of the Complaint, and therefore denies said allegations.

13.

Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations set forth in Paragraph 13 of the Complaint, and therefore denies said allegations.

14.

Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations set forth in Paragraph 14 of the Complaint, and therefore denies said allegations.

15.

Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations set forth in Paragraph 15 of the Complaint, and therefore denies said allegations.

16.

Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations set forth in Paragraph 16 of the Complaint, and therefore denies said allegations.

17.

Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations set forth in Paragraph 17 of the Complaint, and therefore denies said allegations.

18.

Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations set forth in Paragraph 18 of the Complaint, and therefore denies said allegations.

19.

Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations set forth in Paragraph 19 of the Complaint, and therefore denies said allegations.

20.

Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations set forth in Paragraph 20 of the Complaint, and therefore denies said allegations.

21.

Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations set forth in Paragraph 21 of the Complaint, and therefore denies said allegations.

22.

Defendant admits Plaintiff's allegations as set forth in Paragraph 22 of the Complaint.

23.

Defendant admits Plaintiff's allegations as set forth in Paragraph 23 of the Complaint.

24.

Defendant denies Plaintiff was employed by Seydel International. Plaintiff was employed by The Seydel Companies, Inc. and functioned as the President and Chief Operating Officer of a division of The Seydel Companies, Inc., which was named Seydel International. Defendant admits the remaining allegations set forth in Paragraph 24 of the Complaint.

25.

Defendant admits Plaintiff's allegations as set forth in Paragraph 25 of the Complaint.

26.

Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations set forth in Paragraph 26 of the Complaint, and therefore denies said allegations.

27.

Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations set forth in Paragraph 27 of the Complaint, and therefore denies said allegations.

28.

Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations set forth in Paragraph 28 of the Complaint, and therefore denies said allegations.

29.

Defendant admits Plaintiff filed a claim for Long Term Disability Benefits under the Plan on or about September 24, 2001 and that Plaintiff listed his disability date as August 20, 2001. Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's remaining allegations set forth in Paragraph 29 of the Complaint, and therefore denies said allegations.

30.

Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations set forth in Paragraph 30 of the Complaint, and therefore denies said allegations.

31.

Defendant states the document comprising the policy speaks for itself and is subject to interpretation. Defendant admits that the language set forth in Paragraph 31 of the Complaint appears to be a true and correct representation of selected language set forth in the Plan.

32.

Defendant states the document comprising the policy speaks for itself and is subject to interpretation. Defendant admits the language set forth in Paragraph 32 of the Complaint appears to be a true and correct representation of selected language set forth in the Plan.

33.

Defendant admits Plaintiff's allegations set forth in Paragraph 33 of the Complaint.

34.

Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations set forth in Paragraph 34 of the Complaint, and therefore denies said allegations.

35.

Defendant states Plaintiff resigned his employment with Defendant effective December 30, 2001. Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations set forth in Paragraph 35 of the Complaint, and therefore denies said allegations.

36.

Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations set forth in Paragraph 36 of the Complaint, and therefore denies said allegations.

37.

Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations set forth in Paragraph 37 of the Complaint, and therefore denies said allegations.

38.

Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations set forth in Paragraph 38 of the Complaint, and therefore denies said allegations.

39.

Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations set forth in Paragraph 39 of the Complaint, and therefore denies said allegations.

40.

Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations set forth in Paragraph 40 of the Complaint, and therefore denies said allegations.

41.

Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations set forth in Paragraph 41 of the Complaint, and therefore denies said allegations.

42.

Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations set forth in Paragraph 42 of the Complaint, and therefore denies said allegations.

43.

Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations set forth in Paragraph 43 of the Complaint, and therefore denies said allegations.

44.

Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations set forth in Paragraph 44 of the Complaint, and therefore denies said allegations.

45.

Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations set forth in Paragraph 45 of the Complaint, and therefore denies said allegations.

46.

Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations set forth in Paragraph 46 of the Complaint, and therefore denies said allegations.

47.

Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations set forth in Paragraph 47 of the Complaint, and therefore denies said allegations.

