THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| HERBERT JACK GOLDEN, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SUN LIFE FINANCIAL, INC.; ) <br> SUN LIFE ASSURANCE ) <br> COMPANY OF CANADA; PEER ) <br> REVIEW ANALYSIS, INC.; ) <br> MCMC, LLC; and THE SEYDEL ) <br> COMPANIES EMPLOYEE ) <br> BENEFIT PLAN, ) <br> ) <br> Defendants. ) | CV No. 2:08-CV-70-WKW |

## MOTION OF DEFENDANT MCMC LLC FOR SUMMARY JUDGMENT

Pursuant to Fed. R. Civ. P. 56, MCMC LLC ("MCMC") moves for summary judgment on the grounds that the pleadings and the affidavit on file show that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law.

In support of this motion, MCMC has submitted the Affidavit of Sean Reardon and a memorandum of law.

WHEREFORE, MCMC requests that Court enter summary judgment on its behalf.

Respectfully submitted this 25th day of March 2008.

/s/ Steven F. Casey
Steven F. Casey
Balch & Bingham LLP
1901 Sixth Avenue North, Ste. 2700
Birmingham, AL 35203-2015
Telephone: (205) 226-3454
Facsimile: (205) 488-5848
scasey@balch.com

## CERTIFICATE OF SERVICE

I hereby certify that on March 25, 2008, I electronically filed the foregoing with the clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Thomas O. Sinclair
Jenifer Champ Wallis
Campbell, Gidiere, Lee, Sinclair & Williams
2100-A SouthBridge Parkway, Suite 450
Birmingham, AL 35209

David B. Hall
Julie C. Metheny
Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C.
420 North 20th Street, Suite 1600
Birmingham, AL 35203

Christopher Morris
Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C.
One American Place
301 N. Main Street, Suite 810
Baton Rouge, LA 70825

Charles A. Stewart III
Bradley Arant Rose & White LLP
The Alabama Center for Commerce
401 Adams Avenue, Suite 780
Montgomery, AL 36104

Amelia T. Driscoll
Bradley Arant Rose & White LLP
1819 Fifth Avenue North
Birmingham, AL 35203

/s/ Steven F. Casey
Steven F. Casey

THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| HERBERT JACK GOLDEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV No. 2:08-CV-70-WKW |
| | ) |
| SUN LIFE FINANCIAL, INC.; | ) |
| SUN LIFE ASSURANCE | ) |
| COMPANY OF CANADA; PEER | ) |
| REVIEW ANALYSIS, INC.; | ) |
| MCMC, LLC; and THE SEYDEL | ) |
| COMPANIES EMPLOYEE | ) |
| BENEFIT PLAN, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OF DEFENDANT MCMC LLC IN SUPPORT
OF MOTION FOR SUMMARY JUDGMENT**

Defendant MCMC LLC ("MCMC") submits this memorandum in support of its motion for summary judgment.

**INTRODUCTION**

This is an action for recovery of benefits brought under § 502(a)(1(B) of the Employee Retirement and Income Security Act ("ERISA"), 29 U.S.C. § 1132(a)(1)(B). (See Complaint ("Comp."), ¶ 1). The plaintiff, Herbert Jack Golden ("Golden"), alleges that he is a former employee of Seydel International, that he was a participant in the Seydel Companies Employee Benefit Plan ("Seydel Plan") and that his long-term ("LTD") disability benefits were wrongfully terminated by the corporate defendants, all of whom he claims are fiduciaries of the Seydel Plan. Golden has also asserted a claim under 29 U.S.C. § 1132(c) against the "Plan Administrator and/or the de facto Plan Administrator" for failure to provide "all relevant documents as well as any documents

which form the basis of Defendants' denial [sic] of benefits . . . ." (Comp., ¶ 87).

Golden has named MCMC as one of the corporate defendants that he claims are fiduciaries of the Seydel Plan.[1] Golden, however, does not allege even one fact that would support a conclusion that MCMC is the plan administrator for that Plan. Hence, there is no allegation that MCMC exercised any discretionary control or authority over the Seydel Plan or even any specific allegation that MCMC somehow violated ERISA. Instead, the complaint rarely makes any distinctions as to which defendant allegedly did what.

