## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | |
|---|---|
| HERBERT JACK GOLDEN; | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.: 2:08-cv-70-WKW |
| | ) |
| SUN LIFE FINANCIAL, INC.; | ) |
| SUN LIFE ASSURANCE COMPANY OF | ) |
| CANADA; | ) |
| PEER REVIEW ANALYSIS, Inc.; and | ) |
| MCMC, LLC | ) |
| | ) |
|     Defendants. | ) |

## <u>REPORT OF PARTIES PLANNING MEETING</u>

1.      Pursuant to Fed. R. Civ. P. 26(f), a meeting was held on **Friday, March 28, 2008** and was attended by Jenifer Wallis and Thomas O. Sinclair on behalf of Plaintiff Jack Golden ("Plaintiff")[1], David B. Hall, Julie C. Metheny and Christopher Morris on behalf of Defendants Sun Life Financial, Inc. ("Sun Life Financial") and Sun Life Assurance Company of Canada ("Sun Life Assurance") and Amelia T. Driscoll on behalf of The Seydel Companies Employee Benefit Plan (the "Plan") and Steven F. Casey on behalf of MCMC, LLC ("MCMC").

2.      **Pre-Discovery Disclosures**.

---

[1] It is the Plaintiff's position that it is for the Court to decide the applicable standard of review and what constitutes the "ERISA Record". Plaintiff also asserts that if the Defendants want to limit discovery they have the affirmative burden of seeking a protective order.

BY PLAINTIFF:

The parties should exchange the information required by Fed.R.Civ.P. Rule 26(a) on or before **April 18, 2008**.

BY DEFENDANTS:

It is the position of defendants, Sun Life Financial and Sun Life Assurance (collectively, "Sun Life"), and also MCMC[2], that this litigation represents "an action for review on an administrative record" pursuant to Fed. R. Civ. P. 26(a)(1)(B)(i) and, thus, that this litigation is exempt from initial disclosures. Nonetheless, on or before April 18, 2008, Sun Life will serve Plaintiff with a copy of what it contends is the administrative record and insurance policy to be considered by the Court. MCMC, not being aware of what the contents are of the Sun Life administrative record, expects that it has no documents that should be produced pursuant to Fed. R. Civ. P. 26(a).[3]

---

[2] MCMC, LLC takes the position that an additional entity listed in plaintiff's complaint as a defendant, Peer Review Analysis, is merely a division of MCMC, LLC.

[3] The Plan was dismissed from this action without prejudice on April 4, 2008. Order (Doc. 21). Accordingly, the Plan has not included its positions vis-à-vis the "Pre-Discovery Disclosures," "Electronically Stored Information," "General Claims/Defenses," "Discovery Plan," or "Other Items" sections of this report. Should Plaintiff decide to re-add the Plan as a defendant in this litigation, the Plan hereby reserves its right to assert its positions vis-à-vis these sections and to conduct discovery.

3.    **Electronically Stored Information**:

BY PLAINTIFF:

>   The parties should comply with the Federal Rules of Civil Procedure and Local Rules concerning discovery of electronically stored information.

BY DEFENDANTS:

>   As set forth in more detail below, it is the position of Sun Life that there should be no discovery in this case other that necessary to identify the applicable administrative record and insurance policy on which Sun Life Assurance determined Plaintiff's eligibility for long-term disability benefits.  Thus, to the extent that any such discovery concerns materials stored electronically, the parties will comply with the Federal Rules of Civil Procedure and Local Rules concerning discovery of that information.  Otherwise, no discovery into electronically stored information is necessary or should be permitted by the Court.  MCMC concurs with Sun Life on this point.

4.    **General Claims/Defenses**.  The general claims and defenses of the parties are as follows:

BY PLAINTIFF:

Plaintiff was a participant in an ERISA-governed welfare benefit plan. Said plan was funded in part by a policy of insurance issued by Defendants. Plaintiff filed a claim for disability benefits under the insurance policy. Plaintiff alleges that termination of his long-term disability benefits was wrongful and in contravention of the terms of the plan. Accordingly, Plaintiff seeks the recovery of any and all benefits to which he may be entitled.

BY DEFENDANTS:

Defendants deny the general allegations of Plaintiff's Complaint. Additionally, MCMC contends that it is not a plan fiduciary and that Plaintiff has no claim against it.

5.   **Discovery Plan**

BY PLAINTIFF:

a.     Discovery will be needed on the claims, defenses and damages sought in this case. All discovery commenced in time to be completed by **February 27, 2009**.

(i)     Maximum of **30** interrogatories by each party to any other party without the prior approval of the Court. (Responses due **30** days after service).

       (ii)      Supplementation under Rule 26(e) due no later than **30** days before the close of discovery.

