# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | |
|---|---|
| HERBERT JACK GOLDEN; | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )Civil Action No.:  2:08-cv-70-WKW |
| | ) |
| SUN LIFE FINANCIAL, INC.; | ) |
| SUN LIFE ASSURANCE COMPANY OF | ) |
| CANADA; MCMC, LLC; | ) |
| | ) |
|     Defendants. | ) |

## PLAINTIFF'S RESPONSE TO THIS HONORABLE COURT'S ORDER AND STATEMENT OF WHY DISCOVERY IS NECESSARY AND CRITICAL

Comes now, Herbert Jack Golden ("Plaintiff"), and in response to this Honorable Court's Order (Doc. # 26), shows discovery is necessary and critical in this case, pursuant not only to the Rules of Civil Procedure, the Department of Labor regulations and applicable Eleventh Circuit case law but also to ensure the ERISA record is complete, to determine the applicable standard of review and to determine whether Defendants wrongly denied Plaintiff's claim for Long Term Disability ("LTD") benefits.  Prohibiting discovery in this action will leave both Plaintiff and this Honorable Court at Defendants' mercy in determining what information is included in the ERISA record.  Such an inequitable result would allow the very entities that denied Plaintiff's claim for LTD benefits to now determine what information this Honorable Court may review in determining whether that denial wrongful as a matter of law.

## PLAINTIFF'S DISCOVERY REQUESTS

Plaintiff has served upon Defendants certain relevant discovery requests, attached hereto as Exhibit A, including Interrogatories, Requests for Production and Requests for Admission, that are narrowly tailored to obtain necessary and critical information in this ERISA action. Specifically, Plaintiff's discovery requests are designed to obtain information necessary to determine what information Defendants had available when determining Plaintiff's claim for benefits, what entity actually made the decision to deny Plaintiff's claim for LTD benefits and whether that entity was granted discretionary authority by the Plan[1], whether any Defendant intentionally ignored information sent by Plaintiff or Plaintiff's attending physicians in support of his claim for LTD benefits[2], whether the Defendants followed their own guidelines and complied with Department of Labor regulations, service agreements to evidence whether an agency relationship exists between any Defendants[3] and MCMC's role and knowledge regarding Plaintiff's claim.

These discovery documents are not only discoverable in this ERISA action but they are necessary in order for this Honorable Court to accurately determine the appropriate standard of review and determine the merits of the claims and defenses asserted. Moreover, this discovery is

---

[1] Relevant to determine the appropriate standard of review applicable to this Honorable Court's review of Defendants' denial of Plaintiff's claim for LTD benefits. *See Vann v. National Rural Electric Cooperative Association Retirement and Security Program*, 978 F. Supp. 1025, 1032 (M.D. Ala. 1997) (citing *Firestone Tire and Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989)) (A denial of benefits is to be "reviewed under a *de novo* standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine the eligibility for benefits or to construe the terms of the plan[.]").

[2] Relevant in this Honorable Court's determination of whether Defendants' denial of Plaintiff's claim for LTD benefits was arbitrary and capricious (if the arbitrary and capricious standard of review applies) because a plan administrator "'may not 'arbitrarily refuse to credit a claimant's reliable evidence, including the opinions of a treating physician.'" *Helms v. General Dynamics Corp.*, 222 Fed. Appx. 821, 832 (11th Cir. 2007) (quoting *Black & Decker Disability Plan v. Nord*, 538 U.S. 822, 833, 123 S. Ct. 1965, 155 L. Ed. 2d 1034 (2003)).

[3] Relevant to determine whether MCMC is an agent of the Sun Life Defendants which would require MCMC's knowledge of Plaintiff's claim and documents in its possession be imputed to the Sun Life Defendants in their denial of Plaintiff's claim for LTD benefits. *See Harris v. Gulf Refining Co.*, 240 F.2d 249, 252 (5th Cir. 1957) ("[S]ince he undoubtedly was the agent of one of the defendants the knowledge he acquired within the scope of his employment is chargeable to his master.").

necessary for Plaintiff to respond to MCMC's Motion for Summary Judgment (Doc. # 18).  In addition to the outstanding discovery requests, Plaintiff will need to take the deposition of the doctors hired by the Sun Life Defendants by and through MCMC, llc, to determine what instructions were given to them by Defendants, what documents they reviewed, what recommendations they made to Defendants regarding Plaintiff, whether they were asked to make a determination of disability regarding Plaintiff, whether they were instructed to disregard certain documents, how they were chosen to examine Plaintiff, the entity by which they were paid for their examination and whether their payment depends on the findings or recommendations they make.  The information gained in these depositions and requested documents may necessitate additional depositions and therefore Plaintiff may require a total of seven (7) depositions.  Moreover, and as is set forth more fully herein, Plaintiff's discovery requests are wholly appropriate in the Eleventh Circuit in this ERISA case.

## <u>INTRODUCTION</u>

Defendants seem to hold the erroneous belief that discovery is precluded in all ERISA cases.  As the Eleventh Circuit has made clear, discovery is not only permitted but is often required in ERISA cases to reach the heart of matters at issue.  *See Burks v. American Cast Iron Pipe Co.*, 212 F.3d 1333, 1338 (11th Cir. 2000) (Holding that "[t]he district court should allow discovery before considering summary judgment against the plaintiffs.").  *See also Hudson v. Delta Air Lines, Inc.*, 90 F.3d 451, 459 n.16 (Finding that plaintiff's attempt to move for class certification before conducting any discovery was improper in an ERISA case "[b]ecause the entitlement to ERISA benefits is controlled by formal plan documents [and] the analysis of any claim arising from the alleged failure to comply with an ERISA plan must begin with an examination of those documents[.]").

Plaintiff has propounded certain narrowly tailored discovery requests to Defendants, which have not yet been answered, ostensibly because Defendants hold the apparent belief that they are not subject to the Rules of Civil Procedure (which not only require Defendants to respond to Plaintiff's discovery requests but also require the production of Initial Disclosures which Defendants have not yet provided) because this is an ERISA case. The ERISA statute was "enacted to promote the interests of employees [such as Plaintiff] … and protect their contractually defined rights" and certainly does not eliminate the procedural safeguards provided by the Rules of Civil Procedure. *Firestone Tire and Rubber Co. v. Bruch*, 489 U.S. 101, 113, 109 S. Ct. 948 (1989).

Defendants essentially assert that the discovery window[4] in this ERISA action is completely closed and that they alone can determine what this Honorable Court may consider. Although ERISA case law does make smaller the "admissibility target", it certainly does not affect the discovery window nor does it, as Defendants assert, place the power of determining what is "admissible" in the hands of only one party. Rather, courts have held that the specific, tailored discovery requests Plaintiff is seeking, such as Defendants' internal guidelines and procedures, service agreements between Defendants, and requests seeking to ensure the completeness of the ERISA record are not only reasonably calculated to lead to the discovery of admissible evidence, they may themselves constitute admissible evidence. *See Anderson v.*

---

[4] Undersigned counsel finds it helpful, when discussing the scope of discoverable versus admissible evidence in ERISA actions to use the analogy of an open window through which one can see a bulls-eye target some distance away. The Rules of Civil Procedure create the discovery window, representing <u>discoverable</u> evidence, which is merely evidence that must be "reasonably calculated" to lead to the discovery of <u>admissible</u> evidence. The window is not closed in an ERISA case, not by the statute itself, or by the case law because ERISA does not abrogate the Rules of Civil Procedure. What is modified, by the case law on ERISA, is the "admissibility target" created by the Rules of Evidence. The admissibility target is <u>modified</u> but not removed altogether from the field as Defendants would argue. Therefore discovery requests are still measured by the same standard, they must be "reasonably calculated" to lead to the discovery of admissible evidence, and since the "admissibility target" is smaller, Plaintiff's requests must be more focused. *See* Exhibit A, Plaintiff's focused discovery requests.

