IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| HERBERT JACK GOLDEN; | ) | |
| | ) | |
|    Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: 2:08-cv-70-WKW |
| | ) | |
| SUN LIFE FINANCIAL, INC.; | ) | |
| SUN LIFE ASSURANCE COMPANY OF | ) | |
| CANADA; | ) | |
| PEER REVIEW ANALYSIS, INC.; | ) | |
| MCMC, LLC; | ) | |
| THE SEYDEL COMPANIES EMPLOYEE | ) | |
| BENEFIT PLAN; | ) | |
| | ) | |
|    Defendants. | ) | |

**SUN LIFE'S RESPONSE TO
THE COURT'S APRIL 17, 2008 BREIFING ORDER**

Defendants, Sun Life Financial, Inc., ("Sun Life Financial") and Sun Life Assurance Company of Canada ("Sun Life Assurance") (collectively "Sun Life"), submit this response to the Court's April 17, 2008 Order requesting briefing with respect to the permissibility of discovery in cases arising under Section 502(a)(1)(B) of the Employee Retirement Security Income Act of 1974, 29 U.S.C. § 1001, *et seq.* ("ERISA").[1] As asserted in Sun Life's Answer,[2] in its Rule 26(f) Report submitted to the Court, and as more fully discussed below, Plaintiff is not entitled to conduct discovery in this case beyond the administrative record.

---

[1] Sun Life notes that the text of the Court's Order requires the parties to establish why this case should <u>not</u> be reviewed solely upon the pleadings, briefs, and exhibits. *See* April 17, 2008 Order, Rec. Doc. No. 26. Thus, it appears to Sun Life that the burden is on the Plaintiff to establish why discovery beyond the administrative record would be permissible. To provide the Court with its views on this issue, Sun Life submits this Response.

[2] *See* Answer of Defendants Sun Life Financial, Inc. and Sun Life Assurance Company of Canada, Rec. Doc. No. 8.

A.     **Factual And Procedural Background.**

Herbert J. Golden ("Plaintiff ") instituted this action against both Sun Life Financial and Sun Life Assurance seeking long-term disability ("LTD") benefits from a group LTD policy (the "Policy") issued by Sun Life Assurance to his former employer, Seydel International, Inc. Because the Policy insures benefits payable to Seydel International employees in the event of disability, the Policy qualifies as an "employee welfare benefit plan" as defined in Section 3(1) of ERISA, 29 U.S.C. § 1002(1). In his lawsuit, Plaintiff seeks payment of LTD benefits pursuant to Section 502(a)(1)(B) of ERISA, 29 U.S.C. § 1132(a)(1)(B) and statutory penalties pursuant to Section 502(c), 29 U.S.C. § 1132(c).[3]

Where a plan document such as the policy at issue includes a grant of discretionary authority to the claim administrator to interpret policy provisions and decide eligibility for benefits, courts reviewing the administrator's decisions in the context of claims asserted under Sections 502(a)(1)(B) and 502(c) are restricted to the so-called "administrative record." The administrative record, in turn, is a collection of documents created and received during the internal administrative claims and appeals process involving the claimant and the claims administrator. That administrative process is a prerequisite to bringing an action for benefits due under Section 502(a)(1)(B). *See Variety Children's Hosp., Inc. v. Century Med. Health Plan, Inc.*, 57 F.3d 1040, 1042 (11th Cir. 1995). Because the policy documents here vest Sun Life Assurance with the requisite discretionary authority, there can be no discovery in this case other than that necessary to identify the applicable administrative record and insurance policy on

---

[3] The rules governing discovery in Section 502(c) cases are essentially the same as those that apply in the context of claims under Section 502(a)(1)(B). *See Curry v. Contract Fabricators Inc. Profit Sharing Plan*, 744 F. Supp. 1061 (M.D. Ala. 1988) (citing *Porcellini v. Strassheim Printing Co., Inc.*, 578 F. Supp. 605 (E.D. Pa. 1983). Thus, Sun Life does not separately address those claims here.

which Sun Life Assurance determined Plaintiff's eligibility for long-term disability benefits.[4] Sun Life has already served those materials on Plaintiff and filed them with the Court on April 18, 2008. *See* Rec. Doc. No. 25.

