# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| HERBERT JACK GOLDEN; | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.:  2:08-cv-70-WKW |
| | ) |
| SUN LIFE FINANCIAL, INC.; | ) |
| SUN LIFE ASSURANCE COMPANY OF | ) |
| CANADA; MCMC, LLC; | ) |
| | ) |
|     Defendants. | ) |

**PLAINTIFF'S RESPONSE TO THIS HONORABLE COURT'S ORDER AND STATEMENT OF WHETHER THIS CASE MAY BE DECIDED ON THE PLEADINGS, BRIEFS AND EXHIBITS**

Comes now, Herbert Jack Golden ("Plaintiff"), and in response to this Honorable Court's Order (Doc. # 26), states that the decision of whether this case should be decided on the pleadings, briefs and exhibits is premature where no discovery documents have been exchanged and the applicable standard of review has not been determined.  Plaintiff hereby incorporates by reference as though fully set forth herein his Response to This Honorable Court's Order and Statement of Why Discovery is Necessary and Critical, filed contemporaneously herewith.

As this Honorable Court is well aware, the facts of the particular case determine which, of several varying levels of review, ranging from *de novo* to the arbitrary and capricious standard, a Court is to utilize when determining whether the denial of a claim for ERISA benefits is wrongful as a matter of law.  *See Firestone Tire and Rubber Co. v. Bruch*, 489 U.S. 101, 109 S. Ct. 948 (1989).  This case is in its beginning stages:  Plaintiff's discovery requests are as yet unanswered; Defendants have not produced Initial Disclosures; and no depositions have been

1

taken. It is therefore too early to determine whether a *de novo*, arbitrary and capricious standard of review or somewhere in between will apply. If an arbitrary and capricious standard of review applies, the case should likely be decided on the pleadings, briefs and exhibits after discovery is completed. If, however, a *de novo* standard of review applies, a trial on the merits would be more appropriate.

## CONCLUSION

For the reasons set forth herein, Plaintiff respectfully requests this Honorable Court make the determination of whether the case should be decided on the pleadings, briefs and exhibits after sufficient discovery has been conducted to determine what standard of review should be applied. Plaintiff also respectfully requests this Honorable Court allow full and complete discovery pursuant to the Federal Rules of Civil Procedure, Department of Labor regulations and applicable case law, as is fully set forth in Plaintiff's contemporaneously filed Response to this Honorable Court's Order and Statement of Why Discovery is Necessary and Critical.

Respectfully submitted,

/s/ Jenifer Champ Wallis
Jenifer Champ Wallis
One of the Attorneys for Plaintiff

OF COUNSEL:
Thomas O. Sinclair (SIN018)
Jenifer Champ Wallis (WAL191)
CAMPBELL, GIDIERE, LEE, SINCLAIR & WILLIAMS, L.L.C.
2100-A SouthBridge Parkway, Suite 450
Birmingham, AL 35209
(205).803-0051
Fax: (205).803-0053

## CERTIFICATE OF SERVICE

2

3

I hereby certify that on the 1st day of May, 2008, a copy of the foregoing was served on all counsel of record via the Alabama State Court E-file system as follows:

David B. Hall
Julie C. Metheny
BAKER DONELSON
420 North 20th Street, Suite 1600
Birmingham, Alabama  35203

Christopher Morris
BAKER DONELSON
One American Place
301 North Main Street, Suite 810
Baton Rouge, Louisiana  70825

Steven F. Casey
BALCH & BINGHAM LLP
1901 Sixth Avenue North, Suite 2700
Birmingham, Alabama  35203

/s/ Jenifer Champ Wallis
Of Counsel