48.

Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations set forth in Paragraph 48 of the Complaint, and therefore denies said allegations.

49.

Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations set forth in Paragraph 49 of the Complaint, and therefore denies said allegations.

50.

Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations set forth in Paragraph 50 of the Complaint, and therefore denies said allegations.

51.

Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations set forth in Paragraph 51 of the Complaint, and therefore denies said allegations.

52.

Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations set forth in Paragraph 52 of the Complaint, and therefore denies said allegations.

53.

Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations set forth in Paragraph 53 of the Complaint, and therefore denies said allegations.

54.

Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations set forth in Paragraph 54 of the Complaint, and therefore denies said allegations.

55.

Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations set forth in Paragraph 55 of the Complaint, and therefore denies said allegations.

56.

Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations set forth in Paragraph 56 of the Complaint, and therefore denies said allegations.

57.

Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations set forth in Paragraph 57 of the Complaint, and therefore denies said allegations.

58.

Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations set forth in Paragraph 58 of the Complaint, and therefore denies said allegations.

59.

Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations set forth in Paragraph 59 of the Complaint, and therefore denies said allegations.

60.

Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations set forth in Paragraph 60 of the Complaint, and therefore denies said allegations.

61.

Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations set forth in Paragraph 61 of the Complaint, and therefore denies said allegations.

62.

Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations set forth in Paragraph 62 of the Complaint, and therefore denies said allegations.

63.

Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations set forth in Paragraph 63 of the Complaint, and therefore denies said allegations.

64.

Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations set forth in Paragraph 64 of the Complaint, and therefore denies said allegations.

65.

Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations set forth in Paragraph 65 of the Complaint, and therefore denies said allegations.

66.

Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations set forth in Paragraph 66 of the Complaint, and therefore denies said allegations.

67.

Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations set forth in Paragraph 67 of the Complaint, and therefore denies said allegations.

68.

Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations set forth in Paragraph 68 of the Complaint, and therefore denies said allegations.

69.

Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations set forth in Paragraph 69 of the Complaint, and therefore denies said allegations.

70.

Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations set forth in Paragraph 70 of the Complaint, and therefore denies said allegations.

71.

Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations set forth in Paragraph 71 of the Complaint, and therefore denies said allegations.

72.

Defendant denies it received a request for documents from Plaintiff. Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations set forth in Paragraph 72 of the Complaint that may relate to any other defendant, and therefore denies said allegations.

73.

Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations set forth in Paragraph 73 of the Complaint, and therefore denies said allegations.

74.

Defendant adopts and incorporates its responses to Paragraphs 1 through 73 of the Complaint.

75.

The allegations set forth in Paragraph 75 of the Complaint state legal conclusions of law to which no responsive pleading is required.

Should a response be deemed required, Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations set forth in Paragraph 75 of the Complaint, and therefore denies said allegations.

76.

The allegations set forth in Paragraph 76 of the Complaint state legal conclusions of law to which no responsive pleading is required. Should a response be deemed required, Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations set forth in Paragraph 76 of the Complaint, and therefore denies said allegations.

77.

The allegations set forth in Paragraph 77 of the Complaint state legal conclusions of law to which no responsive pleading is required. Should a response be deemed required, Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations set forth in Paragraph 77 of the Complaint, and therefore denies said allegations.

78.

The allegations set forth in Paragraph 78 of the Complaint state legal conclusions of law to which no responsive pleading is required. Should a response be deemed required, Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations set forth in Paragraph 78 of the Complaint, and therefore denies said allegations.

79.

Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations set forth in Paragraph 79 of the Complaint, and therefore denies said allegations.

80.

Defendant admits Plaintiff was denied benefits under the Plan. Defendant denies it played any role in the denial of those benefits. Defendant generally denies the remaining allegations set forth in Paragraph 80 of the Complaint.

81.

The allegations set forth in Paragraph 81 of the Complaint state legal conclusions of law to which no responsive pleading is required. Should a response be deemed required, Defendant is without knowledge or

information sufficient to form a belief as to the truth of Plaintiff's allegations set forth in Paragraph 81 of the Complaint, and therefore denies said allegations.