Nonetheless, it is undisputed that Sun Life Assurance Company of Canada ("Sun Life Assurance") issued the disability policy in question and made the "final decision" to terminate Golden's LTD benefits. (See Answer of Defendants Sun Life Financial, Inc. and Sun Life Assurance Company of Canada, ¶ 23). It is also undisputed that Golden received a copy of his claim file from the Sun Life defendants. (Comp., ¶ 73).

Hence, Golden's claims against MCMC are baseless from the face of the Complaint and when combined with the Answer of the Sun Life defendants, it should be obvious that Golden has no basis for a claim against MCMC. In any event, the incontestable evidence provided by MCMC shows that MCMC is not the plan administrator for the Seydel Plan and is not a proper defendant in this action.

## FACTS

Golden alleges that he is a former employee of Seydel International and a participant

---

[1] Golden has also named Peer Review Analysis, Inc. as a defendant-fiduciary and alleges that it is a Delaware company with a principal place of business in Delaware. (Comp., ¶ 18). MCMC operates a division known as Peer Review ("PR") and presumably that is who Golden is referring to, but PR is not a corporation and is not a proper defendant for that reason alone. (See Affidavit of Sean Reardon, ¶ 2).

2

in the Seydel Plan. (Comp., ¶¶ 23-24). After undergoing heart surgery in 2001, Golden filed a claim for LTD benefits. (Comp., ¶¶ 26-29). In 2003, Golden was approved for LTD benefits. (Comp., ¶ 45). In February 2007, Golden was notified that his benefits had been terminated. (Comp., ¶ 63). Golden alleges that he appealed that decision, but that appeal was denied. (Comp., ¶¶ 64-68). Golden maintains that his appeal was not afforded a full and fair review and that his LTD benefits wrongfully terminated. (Comp., ¶¶ 79-84).

Golden further alleges that in letters dated September 28, 2007, his attorney requested copies of "relevant" documents as that term is defined by 29 C.F.R. § 2560.503-1. (Comp., ¶ 72). According to Golden, the Sun Life defendants mailed what they claimed was Golden's "entire claim file" to his attorney on December 18, 2007. (Comp., ¶¶ 72-73).

MCMC's Peer Review ("PR") division provides independent medical reviews to Sun Life Assurance pursuant to a Services Agreement between Sun Life Assurance and CORE, INC. ("CORE") dated February 19, 2002. MCMC assumed that Agreement when it acquired PR from CORE on October 10, 2002. (Affidavit of Sean Reardon ("Reardon Affid."), ¶ 2). MCMC's physician reviewers perform reviews of disability claims for Sun Life Assurance, but those reviews are only recommendations and MCMC has no responsibility for any benefit or medical care decisions made by Sun Life Assurance. (Reardon Affid., ¶ 3). MCMC has no knowledge of and no relationship with the Seydel Plan, does not make any disability benefits or medical care decisions with respect to that Plan and does not provide any claims processing or other ministerial services to that Plan. (*Id.*). MCMC provided physician reviews to Sun Life Assurance in connection with Golden's claim for LTD benefits, but MCMC never communicated with Golden or his attorneys about that claim. (*Id.*)

## SUMMARY JUDGMENT STANDARD

Summary judgment is proper "if the pleadings. . . . and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The court must view all evidence and all factual inferences reasonably drawn from the evidence in the light most favorable to the non-moving party. *Stewart v. Happy Herman's Cheshire Bridge, Inc.*, 117 F.3d 1278, 1285 (11th Cir. 1997).

Once a party properly makes a summary judgment motion by demonstrating the absence of a genuine issue of material fact, the non-moving party must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). The non-moving party's evidence must be significantly probative to support its claims. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986).

## ARGUMENT

I.   **MCMC Is Not A Proper Defendant Because It Not The Plan Administrator For The Seydel Plan And Is Not An ERISA Fiduciary**

Golden claims that his LTD benefits were wrongfully terminated by the plan administrator for the Seydel Plan. An action for recovery of disability benefits under ERISA requires the Court to review the decision of the plan administrator, who is a fiduciary as that term is defined by ERISA, to deny or terminate such benefits. A non-fiduciary is not a proper party in such an action.