BY DEFENDANTS:

       Sun Life's position is that this action is a claim for benefits under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(1)(B), and that discovery is required and permissible only to identify the applicable administrative record and insurance policy on which Sun Life Assurance determined Plaintiff's eligibility for long-term disability benefits. Furthermore, it is the position of Sun Life that the Court's analysis of the benefits eligibility determination made by Sun Life Assurance is limited to a review of the administrative record in the form in which it existed when Sun Life Assurance made that determination. Notwithstanding the foregoing, either party may request permission from the Court to engage in additional discovery, subject to the following limitations and schedule:[4]

       (i.)    All discovery must be commenced in time to be completed by **February 27, 2009**.

---

[4] MCMC concurs with Sun Life on its position regarding a Discovery Plan.

(ii.) Maximum of **15** interrogatories by each party to any other party without the prior approval of the Court. (Responses due **30** days after service).

(iii.) Supplementation under Rule 26(e) due no later than **30** days before the close of discovery.

6.  **Other Items**.

a.  The parties do not request a conference with the Court prior to entry of the Scheduling Order.

b.  The parties should be allowed until **July 28, 2008** to join additional parties and to amend the pleadings, and until **August 29, 2008** to respond to any above-mentioned amendments.

c.  All potentially dispositive motions should be filed by **January 30, 2009**.

d.  The parties are receptive to mediation but do not request Court ordered mediation at this time.

BY DEFENDANTS:

Sun Life notes that lawsuits involving claims for benefits under a plan governed by ERISA are typically resolved in the 11th Circuit on cross-motions for summary judgment. Accordingly, it is Sun Life's position that there is no need for a trial in this

case.  Subject to the foregoing and to  the extent the Court

determines that a trial is necessary, the parties agree to     the

following deadlines relative to trial:

ALL PARTIES:

(i.)    The Parties request a final pretrial conference in **May**

**2009**.

(ii.)    Final lists of trial evidence under Rule 26(a)(3) should be

due pursuant to the terms of the pretrial order.

(iii.)    Parties should have **14** days after service of final lists of

trial evidence to list objections under Rule 26(a)(3).

(iv.)    The case should be ready for a non-jury trial in **June**

**2009** and at this time is expected to take approximately **1-2**

**days**.

Respectfully submitted:

s/ Jenifer Champ Wallis_____
Thomas O. Sinclair
Jenifer Champ Wallis
Attorneys for Plaintiff, Jack Golden

**OF COUNSEL:**
CAMPBELL, GIDIERE, LEE, SINCLAIR & WILLIAMS
2100 Southbridge Parkway, Suite 450
Birmingham, AL 35209
(205) 803-0051

/s/ Christopher Morris
(By Jenifer Champ Wallis with the express
permission of Christopher Morris)
David B. Hall
Julie C. Metheny
Christopher Morris
Attorneys for Defendants Sun Life
Financial, Inc. and Sun Life Assurance
Company of Canada

**OF COUNSEL**:
BAKER DONELSON
420 North 20th Street, Suite 1600
Birmingham, AL 35203
(205) 328-0480

**OF COUNSEL**:
BAKER DONELSON
One American Place
301 North Main Street, Suite 810
Baton Rouge, LA  70825
(225) 381-7000

/s/ Steven F. Casey
(By Jenifer Champ Wallis with the express
permission of Steven F. Casey)
Steven F. Casey
Attorney for Defendant MCMC, LLC

**OF COUNSEL:**
BALCH & BINGHAM, LLP
1901 Sixth Avenue North
Suite 2700
Birmingham, AL  35203
(205) 226-3454

<u>/s/ Amelia Driscoll</u>
(By Jenifer Champ Wallis with the express
permission of Amelia Driscoll)
Amelia Driskoll
Attorney for The Seydel Companies
Employee Benefit Plan

**OF COUNSEL:**
BRADLEY ARANT ROSE & WHITE, LLP
The Alabama Center for Commerce
401 Adams Avenue, Suite 780
Montgomery, Alabama  36104

BRADLEY ARANT ROSE & WHITE, LLP
819 Fifth Avenue North
Birmingham, Alabama  35203

## <u>CERTIFICATE OF SERVICE</u>

       The undersigned attorney certifies that on the 9th day of April, 2008, a copy of the foregoing was filed electronically using this Court's electronic filing system. Notice of this filing is due to be served by operation of the Court's electronic filing system to the following parties indicated on the electronic filing receipt as participants in the Courts CM/ECF system:

David B. Hall
Julie C. Metheny
BAKER DONELSON
420 North 20th Street, Suite 1600
Birmingham, Alabama  35203

Christopher Morris
BAKER DONELSON
One American Place
301 North Main Street, Suite 810
Baton Rouge, Louisiana  70825

Charles A. Stewart, III
BRADLEY ARANT ROSE & WHITE, LLP
The Alabama Center for Commerce
401 Adams Avenue, Suite 780
Montgomery, Alabama  36104

Amelia T. Driscoll
BRADLEY ARANT ROSE & WHITE, LLP
819 Fifth Avenue North
Birmingham, Alabama  35203

Steven F. Casey
BALCH & BINGHAM LLP
1901 Sixth Avenue North, Suite 2700
Birmingham, Alabama  35203

                      s/ Jenifer Champ Wallis
                      **OF COUNSEL**