*Unum Life Ins. Co. of America*, 414 F. Supp. 2d 1079 (M.D. Ala 2006) (citing to a services agreement produced in discovery to determine what entity denied Plaintiff's claim for benefits). Therefore, in this case, Plaintiff may still "obtain discovery regarding any matter, not privileged, that is ***relevant*** to the claim or defense of any party[.]" Fed. R. Civ. P. Rule 26(b)(1). (Emphasis added).

The distinction between what is ***discoverable*** and what this Honorable Court may ultimately deem ***admissible*** in this ERISA action is key, especially where there is a pending Motion for Summary Judgment and a ruling disallowing any discovery will render Plaintiff unable to meaningfully respond to that Motion and unable to support his claims or refute the Defendants' defenses in this action.

## I. Discovery is Necessary to Determine Whether the ERISA Record is Complete

One very crucial issue in ERISA cases that requires discovery is whether the record filed with the Court by the Defendants is complete. The integrity of the Court's system of reviewing a denial of a claim for ERISA benefits on the record breaks down when the record provided to the Court is incomplete. Discovery is therefore necessary to ensure there is a complete ERISA record.

In *Bennett v Unum Life Insurance Company of America*, 321 F. Supp. 2d. 925 (E.D. Tenn. 2004), the United States District Court for the Eastern District of Tennessee in Chattanooga held that discovery is permissible in order to ensure the completeness of the administrative record.  In *Bennett*, Judge Carter noted that ensuring the completeness of the administrative record, and that the Defendants complied with certain production requirements, is an essential part of the ERISA procedural safeguards. *Id*. Without these procedural safeguards, the Court is left to having the claims administrator, who pays claims out of its own funds,

determine what it is the Court will review when reviewing the claims administrator's decision to deny benefits.

The Department of Labor has issued a set of claims regulations addressing the requirements of ERISA claims procedures at 29 CFR § 2560.503-1.   The claims regulations define those records which should be included in the administrative record as "all documents, records, and other information underline relevant to the claimant's claim for benefits."   29 CFR § 2560.503-1.  (Emphasis added).  29 CFR 2560.503-1(m)(8) defines "relevant" as all documents, records or other information which was "relied upon in the making of the benefit determination", or "was submitted, considered, or generated in the course of making the benefit determination, "*without regard to whether such document, record or other information was relied upon in making the benefit determination*", and "demonstrates compliance with the administrative processes and safeguards required."  (Emphasis added).  The Department of Labor has defined "relevant" in order to ensure procedural safeguards.   The definition of what constitutes "relevant" documents is not left to Defendants.

Moreover, even though the ERISA record is sometimes referred to as an "administrative record," it is not a true "administrative record" as that term is used to describe the record created by an administrative agency, such as the Social Security Administration or the Railroad Retirement Board.  A true "administrative record" is made by an independent agency when it makes findings of fact and conclusions of law after a due process hearing. The scope of judicial review of an administrative record is often limited by statute, *see*, *e.g.* 42 USC § 405(g), limiting the scope of judicial review in a claim under the Social Security Act.

In a claim for ERISA welfare benefits, such as the disability benefits at issue here, the court is asked to resolve a dispute between two private litigants, a potential beneficiary who has

been denied benefits, and a plan administrator or claims administrator, such as an insurance company. Nothing in ERISA or the ERISA regulations limits the scope of judicial review; rather the rules establishing the scope of review of a denial of ERISA benefits are largely created by the judiciary to facilitate judicial economy and fairness, not to hinder them.

Moreover, and contrary to what the Defendants assert, <u>relevancy</u> is not determined by the insurance company, given the need to ensure that an "administrative record" is complete and includes "relevant" documents as defined by 29 CFR 2560.503-1(m)(8), in order to comply with the administrative process and safeguards required. The Department of Labor regulations definition of "relevant" documents is much broader than the those documents the Defendants would prefer to produce, and specifically states that what constitutes "<u>relevant</u>" documents is defined "*without regard to whether such document, record or other information was relied upon in making the benefit determination*." 29 CFR 2560.503-1(m)(8).

It is therefore clear that discovery is necessary to ensure that the ERISA record upon which this Honorable Court will rely is complete. In addition, discovery is necessary to determine the applicable standard of review and whether Defendants impermissibly and arbitrarily refused to credit Plaintiff's reliable evidence in support of his claim for LTD benefits.

**II.    <u>Discovery is Necessary to Determine the Applicable Standard of Review</u>**

Discovery is further necessary to determine the applicable standard of review in this matter. *See Vann v. National Rural Electric Cooperative Association Retirement and Security Program*, 978 F. Supp. 1025, 1032 (M.D. Ala. 1997) (citing *Firestone Tire and Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989)) (A denial of benefits is to be "reviewed under a *de novo* standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine the eligibility for benefits or to construe the terms of the plan[.]").

In order to determine the applicable standard of review, discovery is needed on at least two issues:  1) the plan itself, to determine whether it includes the required grant of discretionary authority to avoid *de novo* review; and 2) the entity that actually made the decision to deny Plaintiff's claim for LTD benefits, to ensure that it is the entity afforded discretion.  Plaintiff's discovery requests, included as Exhibit A, are narrowly tailored to reach these very issues.

Assuming *arguendo* Defendants' denial is afforded the highest discretion, the arbitrary and capricious standard of review, discovery is necessary to ensure that Defendants' denial was not arbitrary and capricious.  Again, Plaintiff's discovery requests, including requests for Defendants' manuals, documents, and guidelines outlining the manner in which they are to investigate or handle claims for long term disability benefits are relevant for this inquiry and should be included in the ERISA record.  Moreover, Eleventh Circuit Courts have specifically held such manuals and documents discoverable.  *See Hamall-Desai v. Fortis Benefits Ins. Co.*, 370 F. Supp. 1283 (N.D. Ga. 2004) (Holding that an insurer's refusal to provide the insured copies of its "claims manual and other training/policy/procedural manuals" constituted a violation of 29 U.S.C. § 1132(c) and fining the insurer $100 per day.).