> **B.     Sun Life Assurance's Benefits Decision Is Subject To Review Pursuant To The Arbitrary And Capricious Standard.**

ERISA itself provides no standard for reviewing decisions of claim administrators or fiduciaries when those decisions are challenged in benefit claims. *Firestone Tire & Rubber Co. v. Bruch,* 489 U.S. 101, 109, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989). But the Court in *Firestone* established three distinct standards for reviewing administrators' benefit determinations: (1) *de novo* where the plan does not grant the administrator discretion (2) "arbitrary and capricious" where the plan grants the administrator such discretion; and (3) "heightened arbitrary and capricious" where the plan grants the administrator such discretion but the administrator has a conflict of interest. *See HCA Health Servs. of Georgia., Inc. v. Employers Health Ins. Co.,* 240 F.3d 982, 993 (11th Cir. 2001) (quoting *Buckley v. Metro. Life,* 115 F.3d 936, 939 (11th Cir. 1997)).

The Eleventh Circuit applies a special, multi-step approach when reviewing virtually all ERISA-plan benefit denials.[5] In *Williams v. Bell South Telecommunications Inc.*, 373 F.3d 1132 (11th Cir. 2004), the court outlined the application of this approach in detail. The district court must first determine whether it agrees with the plan administrator's decision (which, if it does,

---

[4]     Nevertheless, Sun Life Financial is neither the Plan, the Plan Administrator, nor the insurer of benefits offered through the Plan, and cannot, therefore, be liable to Plaintiff under either Section 502(a)(1)(B) or Section 502(c). *See*, *e.g.*, *Useden v. Acker,* 947 F.2d 1575 (11th Cir. 1991), *cert denied*, 508 U.S. 959 (1993). Consequently, Sun Life Financial does not have an obligation to participate in discovery with Plaintiff in any event.

[5]     *See HCA Health Servs. of Georgia., Inc. v. Employers Health Ins. Co.*, 240 F.3d 982 (11th Cir. 2001). The same standards are applied to both benefits denials based on plan interpretations as well those based on factual determinations, since many, if not most determinations will involve "issues of both plan interpretation and fact." *Shaw v. Connecticut Gen. Life Ins. Co.,* 353 F.3d 1276, 1285 (11th Cir. 2003).
3

results in dismissal of the suit)[6] and, if not, whether the plan or policy documents at issue vest the administrator with discretion. Where the benefit plan documents provide the claims administrator with discretion to interpret the plan provisions or to determine a particular beneficiary's entitlement to benefits, a district court is then required to use the highly deferential "arbitrary and capricious" standard in reviewing a decision from the administrator. *See Williams*, 373 F.3d at 1137; *Slaughter v. Sheet Metal Workers' Local No. 85 Pension Plan*, No. 1:03-CV-3410-WSD, 2006 WL 1734254, at *4 (N.D. Ga. June 23, 2006). The Eleventh Circuit has characterized this standard of review as "substantively the same as the abuse of discretion standard." *Williams*, 373 F.3d at 1137 (internal quotation marks omitted). Overall, the deference afforded to an administrator with discretionary powers is intended to "avoid judicial second guessing/intrusion" into the administrator's determination. *Id.*

As noted above, if the claims administrator is under a so-called "conflict of interest," (*e.g.*, the administrator decides claims and pays them from its own assets) then the court must apply a "heightened arbitrary and capricious" review standard while reviewing the challenged decision. *Id*. However, the claimant carries the burden of showing that the administrator of a discretion-vesting plan was conflicted. *Id.* at 1138.

The Policy vests Sun Life Assurance with discretion to make eligibility and benefits determinations. *See* Policy Document, p. 34, Bates No. Golden000036 ("Proof [of claim] must be satisfactory to Sun Life"). *See also* Plaintiff's Complaint (alleging that Sun Life acted arbitrarily and capriciously in denying Plaintiff's benefit claim). Notably, the Plaintiff has not even alleged that a conflict of interest influenced the denial of his claim for benefits. *See*

---

[6] *See HCA*, 240 F.3d at 993 n. 23.

4

Plaintiff's Complaint.[7] Thus, Sun Life Assurance's decision with regard to Plaintiff's claim for benefits must be reviewed under the deferential arbitrary and capricious standard of review.

### C. Because The Arbitrary And Capricious Standard Applies, Discovery In This Case Is Limited To The Administrative Record.

In reviewing a benefit determination under the arbitrary and capricious standard, the court is restricted to the review of the documents that were before the administrator when it made the decision, *e.g.*, the administrative record and policy. *See Kaplan v. Blue Cross Blue Shield of Florida, Inc.*, No. 06-80162, 2007 WL 764304, at *2 (S.D. Fla. March 9, 2007); *Lane v. Hartford Life & Acc. Ins. Co.*, No. 804CV654T24TBM, 2006 WL 118302, at *4 (M.D. Fla. Jan. 13, 2006) (collecting cases; holding that court could not consider documents from outside the administrative record when reviewing benefits decision).[8]