82.

The allegations set forth in Paragraph 82 of the Complaint state legal conclusions of law to which no responsive pleading is required. Should a response be deemed required, Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations set forth in Paragraph 82 of the Complaint, and therefore denies said allegations.

83.

The allegations set forth in Paragraph 83 of the Complaint state legal conclusions of law to which no responsive pleading is required. Should a response be deemed required, Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations set forth in Paragraph 83 of the Complaint, and therefore denies said allegations.

84.

Defendant denies Plaintiff's allegations set forth in Paragraph 84 of the Complaint.

85.

Defendant denies Plaintiff's allegations set forth in Paragraph 85 of the Complaint.

86.

Defendant adopts and incorporates its responses to Paragraphs 1 through 85 of the Complaint.

87.

Defendant denies it received a request from Plaintiff requesting all relevant documents as well as any documents which form the basis of the Defendants' denial of benefits to the Plaintiff.  Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's remaining allegations set forth in Paragraph 87 of the Complaint, and therefore denies said allegations.

88.

Defendant states that Code Section 29 C.F.R. 2560.503-1(h)(2)(iii) speaks for itself and is subject to interpretation.  Defendant admits that Paragraph 88 of the Complaint appears to contain a true and correct recitation of a selected passage of the Code.

89.

Defendant states that Code Section 29 C.F.R. 2560.503-1(m)(8)(iii) speaks for itself and is subject to interpretation. Defendant admits that Paragraph 89 of the Complaint appears to contain a true and correct recitation of a selected passage of the Code.

90.

Defendant denies it failed to produce documents as required under the Code. Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's remaining allegations set forth in Paragraph 90 of the Complaint, and therefore denies said allegations.

91.

The allegations set forth in Paragraph 91 of the Complaint state legal conclusions of law to which no responsive pleading is required. Should a response be deemed required, Defendant denies it failed to satisfy any obligation owed to Plaintiff.

92.

Defendant denies Plaintiff's allegations set forth in Paragraph 92 of the Complaint.

For answer to Plaintiff's Prayer for Relief, Defendant denies that Plaintiff is entitled to any judgment or award, damages, or benefits whatsoever as alleged in his Complaint and further denies that Plaintiff is entitled to any interest, attorney's fees, costs, expenses, or other relief.

Respectfully submitted this 12th day of March 2008.

<div style="margin-left: 40%;">

s/Charles A. Stewart III
_____
Charles A. Stewart III (STE067)
Bradley Arant Rose & White LLP
The Alabama Center for Commerce
401 Adams Avenue, Suite 780
Montgomery, AL 36104
Telephone: (334) 956-7700
Facsimile: (334) 956-7701
cstewart@bradleyarant.com

s/Amelia T. Driscoll
_____
Amelia T. Driscoll (DRI016)
Bradley Arant Rose & White LLP
1819 Fifth Avenue North
Birmingham, AL 35203-2104
Telephone: (205) 521-8000
Facsimile: (205) 521-8800
adriscoll@bradleyarant.com

Attorneys for Defendant, The Seydel Companies Employee Benefit Plan

</div>

## CERTIFICATE OF SERVICE

I hereby certify that on March 12, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Thomas O. Sinclair
Jenifer Champ Wallis
Campbell, Gidiere, Lee, Sinclair & Williams
2100-A SouthBridge Parkway, Suite 450
Birmingham, AL  35209

David B. Hall
Julie C. Metheny
Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C.
420 North 20th Street, Suite 1600
Birmingham, AL  35203

Christopher Morris
Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C.
One American Place
301 N. Main Street, Suite 810
Baton Rouge, LA  70825

and I hereby certify that I have mailed by U. S. Postal Service the document to the following non-CM/ECF participants:

MCMC, LLC
32 W. Loockerman Street, Suite 201
Dover, DE  19904

Peer Review Analysis, Inc.
The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE  19801

/s/ Amelia T. Driscoll