MCMC is not the plan administrator for the Seydel Plan because it has no role whatsoever with respect to the administration of that Plan. MCMC only provided services

4

to Sun Life Assurance and it is undisputed that Sun Life Assurance made the final decision to terminate Golden's LTD benefits. Hence, Golden's claims against MCMC are baseless and MCMC is entitled to summary judgment on both of Golden's claims.

### A. MCMC Does Not Decide Who is Eligible for Benefits Under the Seydel Plan

"A 'person is a fiduciary with respect to a plan,' and therefore subject to ERISA fiduciary duties, 'to the extent' that he or she 'exercises any discretionary authority or discretionary control respecting management' of the plan, or 'has any discretionary authority or discretionary responsibility in the administration' of the plan." *Varity Corporation v. Howe,* 516 U.S. 489, 498 (1996) (quoting ERISA § 3(21)(A)). *See also Mertens v. Hewitt Assocs.,* 508 U.S. 248, 262 (1993) (the measure of whether a person is a fiduciary is not whether that person is formally designated as such, but is viewed "in functional terms of control and authority over the plan"). MCMC is not a fiduciary because it does not determine eligibility for disability benefits under the Seydel Plan or exercise any form of control or authority over that Plan.

The Eleventh Circuit, like every other Circuit, has held that if a defendant is not a fiduciary of the ERISA plan in question, a defendant cannot be held liable under ERISA for a benefits determination and is not a proper party in such an action. *See Garren v. John Hancock Mutual Life Insurance Co.,* 114 F.3d 186, 187 (11th Cir. 1997) (per curiam) ("[t]he proper party defendant in an action concerning ERISA benefits is the party that controls administration of the plan"). A plan administrator must have authority to determine eligibility for benefits and performing ministerial tasks does not make one an ERISA fiduciary. *Baker v. Big Star Div. of the Grand Union Co.,* 893 F.2d 288, 291

5

(11th Cir. 1990) ("a plan administrator who merely performs claims processing, investigatory, and record keeping duties is not a fiduciary especially if . . . the claims processor has not been granted the authority to review benefits denials and make the ultimate decisions regarding eligibility").

In *Naslund v. Liberty Life Ass. Co. of Boston*, 2006 WL 1281664 (M.D.Fla. 2006), the court relied on *Baker* in ruling that the defendant was not a fiduciary where it only served as the claims administrator for an ERISA plan. *Id.* at *3. As the claims administrator, the defendant was responsible for gathering claim information and making recommendations regarding benefit determinations, but did not have the authority to review benefit denials or make ultimate decisions regarding eligibility. *Id.* The defendant also did not insure the plan or issue any benefits under the Plan from its own funds. *Id.* The court held that the undisputed evidence showed that the defendant "was not an ERISA fiduciary" and therefore was "not subject to suit for its part in denying" the plaintiff's claim for benefits. *Id. See also Oliver v. Coca-Cola Co.*, 497 F.3d 1181, 1194-95 (11th Cir. 2007) (third-party claims administrator that was not authorized to make final decision on ERISA benefits claims was not the plan administrator and was not proper defendant in action brought by plan participant challenging denial of application for LTD benefits), *vacated in part on other grounds*, 506 F.3d 1316 (11th Cir. 2007); *Skilstaf, Inc. v. Adminitron, Inc.*, 66 F.Supp.2d 1210, 1215 (M.D.Ala. 1999) (third-party administrator of employer's benefits plan was not "ERISA fiduciary" because employer, not administrator, retained authority to make ultimate decisions regarding benefit eligibility, and administrator's role was to provide standard claim processing, claim payment and certain ministerial administrative services, which duties were ministerial

and not discretionary). Thus, Golden's claim that MCMC wrongfully terminated his LTD benefits is misdirected.