**III.    Discovery is Necessary to Determine Whether Defendants Impermissibly and Arbitrarily Refused to Credit Plaintiff's Reliable Evidence in Support of His Claim for LTD Benefits.**

A plan administrator "'may not 'arbitrarily refuse to credit a claimant's reliable evidence, including the opinions of a treating physician.'"  *Helms v. General Dynamics Corp.*, 222 Fed. Appx. 821, 832 (11th Cir. 2007) (quoting *Black & Decker Disability Plan v. Nord*, 538 U.S. 822, 833, 123 S. Ct. 1965, 155 L. Ed. 2d 1034 (2003)).  This case involves an administrator that contracted with a third party, MCMC llc, to examine Plaintiff's medical records during the claims process and specifically selected the documents the physicians hired by MCMC were to

review.  Whether Defendants submitted to the MCMC physicians the numerous attending physicians' opinions and records garnered by Plaintiff in support of his claim for LTD benefits is relevant to this Honorable Court's review.

In *Helms*, the plaintiff's Short Term Disability (STD) benefits were terminated after only four months because the plan administrator concluded "'there [was] not enough objective medical information to support continued disability.'"  222 Fed. Appx. at 825.  The plan administrator, however, refused to afford any consideration to the plaintiff's attending physician's opinions in reaching its conclusion.  The Eleventh Circuit found such behavior distasteful and held that the defendant "was unreasonable to have ignored" the attending physician's evaluations.

Whether Defendants purposely and unreasonably ignored Plaintiff's attending physician's records here is clearly relevant to this Honorable Court's review.  Plaintiff's discovery requests are specifically tailored to reach information on this issue, as well as the role of the hired physicians and whether they were entitled to make a finding of disability with regard to the Plaintiff.

<u>**CONCLUSION**</u>

For the reasons set forth herein, Plaintiff respectfully requests this Honorable Court allow discovery to proceed and adopt Plaintiff's submissions in the Report of Parties Planning Meeting (Doc # 22) regarding the scope and timing of discovery.

Respectfully submitted,

<u>/s/ Jenifer Champ Wallis</u>
Jenifer Champ Wallis

                                                One of the Attorneys for Plaintiff

OF COUNSEL:
Thomas O. Sinclair (SIN018)
Jenifer Champ Wallis (WAL191)
CAMPBELL, GIDIERE, LEE, SINCLAIR & WILLIAMS, L.L.C.
2100-A SouthBridge Parkway, Suite 450
Birmingham, AL 35209
(205).803-0051
Fax: (205).803-0053


                         **CERTIFICATE OF SERVICE**

        I hereby certify that on the 1st day of May, 2008, a copy of the foregoing was served on
all counsel of record via the Alabama State Court E-file system as follows:

David B. Hall
Julie C. Metheny
BAKER DONELSON
420 North 20th Street, Suite 1600
Birmingham, Alabama  35203

Christopher Morris
BAKER DONELSON
One American Place
301 North Main Street, Suite 810
Baton Rouge, Louisiana  70825

Steven F. Casey
BALCH & BINGHAM LLP
1901 Sixth Avenue North, Suite 2700
Birmingham, Alabama  35203


                                        /s/ Jenifer Champ Wallis
                                        Of Counsel

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| HERBERT JACK GOLDEN; | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    Civil Action No.:  2:08-cv-70-WKW |
| | ) |
| SUN LIFE FINANCIAL, INC.; | ) |
| SUN LIFE ASSURANCE COMPANY OF | ) |
| CANADA; MCMC, LLC; | ) |
| | ) |
| Defendants. | ) |

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION
## TO SUN LIFE FINANCIAL, INC.

COMES NOW the Plaintiff, Herbert Jack Golden, and requests that the Defendant Sun Life Financial, Inc. (hereinafter referred to as ("You", "Your", or "Yours")) answer the following Requests for Production, separately, severally, fully, in writing and under oath within thirty (30) days from the date of service hereof.

### INSTRUCTIONS

**A.    Use of Rule 33 in Responses**

If responding to a request for production by reference to documents produced, specifically identify those portions of specific documents identified by Bates number that you contend respond to each individual request for production.

**B.    Use of "General Objections"**

If offering in prefatory statements or referencing in specific responses "General Objections" in response to a request for production, cite specifically to each general objection applicable to the individual request for production.

**C.**     **Objections based on "Attorney / Client" privilege or the "Work Product" doctrine**

If objecting to a request for production on the basis of attorney / client or work product privilege (either through reference to General Objections or within the response to the individual request), produce a Privilege Log as required by the applicable Rules of Civil Procedure.

## REQUEST FOR PRODUCTION

1.      Produce any and all agreements or service agreements wherein you have agreed to certain terms governing the responsibilities in relation to the insurance policy(ies) at issue in this case. This request for production is to encompass any service agreements whereby you agree to provide or had another entity agree to provide services relative to the Plaintiff's policies, including without limitation, any such agreements between You and any other Defendant.

2.      Produce and identify by Bates numbers those documents within your possession, custody or control that reference or pertain to the Plaintiff or Plaintiff's claim for benefits, including but not limited to the Plaintiff's application for insurance, to include any claim file, the application file, independent medical examination file, or any other related file referencing or pertaining to the Plaintiff's claim or claims for benefits. This request includes any files pertaining to any other policies or coverage purchased by the Plaintiff or the Plaintiff's employer.

3.      Produce any and all agreements, contracts or service agreements between You or any of Your subsidiaries and MCMC, llc or "Peer Review Analysis".

4.      Produce any documents identified in Your Responses to Plaintiff's First Interrogatories to Sun Life Financial, Inc.

5.      In responding to these requests for production, if you have, by way of reference to a general objection or by offering a specific objection to any individual request, claimed a right to protection from discovery of certain documents by operation of the attorney-client privilege, the

work product doctrine, or any other privilege afforded under law, please state the following with respect to each such document for which said privilege is asserted:

(a)    The date of the document;

(b)    The author(s) of the document;

(c)    Each addressee or recipient of the document including carbon copy and blind copyholders;

(d)    The factual basis for your privilege claimed;

(e)    The specific privilege claimed; and

(f)    The location of the document.

Jenifer Champ Wallis
Attorney for Plaintiff

**OF COUNSEL:**
Campbell, Gidiere, Lee, Sinclair & Williams
Suite 450, 2100-A SouthBridge Parkway
Birmingham, AL 35209
(205) 803-0051

## CERTIFICATE OF SERVICE

I hereby certify that on April 16, 2008, I deposited the above and foregoing in the United States Mail, with correct postage and properly addressed to the following:

David B. Hall
Julie C. Metheny
BAKER DONELSON
420 North 20th Street, Suite 1600
Birmingham, AL  35203

Christopher Morris
BAKER DONELSON
One American Place
301 North Main Street, Suite 810
Baton Rouge, LA  70825

Steven F. Casey
BALCH & BINGHAM, LLP
1901 Sixth Avenue North, Suite 2700
Birmingham, AL  35203

OF COUNSEL

4

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

HERBERT JACK GOLDEN;    )
　　　　　　　　　　　　　)
　　　Plaintiff,    )
　　　　　　　　　　　　　)
v.    )　　　Civil Action No.:  2:08-cv-70-WKW
　　　　　　　　　　　　　)
SUN LIFE FINANCIAL, INC.;    )
SUN LIFE ASSURANCE COMPANY OF    )
CANADA; MCMC, LLC;    )
　　　　　　　　　　　　　)
　　　Defendants.    )

## PLAINTIFF'S FIRST INTERROGATORIES
## TO SUN LIFE ASSURANCE COMPANY OF CANADA

COMES NOW the Plaintiff, Herbert Jack Golden, and requests that the Defendant Sun Life Assurance Company of Canada (hereinafter referred to as "Sun Life", "You", "Your", "Yours", or "Defendant(s)") answer the following Interrogatories, separately, severally, fully, in writing and under oath within the time prescribed by the applicable Rules of Civil Procedure.