Because the arbitrary and capricious standard applies here, this Court's analysis of the benefits eligibility determination made by Sun Life Assurance is limited to a review of the administrative record in the form in which it existed when Sun Life Assurance denied Plaintiff's

---

[7] Even had Plaintiff made allegations of a conflict of interest in his Complaint, it would be incongruent with the ERISA claims review process to require the type of open-ended discovery suggested in Plaintiff's proposed discovery plan to determine what standard of review should be used during the second part of the Court's claim review process. It would be much more efficient for the Court to first determine whether Sun Life's decision was *de novo* wrong. If the decision was not *de novo* wrong, then this case will come to an end and the question of the standard of review applicable during the second part of the review process is irrelevant. Only if the court determines that Sun Life Assurance's benefits decision was *de novo* wrong should the parties and the Court even consider some limited discovery in this case.

[8] *See Lee v. Blue Cross/Blue Shield of Alabama*, 10 F.3d 1547, 1550 (11th Cir. 1994)(stating that the court is required to look only to the facts known to the administrator at the time that the decision was made to deny coverage); *Richards v. Hartford Life Ins. Co.*, 356 F.Supp.2d 1278, 1285, 1288 (S.D. Fla. 2004)(stating that the court confines its review to the administrative record as it existed at the time the administrator denied the claim, and refusing to consider a declaration of the plaintiff's doctor that was not before the administrator at the time that it denied the claim); *Parness v. Metropolitan Life Ins. Co.*, 291 F. Supp. 2d 1347, 1356 n. 4 (S.D. Fla. 2003)(stating that courts limit their review to the administrative record that was before the administrator at the time that it denied the claim, and declining to consider evidence submitted in connection with the motion for summary judgment); *Carnaghi v. Phoenix American Life Ins. Co.*, 238 F. Supp. 2d 1373, 1377 (N.D. Ga. 2002)(refusing to consider additional evidence submitted to the plan administrator after the administrator rendered its final decision); *Schindler v. Metropolitan Life Ins. Co.*, 141 F. Supp. 2d 1073, 1080 (M.D. Fla. 2001)(stating that the court confines its review to the administrative record as it existed at the time the administrator denied the claim).

claim for LTD benefits. As a result, discovery in this case would only be permissible to identify the applicable administrative record and insurance policy on which Sun Life Assurance determined Plaintiff's eligibility for disability benefits.[9] Sun Life, however, has previously produced those materials to Plaintiff and filed them with the Court on April 18, 2008.

A review of the administrative record will reveal that Sun Life Assurance's claim determination was correct and that it did not act arbitrarily, capriciously, or contrary to law in denying Plaintiff's claim for benefits under the Policy. Sun Life Assurance complied with all provisions of the Policy in considering Plaintiff's claim for long-term disability benefits. To be sure, all actions taken by Sun Life Assurance were done in good faith.

### D. CONCLUSION.

This Court's review in an ERISA benefits case is limited to the administrative record created during the administrator's internal review of its claims determination. Since Sun Life has already produced the administrative record and the Policy at issue, no discovery is relevant or permissible in this case.[10] For the forgoing reasons, the Sun Life maintains that this case should be decided on the pleadings, briefs and exhibits, and that the Court should not permit Plaintiff to conduct discovery beyond the contents of administrative record.

---

[9] Because this case involves a review on an administrative record, it is exempt from the initial disclosure requirements imposed by Fed. R. Civ. P. 26. *See* Fed. R. Civ. P. 26(a)(1)(B)(i).

[10] *See* Rule 26(f) Report of Parties Planning Meeting, Rec. Doc. 22.

M SRH1 1082727 v1
2787711-000014

Respectfully submitted,

**BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ, PC**


s/ Christopher G. Morris
David Hall (AL #HAL052)
Christopher G. Morris (LA #28847)
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.
301 N. Main Street, Suite 810
Baton Rouge, Louisiana 70825
Telephone:  (225) 381-7000
Facsimile:  (225) 343-3612
E-mail:  dhall@bakerdonelson.com
E-mail:  cmorris@bakerdonelson.com

*Attorneys for Defendants Sun Life Assurance Company of Canada and Sun Life Financial, Inc.*

7

**CERTIFICATE OF SERVICE**

I hereby certify that on May 1, 2008, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties/counsel indicated on the electronic filing receipt, including those listed below. All other parties, if any, will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

    Thomas O. Sinclair
    Jenifer Champ Wallis
    Campbell, Gidiere, Lee
     Sinclair & Williams
    2100-A South Bridge Parkway
    Suite 450
    Birmingham, AL  35209

                                              s/Christopher G. Morris
                                              Christopher G. Morris

M SRH1 1082727 v1
2787711-000014