### B. MCMC is Not the De Facto Plan Administrator of the Seydel Plan

MCMC is also entitled to summary judgment on Golden's second cause of action because that claim is directed at the "Plan Administrator or the *de facto* Plan Administrator." (Comp., ¶ 87). As explained above, MCMC is not the plan administrator for the Seydel Plan. In addition, Golden's claim against MCMC as the *de facto* Plan Administrator is misbegotten given the undisputed facts and that the Eleventh Circuit has made it crystal clear that only the plaintiff's employer can be sued as a *de facto* plan administrator. *See Oliver v. Coca-Cola*, 497 F.3d at 1194 ("Indeed, where a plaintiff has sought to hold a third-party administrative services provider liable, rather than the employer, we have rejected the *de facto* plan administrator doctrine").

### CONCLUSION

For the foregoing reasons, the Court should grant MCMC's motion for summary judgment.

Respectfully submitted this 25th day of March 2008.

/s/ Steven F. Casey
Steven F. Casey
Balch & Bingham LLP
1901 Sixth Avenue North, Ste. 2700
Birmingham, AL 35203-2015
Telephone: (205) 226-3454
Facsimile: (205) 488-5848
scasey@balch.com
Counsel for MCMC, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on March 25, 2008, I electronically filed the foregoing with the clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Thomas O. Sinclair
Jenifer Champ Wallis
Campbell, Gidiere, Lee, Sinclair & Williams
2100-A SouthBridge Parkway, Suite 450
Birmingham, AL 35209

David B. Hall
Julie C. Metheny
Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C.
420 North 20th Street, Suite 1600
Birmingham, AL 35203

Christopher Morris
Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C.
One American Place
301 N. Main Street, Suite 810
Baton Rouge, LA 70825

Charles A. Stewart III
Bradley Arant Rose & White LLP
The Alabama Center for Commerce
401 Adams Avenue, Suite 780
Montgomery, AL 36104

Amelia T. Driscoll
Bradley Arant Rose & White LLP
1819 Fifth Avenue North
Birmingham, AL 35203

/s/ Steven F. Casey
Steven F. Casey

THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| HERBERT JACK GOLDEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 2:08-CV-70-WKW |
| ) | |
| SUN LIFE FINANCIAL, INC.; ) | |
| SUN LIFE ASSURANCE ) | |
| COMPANY OF CANADA; PEER ) | |
| REVIEW ANALYSIS, INC.; ) | |
| MCMC, LLC; and THE SEYDEL ) | |
| COMPANIES EMPLOYEE ) | |
| BENEFIT PLAN, ) | |
| ) | |
| Defendants. ) | |

## **DECLARATION OF SEAN REARDON**

I, Sean Reardon, am over twenty-one years of age and make this declaration based both on my own personal knowledge and a review of business records kept by MCMC LLC in the ordinary course of business.

1.   I am employed by MCMC LLC ("MCMC") in its Peer Review ("PR") division as a Manager, Group Health Services. The offices of MCMC's PR division are located at 88 Black Falcon Avenue, Boston, Massachusetts. MCMC is a national provider of independent medical reviews, examinations and related services.

2.   MCMC's PR division provides independent medical reviews to Sun Life Assurance Company of Canada ("Sun Life Assurance") pursuant to a Services Agreement between Sun Life Assurance and CORE, INC. ("CORE") dated February 19, 2002. MCMC assumed that agreement when it acquired PR from CORE on October 10, 2002.

2

3. MCMC's physician reviewers perform reviews of disability claims for Sun Life Assurance, but those reviews are only recommendations and MCMC has no responsibility for any benefit or medical care decisions made by Sun Life Assurance. MCMC has no knowledge of and no relationship with the Seydel Companies Employee Benefit Plan. MCMC does not make any disability benefits or medical care decisions with respect to that Plan and does not provide any claims processing or other ministerial services to that Plan. I have reviewed MCMC's file with respect to the services it performed for Sun Life Assurance in connection with a claim for long-term disability benefits made by Herbert J. Golden and that file shows that MCMC never communicated with Mr. Golden or his attorneys about that claim.

I state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 24th day of March 2008.

/s/ Sean Reardon
Sean Reardon