### INSTRUCTIONS

**A.　　　Use of "General Objections"**

If offering in prefatory statements or referencing in specific responses "General Objections" in response to an interrogatory, cite specifically to each general objection applicable to the individual interrogatory.

**B.　　　Objections based on "Attorney / Client" privilege or the "Work Product" doctrine**

If objecting to an interrogatory on the basis of attorney / client or work product privilege (either through reference to General Objections or within the response to the individual request), produce a Privilege Log as required by the applicable Rules of Civil Procedure.

## INTERROGATORIES

1.    Please state the name, position, job description and/or duties, and business address of the person or persons responding to these interrogatories.

2.    Please state the name, address, title, and employer of all individuals involved in the evaluation and determination of the Plaintiff's right to benefits, and provide a description of the activities undertaken by each individual with regard to the Plaintiff's claim for benefits.

3.    Please state the specific person, or if a committee, the names of committee members, responsible for the *final decision to deny benefits to the Plaintiff under the plan or policy at issue in this case.*

4.    With respect to each person you expect to call as an expert witness in the trial of this action, identify each such person, state the subject matter upon which you expect such person to testify, state the substance of such person's expected testimony, and state all data or information considered by said expert in the forming of any such opinions.

5.    Name the consultants and/or firms who were consulted on the best practice or practices to be utilized by the Defendants in the claims management process.

6.    Produce a list containing the dates, case names, jurisdiction, or venue of each case in which any 30(b)(6) representative of the Defendants has previously provided testimony, whether by deposition, affidavit, or trial testimony.

7.    Please state the specific business relationship, ownership relationship, stock sharing, stock swapping, general services agreement or other business or contractual relationship between all the related corporate, partnership, or individual entities doing business as Sun Life Assurance Company of Canada, or any subsidiaries, predecessors, or successors in interest of Sun Life Assurance Company of Canada and any other Defendant.

2

8.    Please state the date and/or dates on which the Plaintiff initially applied for and/or subsequently applied for disability benefits according to your records.

9.    State the date or dates upon which the Plaintiff was notified of the denial or termination of benefits and produce any documentation on the same.

10.    Please state the reasons why the application for benefits was denied and/or terminated and provide specific reference to the pertinent plan provisions upon which the denial or termination was based.

11.    Identify any and all of your employees who reviewed the Plaintiff's claim for disability benefits and provide curriculum vitae for each of those identified.

12.    Identify any and all consultants and/or third party reviewers who reviewed the Plaintiff's claim for disability benefits and provide curriculum vitae for each of those identified.

13.    As to the personnel disclosed within your response to the previous interrogatory which requested the names of individuals who worked on or consulted on the Plaintiff's claim, state each individual's employer, job title, length of employment with the Defendant or any of its related entities, and for the employment year(s) during which such individual provided the medical evaluation, assessment, or played any other role in the instant case, state the individuals rate of pay, bonuses paid, awards, or other indices of recognition for job performance, and if the individual is eligible for any bonuses, the criteria under which said bonuses were paid; if such person was paid under any status other than that of an employee, please fully explain how each such individual was paid.

14.    Please identify all of the databases used and/or maintained by you in the administration and adjudication of claims for benefits.  These should include any and all electronic databases used in the handling of any claims for benefits such as the Plaintiff's claims for benefits.

3

15.     Identify by listing below all reference materials used by or available to the Defendants' employees for the assessment of the Plaintiff's claim. This response should include a list of all electronic databases identified by the manner in which they are commonly referred to by the Defendant's employees, all standards and guidelines to include identification of any claims manuals, customer care center claims manuals, disability guidelines, restrictions and limitations guidelines or standard, specifically detailing "if applicable" the effective date or revision dates of said materials at the time of the Plaintiff's initial claim for benefits and at the time of the final denial of benefits.

16.     Identify those documents that refer or relate in any way to the Plaintiff's claim that no longer exist. If the documents cannot be produced, identify those documents destroyed, and/or removed from the claim file.

17.     List all computer documents and/or electronically maintained documents which are used and/or available to the employees which adjudicated and/or assisted in the management of the Plaintiff's claim, but not placed in the claims file, especially those documents that indicate the governing policies and procedures to be utilized in the administration/adjudication of the Plaintiff's claim.

18.     State what services were provided by MCMC, llc, or Peer Review Analysis, with regard to Plaintiff's claim for benefits.

19.     State what instructions You provided to MCMC, llc, or Peer Review Analysis, with regard to the documents to provide or exclude from any services it provided with regard to Plaintiff's claim for benefits and the reasons for the same.

20.     In responding to these interrogatories, if you have, by way of a general objection or a specific objection to any individual interrogatory, claimed a right to protection from discovery of

4

certain documents by operation of the attorney-client privilege, the work product doctrine, or any other privilege afforded under law, please state the following with respect to each such document for which said privilege is asserted:

(a)    The date of the document;

(b)    The author(s) of the document;

(c)    Each addressee or recipient of the document including carbon copy and blind copyholders;

(d)    The factual basis for your privilege claimed;

(e)    The specific privilege claimed; and

(f)    The location of the document.

Jenifer Champ Wallis
Attorney for Plaintiff

Thomas O. Sinclair (SIN018)
Jenifer Champ Wallis (WAL191)
Campbell, Gidiere, Lee, Sinclair & Williams
Suite 450, 2100-A SouthBridge Parkway
Birmingham, AL 35209
(205) 803-0051
Fax: (205) 803-0053
E-mail: tsinclair@cgl-law.com
E-mail: jwallis@cgl-law.com

5

## CERTIFICATE OF SERVICE

I hereby certify that on April 16, 2008, I deposited the above and foregoing in the United States Mail, with correct postage and properly addressed to the following:

David B. Hall
Julie C. Metheny
BAKER DONELSON
420 North 20th Street, Suite 1600
Birmingham, AL 35203

Christopher Morris
BAKER DONELSON
One American Place
301 North Main Street, Suite 810
Baton Rouge, LA 70825

Steven F. Casey
BALCH & BINGHAM, LLP
1901 Sixth Avenue North, Suite 2700
Birmingham, AL 35203

OF COUNSEL

6

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| HERBERT JACK GOLDEN; | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: 2:08-cv-70-WKW |
| | ) | |
| SUN LIFE FINANCIAL, INC.; | ) | |
| SUN LIFE ASSURANCE COMPANY OF | ) | |
| CANADA; MCMC, LLC; | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S FIRST INTERROGATORIES
## TO SUN LIFE FINANCIAL, INC.

COMES NOW the Plaintiff, Herbert Jack Golden, and requests that the Defendant Sun Life Financial, Inc. (hereinafter referred to as "Sun Life Financial", "You", "Your", "Yours", or "Defendant(s)") answer the following Interrogatories, separately, severally, fully, in writing and under oath within the time prescribed by the applicable Rules of Civil Procedure.

### INSTRUCTIONS

**A.      Use of "General Objections"**

If offering in prefatory statements or referencing in specific responses "General Objections" in response to an interrogatory, cite specifically to each general objection applicable to the individual interrogatory.

**B.      Objections based on "Attorney / Client" privilege or the "Work Product" doctrine**

If objecting to an interrogatory on the basis of attorney / client or work product privilege (either through reference to General Objections or within the response to the individual request), produce a Privilege Log as required by the applicable Rules of Civil Procedure.

## INTERROGATORIES

1.      Please state the name, position, job description and/or duties, and business address of the person or persons responding to these interrogatories.

2.      Please state the <u>name</u>, <u>address</u>, <u>title</u>, and <u>employer</u> of all individuals involved in the evaluation and determination of the Plaintiff's right to benefits, and provide a description of the activities undertaken by each individual with regard to the Plaintiff's claim for benefits.

3.      Please state whether You have any employees, where those employees are located and said employees' job titles and duties.

4.      Please state, with specificity and particularity, Your relationship with Sun Life Assurance Company of Canada.

5.      Please identify each and every contract and/or service agreement that governs or sets forth the terms of Your relationship with Sun Life Assurance Company of Canada and produce a copy of the same.

6.      Please identify each and every contract and/or service agreement that governs or sets forth the terms of Your relationship, or the relationship of any of Your subsidiaries, with MCMC, llc and produce a copy of the same.

7.      Produce a list containing the dates, case names, jurisdiction, or venue of each case in which any 30(b)(6) representative of the Defendants has previously provided testimony, whether by deposition, affidavit, or trial testimony.

8.      Please state the specific business relationship, ownership relationship, stock sharing, stock swapping, general services agreement or other business or contractual relationship between all the related corporate, partnership, or individual entities doing business as Sun Life Assurance

2

Company of Canada, or any subsidiaries, predecessors, or successors in interest of Sun Life Assurance Company of Canada and any other Defendant.

9.     Please state the specific business relationship, ownership relationship, stock sharing, stock swapping, general services agreement or other business or contractual relationship between all the related corporate, partnership, or individual entities doing business as Sun Life Financial, Inc., or any subsidiaries, predecessors, or successors in interest of Sun Life Financial, Inc. and any other Defendant.

10.     In responding to these interrogatories, if you have, by way of a general objection or a specific objection to any individual interrogatory, claimed a right to protection from discovery of certain documents by operation of the attorney-client privilege, the work product doctrine, or any other privilege afforded under law, please state the following with respect to each such document for which said privilege is asserted:

    (a)    The date of the document;

    (b)    The author(s) of the document;

    (c)    Each addressee or recipient of the document including carbon copy and blind copyholders;

    (d)    The factual basis for your privilege claimed;

    (e)    The specific privilege claimed; and

    (f)    The location of the document.

Jenifer Champ Wallis
Attorney for Plaintiff

Thomas O. Sinclair (SIN018)
Jenifer Champ Wallis (WAL191)

3

Campbell, Gidiere, Lee, Sinclair & Williams
Suite 450, 2100-A SouthBridge Parkway
Birmingham, AL 35209
(205) 803-0051
Fax: (205) 803-0053
E-mail: tsinclair@cgl-law.com
E-mail: jwallis@cgl-law.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 16, 2008, I deposited the above and foregoing in the United States Mail, with correct postage and properly addressed to the following:

David B. Hall
Julie C. Metheny
BAKER DONELSON
420 North 20th Street, Suite 1600
Birmingham, AL  35203

Christopher Morris
BAKER DONELSON
One American Place
301 North Main Street, Suite 810
Baton Rouge, LA  70825

Steven F. Casey
BALCH & BINGHAM, LLP
1901 Sixth Avenue North, Suite 2700
Birmingham, AL  35203

OF COUNSEL

4

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

| | | |
|---|---|---|
| HERBERT JACK GOLDEN; | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: 2:08-cv-70-WKW |
| | ) | |
| SUN LIFE FINANCIAL, INC.; | ) | |
| SUN LIFE ASSURANCE COMPANY OF | ) | |
| CANADA; MCMC, LLC; | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION
## TO SUN LIFE ASSURANCE COMPANY OF CANADA

COMES NOW the Plaintiff, Herbert Jack Golden, and requests that the Defendant Sun Life Assurance Company of Canada (hereinafter referred to as ("You", "Your", or "Yours") answer the following Requests for Production, separately, severally, fully, in writing and under oath within thirty (30) days from the date of service hereof.

### INSTRUCTIONS

**A.      Use of Rule 33 in Responses**

If responding to a request for production by reference to documents produced, <u>specifically identify those portions of specific documents identified by Bates number</u> that you contend respond to each individual request for production.

**B.      Use of "General Objections"**

If offering in prefatory statements or referencing in specific responses "General Objections" in response to a request for production, <u>cite specifically to each general objection applicable to the individual request for production</u>.

**C.**    **Objections based on "Attorney / Client" privilege or the "Work Product" doctrine**

If objecting to a request for production on the basis of attorney / client or work product privilege (either through reference to General Objections or within the response to the individual request), produce a Privilege Log as required by the applicable Rules of Civil Procedure.

## REQUEST FOR PRODUCTION

1.    Produce any and all agreements or service agreements wherein you have agreed to certain terms governing the responsibilities in relation to the insurance policy(ies) at issue in this litigation.  This request for production is to encompass any service agreements whereby you agree to provide or had another entity agree to provide services relative to the Plaintiff's policies, including without limitation, any such agreements between You and any other Defendant.

2.    Produce and identify by Bates numbers those documents within your possession, custody or control that reference or pertain to the Plaintiff's claim for benefits, the Plaintiff's application for insurance, to include any claim file, the application file, independent medical examination file, or any other related file referencing or pertaining to the Plaintiff's claim or claims for benefits.

3.    Produce and identify by Bates number every medical report (to include any generic medical reports not specifically pertaining to the Plaintiff but used in referencing the restrictions and limitations pertaining to the Plaintiff's disability) considered or available for consideration in the process of evaluating the Plaintiff's application for benefits.  This response should include any internal memorandum regarding the Plaintiff's claims, to include any documentation generated by your agents or employees reviewing information pertaining to the Plaintiff's application for benefits.

4.    Produce and identify by Bates number any other reports (including medical reports, including, without limitation, the reports of rehabilitation services or any other such similar

2

services) or opinions received or discovered in any manner that the Defendant received or relied upon in the evaluation of the Plaintiff's claim for benefits.

5.    Produce each rule, guideline, criteria, law, regulation, or other document considered by You in any way in Your administration of Plaintiff's claim for benefits.

6.    Produce, and reference by Bates number, each and every policy ever purchased by, or providing coverage to, the Plaintiff from You or any of Your subsidiaries.

7.    Produce any and all internal memorandum, correspondence, email or guidelines detailing the manner in which the Plaintiff's claim was to be investigated, including any and all documents of Your subsidiaries, <u>agents</u>, or predecessors in interest, detailing the steps to be undertaken in the investigation of the Plaintiff's claim.

8.    Produce documents detailing the organizational structure of the claims handling departments to include appellate departments, investigational departments, reference departments, medical departments or any other departments which played any role in the adjudication, administration and/or investigation of the Plaintiff's claim, or provided any services in relation to the administration of the Plaintiff's claims. These documents should identify, among others, those persons who were involved in the adjudication and/or administration of the Plaintiff's claims, and those individual supervisors and/or consultants who were involved in the administration and/or adjudication of Plaintiff's claims.

9.    Produce all electronically stored information referencing or pertaining to the Plaintiff's claim.

10.    Produce curriculum vitae for any medical personnel, to include nurses, doctors, surgeons, whether RNs, LPNs, or MD's, or Ph.D.'s who reviewed and/or consulted on the Plaintiff's claim, medical records or any other materials related to the Plaintiff's claim for benefits.

3

11.     Produce any and all documentation, to include checks, authorizations for payment, or any other documentation detailing the amount paid or that may be paid to the Plaintiff under any policy purchased by the Plaintiff or in which the Plaintiff is a designated beneficiary.

12.     Produce all documents referencing or regarding to the Plaintiff prepared by or provided to any physician or medical professional employed by or retained by You or any person or entity acting on Your behalf, including but not limited to documents prepared by or provided to any Defendant, or physician or medical professional hired by any Defendant.

13.     Produce all documents created by or provided by You, Your consultants, employees, subsidiaries, agents, or predecessors or successors in interest, regarding the assessment of the Plaintiff's medical condition and how that condition may affect the Plaintiff's ability to work.

14.     Produce all correspondence or documents of any type between You and MCMC, llc, or between You and "Peer Review Analysis", related to the Plaintiff, Plaintiff's claim for benefits or any and all services provided by MCMC, llc and/or "Peer Review Analysis" related to the Plaintiff.

15.     Produce all correspondence or documents of any type between You and MCMC, llc, or between You and "Peer Review Analysis", which direct what documents MCMC, llc and/or "Peer Review Analysis", is to provide to any physician or medical professional, or direct what documents are to be excluded, with regard to the examination, evaluation, or review of Plaintiff, Plaintiff's medical records or Plaintiff's claim for benefits.

16.     Produce any internal audit reports, or any document evidencing said internal audit of the files handled by Your employees who worked on the Plaintiff's claim.  This request for production is intended to garner those documents within your possession, custody or control, that document any internal audit conducted of the Plaintiff's claim files.

4

17.    Produce all documentation prepared by You or on Your behalf that reflects, refers, or establishes those duties of the Plaintiff's occupation before the Plaintiff filed a claim.

18.    Produce any statement, telephone recording or tape conversation which reflects Plaintiff's conversations or communications with You, Your employees, agents, or representatives.

19.    Produce any tapes or recordings in unedited format, by whatever media, including any surveillance tapes, of the Plaintiff.

20.    Produce a complete customer care center claims manual or claims manual or customer care manual and procedure manuals to include any additions, revisions, deletions, or other changes that have been made to said manuals which were used or available for use in the adjudication and/or administration of the Plaintiff's claims.

21.    Produce documents that in any way refer, reflect, or relate to the proper method of handling claims involving those medical conditions specified within the Plaintiff's claim and those conditions assessed by you or your employees or consultants.  This response should include those documents used by your employees to evaluate the Plaintiff's medical condition; and studies you have undertaken with respect to the nature, treatment and care of the Plaintiff's medical condition.

22.    Produce and identify by Bates number every medical report referencing or referring to the Plaintiff.  This response should include any internal memorandum regarding the Plaintiff's claims, to include any documentation generated by your agents or employees reviewing information pertaining to the Plaintiff's application for benefits.

23.    Produce copies of all computer database documents that refer or relate to Plaintiff and were not placed into the Plaintiff's claim file, especially those documents that indicate policies and procedures to be utilized in the adjudication of the Plaintiff's claim.

24.    Produce all records detailing Your document retention policy with regard to what documents are to be maintained with the claim file, what documents are to be maintained in other databases, or other files, what documents are to be produced in response to requests for production, and what documents are to be destroyed.

25.    In responding to these requests for production, if you have, by way of reference to a general objection or by offering a specific objection to any individual request, claimed a right to protection from discovery of certain documents by operation of the attorney-client privilege, the work product doctrine, or any other privilege afforded under law, please state the following with respect to each such document for which said privilege is asserted:

(a)    The date of the document;

(b)    The author(s) of the document;

(c)    Each addressee or recipient of the document including carbon copy and blind copyholders;

(d)    The factual basis for your privilege claimed;

(e)    The specific privilege claimed; and

(f)    The location of the document.

Jenifer Champ Wallis
Attorney for Plaintiff

6

**OF COUNSEL:**
Campbell, Gidiere, Lee, Sinclair & Williams
Suite 450, 2100-A SouthBridge Parkway
Birmingham, AL 35209
(205) 803-0051

## CERTIFICATE OF SERVICE

I hereby certify that on April 16, 2008, I deposited the above and foregoing in the United States Mail, with correct postage and properly addressed to the following:

David B. Hall
Julie C. Metheny
BAKER DONELSON
420 North 20th Street, Suite 1600
Birmingham, AL  35203

Christopher Morris
BAKER DONELSON
One American Place
301 North Main Street, Suite 810
Baton Rouge, LA  70825

Steven F. Casey
BALCH & BINGHAM, LLP
1901 Sixth Avenue North, Suite 2700
Birmingham, AL  35203

OF COUNSEL

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

HERBERT JACK GOLDEN;           )
                                       )
      Plaintiff,              )
                                       )
v.                               )     Civil Action No.: 2:08-cv-70-WKW
                                     )
SUN LIFE FINANCIAL, INC.;         )
SUN LIFE ASSURANCE COMPANY OF  )
CANADA; MCMC, LLC;              )
                                     )
      Defendants.          )

## <u>PLAINTIFF'S FIRST INTERROGATORIES AND REQUEST FOR PRODUCTION TO DEFENDANT MCMC, LLC</u>

COMES NOW the Plaintiff, Herbert Jack Golden, and requests that the Defendant MCMC, LLC (hereinafter referred to as "MCMC", "You", "Your", or "Yours") answer the following Interrogatories and Requests for Production, separately, severally, fully, in writing and under oath within thirty (30) days from the date of service hereof.

### INSTRUCTIONS

**A.**    **Use of Rule 33 in Responses**

If responding to a request for production by reference to documents produced, <u>specifically identify those portions of specific documents identified by Bates number</u> that you contend respond to each individual request for production.

**B.**    **Use of "General Objections"**

If offering in prefatory statements or referencing in specific responses "General Objections" in response to a request for production, <u>cite specifically to each general objection applicable to the individual request for production</u>.

C.      **Objections based on "Attorney / Client" privilege or the "Work Product" doctrine**

If objecting to a request for production on the basis of attorney / client or work product privilege (either through reference to General Objections or within the response to the individual request), produce a Privilege Log as required by the applicable Rules of Civil Procedure.

D.      **Definitions**

1.  "You", "Your" and "Yours" refers to MCMC, llc, and its agents, consultants, employees, subsidiaries, or predecessors or successors in interest, including but not limited to MCMC, llc's subsidiary and/or division known as "Peer Review Analysis".

## INTERROGATORIES

1. Please state, fully and with great particularity, Your role, responsibilities, and actions of any kind with regard to Plaintiff's claim for benefits and/or any reviews of Plaintiff or Plaintiff's records by any doctor.

2.  Please state, fully and with great particularity, what services You provide, or have provided, to any Defendant.

3. Please state whether You provided any documents or correspondence whatsoever to any medical professional who reviewed Plaintiff's claim for benefits and/or Plaintiff's medical records.  If your answer is yes, please state, fully and with great particularity how you determined what documents to provide to those medical professionals.

4.  Please state, fully and with great particularity, what documents or correspondence were provided to any medical professional who reviewed Plaintiff's claim for benefits and/or Plaintiff's medical records.

5.  Please state whether any Defendant had any input, or offered any input, regarding what documents were provided to any medical professional related to any review of Plaintiff, Plaintiff's medical records or Plaintiff's claim for benefits.

2

6.  If your answer to Interrogatory number 5 is yes, please state, fully and with great particularity, what input was given, the manner in which it was communicated, and provide any and all documentation related to the same.

7.  Please state whether any Defendant has ever requested that You or any medical professional make a determination of "disability" (in accordance with the AMA Guidelines) related to the Plaintiff.

8.  Please identify and produce any and all documents, policies and/or guidelines provided to the medical professionals who reviewed Plaintiff, Plaintiff's medical records or Plaintiff's claim for benefits.

9.  Please state whether You or, to Your knowledge, any Defendant expressly informed any medical professional to disregard and/or destroy any documents referring or relating to Plaintiff.

10.  If your answer to Interrogatory number 9 is yes, please state, fully and with great particularity, what instructions were given, the manner in which they were communicated, and provide any and all related documentation.

11.  Please state whether any medical professional contacted by You considered all medical documents provided by Plaintiff or by Plaintiff's attending physicians in any examination, evaluation, or review of the Plaintiff, Plaintiff's medical records or Plaintiff's claim for benefits.

12.  Please identify what medical documents were considered in any medical professional's examination, evaluation, or review, state who provided each medical document, and provide a copy of the same.

13.  Please state whether You have ever been provided with a copy of the Policy at issue in this case, or with the definition of "disability" provided by the Policy at issue in this case.  If your

3

answer is yes, please state what entity(ies) and/or individual(s) provided said information and/or documentation to you and provide a copy of the same.

14. Please state whether You have ever been provided with a copy of Plaintiff's job description. If your answer is yes, please state what entity(ies) and/or individual(s) provided said information and/or documentation to you and provide a copy of the same.

15. Please state the manner in which any and all medical professional(s), including but not limited to physician(s), who performed any examination, evaluation, or review of Plaintiff, Plaintiff's medical records or Plaintiff's claim for benefits were selected to perform the same.

16. Please identify any documents generated and/or utilized in the selection of any and all medical professional(s), including but not limited to physician(s), or related to such selection in any way, who performed any examination, evaluation, or review of Plaintiff, Plaintiff's medical records or Plaintiff's claim for benefits and provide a copy of the same.

17. Please state what "Peer Review Analysis" is, MCMC, llc's relationship to the same and produce any contracts, service agreements or agreements of any kind, evidencing the same.

## **REQUEST FOR PRODUCTION**

1. Produce any and identify by Bates number all agreements or service agreements between you and any other Defendant, including but not limited to, those service agreements governing and/or related to any services You provided related in any way to Plaintiff.

2. Produce and identify by Bates number any and all documents within your possession, custody or control that reference or pertain to the Plaintiff, including but not limited to communications between You and any other Defendant relating to Plaintiff.

4

3.    Produce and identify by Bates number any and all documents that describe your responsibilities and compensation governing the terms of your services to any Defendant or to individuals referred to you by any Defendant as it relates to the services you provided, or arranged to be provided, to Plaintiff or any Defendant.

4.    Produce any and all correspondence between You and Dr. George Phillipides relating in any way to Plaintiff or Plaintiff's claim for benefits, including any documents (including but not limited to any medical records, letters from third parties or referral forms) You sent to Dr. Phillipides.

5.    Produce any and all correspondence between You and Dr. Ross Davis relating in any way to Plaintiff or Plaintiff's claim for benefits, including any documents (including but not limited to any medical records, letters from third parties or referral forms) You sent to Dr. Davis.

6.    Produce any and all documents (including but not limited to any internal memoranda, reports, correspondence or guidelines/instructions of any kind from any Defendant) related to Your selection and/or hiring or referral of any medical professional to provide any services related to Plaintiff or his claim for benefits.

7.    Produce and identify by Bates number every report, including any medical reports (to include any generic medical reports not specifically pertaining to the Plaintiff but used in referencing the restrictions and limitations pertaining to the Plaintiff's disability) considered or available for consideration  in the process of examining and/or evaluating or reviewing the Plaintiff, Plaintiff's medical records or Plaintiff's claim for benefits.  This response should include any internal memorandum regarding the Plaintiff, to include any documentation generated by your agents or employees reviewing information pertaining to the Plaintiff, Plaintiff's medical records or Plaintiff's claim for benefits.

5

8.      Produce and identify by Bates number any other reports, correspondence or opinions You received or discovered in any manner referring or relating to the examination, evaluation, or review of the Plaintiff, Plaintiff's medical records or Plaintiff's claim for benefits.

9.      Produce and identify by Bates number each rule, guideline, criteria, law, regulation, or other document considered by You, or any medical professional on Your behalf or on behalf of any Defendant, in any way in the examination, evaluation, or review of Plaintiff, Plaintiff's medical records or Plaintiff's claim for benefits.

10.     Produce any and all internal memorandum, correspondence, email or guidelines detailing the manner in which the Plaintiff , Plaintiff's medical records or Plaintiff's claim for benefits was to be reviewed, examined and/or evaluated, including any and all documents of your subsidiaries, or predecessors in interest, detailing the steps to be undertaken and/or documents to be reviewed or disregarded  in the examination, evaluation or review of the Plaintiff, Plaintiff's medical records or Plaintiff's claim for benefits.

11.     Produce all electronically stored information referencing or pertaining to the Plaintiff.

12.     Produce curriculum vitae for any medical personnel, to include nurses, doctors, surgeons, whether RNs, LPNs, or MD's, or Ph.D.'s who examined, evaluated, or reviewed Plaintiff, Plaintiff's claim for benefits or medical records or any other materials related to the Plaintiff.

13.     Produce any and all documentation, to include checks, authorizations for payment, or any other documentation detailing the amount paid or that may be paid by (or to) You or any Defendant for any medical professional's examination, evaluation, or review of Plaintiff, Plaintiff's medical records or Plaintiff's claim for benefits.

14.     Produce all "administrative messages", emails, or any other form of internal communication, reflecting or relating to any communications referencing or pertaining to the

6

Plaintiff and/or any examination, evaluation, or review of Plaintiff, Plaintiff's medical records or Plaintiff's claim for benefits.

15.    Produce all documents referencing or regarding the Plaintiff prepared by or provided to You or any Defendant by any medical professional, including but not limited to any physician, who examined, evaluated, or reviewed Plaintiff, Plaintiff's medical records or Plaintiff's claim for benefits.

16.    Produce all documents created by or provided by You, Your consultants, employees, subsidiaries, or predecessors or successors in interest, regarding the assessment of the Plaintiff's medical condition and how that condition may affect the Plaintiff's ability to work.

17.    Produce all documentation prepared by You or on Your behalf or provided to You or any medical professional that reflects, refers, or establishes those duties of the Plaintiff's occupation before the Plaintiff filed a claim.

18.    Produce any statement, telephone recording or tape conversation of Plaintiff's conversations or communications with You, Your employees, agents, or representatives.

19.    Produce any tapes, photographs or recordings in unedited format, by whatever media, including any surveillance tapes, of the Plaintiff.

20.    Produce each and every document provided to You or any medical professional related to, or to be utilized, in the examination, evaluation, or review of Plaintiff, Plaintiff's medical records or Plaintiff's claim for benefits.

21.    Produce and identify by Bates number every medical report referencing or referring to the Plaintiff. This response should include any internal memorandums regarding the Plaintiff's claims, to include any documentation generated by your agents or employees reviewing information pertaining to the Plaintiff.

7

22.    Produce and identify by Bates number any document identified in response to any of the preceding Interrogatories.

23.    Produce any and all correspondence, including but not limited to any correspondence in electronic medium or otherwise, related to the selection of any medical profession who performed any examination, evaluation, or review of Plaintiff, Plaintiff's medical records or Plaintiff's claim for benefits.

24.    Produce any and all criteria and/or guidelines of any kind provided by any Defendant related to the selection of any medical professional who performed any examination, evaluation, or review of Plaintiff, Plaintiff's medical records or Plaintiff's claim for benefits.

25.    In responding to these requests for production, if you have, by way of reference to a general objection or by offering a specific objection to any individual request, claimed a right to protection from discovery of certain documents by operation of the attorney-client privilege, the work product doctrine, or any other privilege afforded under law, please state the following with respect to each such document for which said privilege is asserted:

    (a)    The date of the document;

    (b)    The author(s) of the document;

    (c)    Each addressee or recipient of the document including carbon copy and blind copyholders;

    (d)    The factual basis for your privilege claimed;

    (e)    The specific privilege claimed; and

    (f)    The location of the document.

_____
Jenifer Champ Wallis
Attorney for Plaintiff


Thomas O. Sinclair
Jenifer Champ Wallis
CAMPBELL, GIDIERE, LEE, SINCLAIR & WILLIAMS
2100-A SouthBridge Parkway, Suite 450
Birmingham, Alabama 35209
Ph:    (205) 803-0051
Fax:   (205) 803-0053
E-mail:  jwallis@cgl-law.com
E-mail:  tsinclair@cgl-law.com

9

## CERTIFICATE OF SERVICE

I hereby certify that on April 16, 2008, I deposited the above and foregoing in the United States Mail, with correct postage and properly addressed to the following:

David B. Hall
Julie C. Metheny
BAKER DONELSON
420 North 20th Street, Suite 1600
Birmingham, AL  35203

Christopher Morris
BAKER DONELSON
One American Place
301 North Main Street, Suite 810
Baton Rouge, LA  70825

Steven F. Casey
BALCH & BINGHAM, LLP
1901 Sixth Avenue North, Suite 2700
Birmingham, AL  35203

OF COUNSEL

10

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| HERBERT JACK GOLDEN; | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: 2:08-cv-70-WKW |
| | ) | |
| SUN LIFE FINANCIAL, INC.; | ) | |
| SUN LIFE ASSURANCE COMPANY OF | ) | |
| CANADA; MCMC, LLC; | ) | |
| | ) | |
|     Defendants. | ) | |

**PLAINTIFF'S FIRST REQUESTS FOR ADMISSION**
**TO SUN LIFE ASSURANCE COMPANY OF CANADA**

COMES NOW the Plaintiff, Herbert Jack Golden, and requests that the Defendant Sun Life Assurance Company of Canada (hereinafter referred to as "Sun Life", "You", "Your", "Yours", or "Defendant(s)") answer the following Requests for Admission, separately, severally, fully, in writing and under oath within the time prescribed by the applicable Rules of Civil Procedure.

**INSTRUCTIONS**

A.     **Use of "General Objections"**

If offering in prefatory statements or referencing in specific responses "General Objections" in response to an interrogatory, <u>cite specifically to each general objection applicable to the individual interrogatory</u>.

B.     **Objections based on "Attorney / Client" privilege or the "Work Product" doctrine**

If objecting to a Request for Admission on the basis of attorney / client or work product privilege (either through reference to General Objections or within the response to the individual request), produce a Privilege Log as required by the applicable Rules of Civil Procedure.

## REQUESTS FOR ADMISSION

1.     Admit that MCMC, llc or "Peer Review Analysis" performed fiduciary functions with regard to Plaintiff's claim for benefits.

2.     Admit that MCMC, llc's actions or "Peer Review Analysis'" actions, with regard to Plaintiff's claim for benefits render MCMC, llc or "Peer Review Analysis" an ERISA "fiduciary", as that term is defined under ERISA, in this action.

3.     Admit that You contracted with MCMC, llc or "Peer Review Analysis", to hire medical professionals, including but not limited to physicians, to review Plaintiff's claim for benefits.

4.     Admit that You contracted with MCMC, llc or "Peer Review Analysis" to hire medical professionals, including but not limited to physicians, to review medical documents pertaining to Plaintiff.

5.     Admit that You have a contract and/or service agreement with MCMC, llc or "Peer Review Analysis" to perform certain fiduciary functions, or contract third parties to perform certain fiduciary functions, with regard to the Plan at issue.

6.     Admit that the services MCMC, llc or "Peer Review Analysis" provided played a substantial role in making the determination of benefits at issue.

Jenifer Champ Wallis
Attorney for Plaintiff

Thomas O. Sinclair (SIN018)
Jenifer Champ Wallis (WAL191)
Campbell, Gidiere, Lee, Sinclair & Williams
Suite 450, 2100-A SouthBridge Parkway
Birmingham, AL 35209
(205) 803-0051
Fax: (205) 803-0053

2

E-mail: tsinclair@cgl-law.com
E-mail: jwallis@cgl-law.com

### CERTIFICATE OF SERVICE

I hereby certify that on April 16, 2008, I deposited the above and foregoing in the United States Mail, with correct postage and properly addressed to the following:

David B. Hall
Julie C. Metheny
BAKER DONELSON
420 North 20th Street, Suite 1600
Birmingham, AL  35203

Christopher Morris
BAKER DONELSON
One American Place
301 North Main Street, Suite 810
Baton Rouge, LA  70825

Steven F. Casey
BALCH & BINGHAM, LLP
1901 Sixth Avenue North, Suite 2700
Birmingham, AL  35203

OF COUNSEL