IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| HERBERT JACK GOLDEN; | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.:  2:08-cv-70-WKW |
| | ) | |
| SUN LIFE FINANCIAL, INC.; | ) | |
| SUN LIFE ASSURANCE COMPANY OF | ) | |
| CANADA; | ) | |
| PEER REVIEW ANALYSIS, Inc.; | ) | |
| MCMC, LLC; | ) | |
| THE SEYDEL COMPANIES EMPLOYEE | ) | |
| BENEFIT PLAN; | ) | |
| | ) | |
| Defendants. | ) | |

**SUN LIFE'S MOTION FOR LEAVE
TO FILE REPLY IN SUPPORT OF ITS RESPONSE
TO THE COURT'S APRIL 17, 2008 BREIFING ORDER**

NOW INTO COURT, through undersigned counsel, come Defendants, Sun Life Financial, Inc. and Sun Life Assurance Company of Canada (collectively "Sun Life"), and submit this Motion for Leave to File Reply in support of their Response to the Court's April 17, 2008 Briefing Order.  Sun Life's Reply Brief is comprised of a mere four pages of argument addressed pointedly at issues raised by the parties in their briefing on the propriety of discovery in this case.  Sun Life respectfully submits that its Reply Brief would assist the Court in making a decision on those issues.  Accordingly, Sun Life requests the Court to grant it leave to file its Reply Brief.

Respectfully submitted,

**BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ, PC**


s/ Christopher G. Morris
David Hall (AL #HAL052)
Christopher G. Morris (LA #28847)
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.
301 N. Main Street, Suite 810
Baton Rouge, Louisiana 70825
Telephone:  (225) 381-7000
Facsimile:  (225) 343-3612
E-mail:  dhall@bakerdonelson.com
E-mail:  cmorris@bakerdonelson.com

*Attorneys for Defendants Sun Life Assurance Company of Canada and Sun Life Financial, Inc.*

2

## CERTIFICATE OF SERVICE

    I hereby certify that on May 12, 2008, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties/counsel indicated on the electronic filing receipt, including those listed below. All other parties, if any, will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

    Thomas O. Sinclair
    Jenifer Champ Wallis
    Campbell, Gidiere, Lee
     Sinclair & Williams
    2100-A South Bridge Parkway
    Suite 450
    Birmingham, AL 35209

                                                    s/Christopher G. Morris
                                                    Christopher G. Morris

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| HERBERT JACK GOLDEN; | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.: 2:08-cv-70-WKW |
| | ) |
| SUN LIFE FINANCIAL, INC.; | ) |
| SUN LIFE ASSURANCE COMPANY OF | ) |
| CANADA; | ) |
| PEER REVIEW ANALYSIS, Inc.; | ) |
| MCMC, LLC; | ) |
| THE SEYDEL COMPANIES EMPLOYEE | ) |
| BENEFIT PLAN; | ) |
| | ) |
| Defendants. | ) |

**SUN LIFE'S REPLY IN SUPPORT OF ITS RESPONSE TO
THE COURT'S APRIL 17, 2008 BREIFING ORDER**

Defendants, Sun Life Financial, Inc., ("Sun Life Financial") and Sun Life Assurance Company of Canada ("Sun Life Assurance") (collectively "Sun Life"), submit this Reply in support of their Response to the Court's April 17, 2008 Order (the "Response"),[1] and state as follows:

Plaintiff's response to the Court's April 17, 2008 Order conflates various issues that are to be resolved through review of the relevant administrative record into a justification for engaging in burdensome, far-reaching, and entirely unnecessary discovery. Plaintiff first claims that discovery is required to determine the standard of review that the Court is to apply in reviewing the administrative record. This Court can and should, however, ascertain that from the face of the relevant policy document. *See*, *e.g.*, *Reeve v. UNUM Life Ins. Co. of America*, 170

---

[1] Unless otherwise defined herein, the capitalized terms have the same meanings assigned them in Sun Life's Response.

Fed. Appx. 108, 111-12 (11th Cir. 2006) (policy language granting discretionary authority to administrator eliminated possibility of *de novo* review of administrator's determination).

Sun Life produced the policy applicable to Plaintiff's claim for benefits on April 18, 2008, along with the administrative record. At the same time, Sun Life also provided Plaintiff with the declaration of Brian Sullivan, Benefit Consultant for Sun Life, in which Mr. Sullivan certified under penalties of perjury that the policy document and administrative record as produced are complete, and that those materials comprised the documentary basis for the claims decision rendered by Sun Life Assurance. As noted in Sun Life's Response, Plaintiff has not alleged that Sun Life Assurance was operating under any conflict of interest when it made that decision. Thus, there is no need to conduct discovery into the proper standard of review – that question has already been answered by the "satisfactory proof" language contained in the policy document. *See* Policy Document, p. 34, Bates No. Golden000036 ("Proof [of claim] must be satisfactory to Sun Life"); *Curran v. Kemper Nat'l Servs., Inc.*, No. 04-04097, 2005 WL 894890, at *3 (11th Cir. Mar. 16, 2005) ("[w]e have held that this type of language, requiring that proof be satisfactory or acceptable to the administrator, is sufficient to convey discretion and to apply the arbitrary and capricious standard of review.").[2]

Next, Plaintiff explains that he would like to conduct discovery to determine if the administrative record produced by Sun Life is complete. It is hard to imagine a more inefficient manner in which to make that determination. The pre-litigation internal administrative review

---

[2] Even were Plaintiff to allege that Sun Life operated under a conflict of interest because it both reviews and pays claims from its own assets, the Court would then apply a "heightened" arbitrary and capricious review standard. *See Richards v. Hartford Life & Acc. Ins. Co.*, 153 Fed. Appx. 694, 695-96 (11th Cir. 2005). That standard is only somewhat less deferential than the ordinary arbitrary and capricious standard, and is applied automatically by the reviewing court. *Id.* Even then, however, the question of the applicable standard becomes relevant only where the court has first concluded that the administrator's decision was *de novo* wrong – *e.g.*, that it disagrees with the administrator. *Id.* The Court yet to make that determination here. For all of these reasons, there is simply no need for discovery on the standard of review issue.

process envisioned by ERISA is an interactive endeavor, with the administrator requesting information from the claimant, and the claimant being permitted to submit documentation to the administrator in support of his claim. *See*, *e.g.*, 29 C.F.R. § 2560.503-1(h)(ii) (providing claimant opportunity to submit "written comments, documents, records, and other information relating to the claim for benefits"). Because of the interactive nature of the review process, Plaintiff should be able to identify any materials he claims are missing from the record. He has not done so here, but nevertheless insists that discovery is necessary. The Sullivan Declaration establishes that the administrative record produced by Sun Life is complete, and Plaintiff has no competent evidence to the contrary. Plaintiff's indistinct request to conduct discovery into the completeness of the administrative record should be seen for what it is – a fishing expedition. The Court should, therefore, reject that request.

Using a similar approach, Plaintiff requests discovery to ascertain whether Sun Life credited certain medical evidence in the administrative record. By requesting that "credit" discovery, Plaintiff is actually asking to conduct his own review of Sun Life's claim determination prior to submitting that determination to the Court. Such an intermediate step in the claims review process is both unnecessary and completely unsupported by ERISA. The parties have completed the internal administrative review of Plaintiff's claim. The time is ripe for that determination to be submitted to the Court and to have the Court determine whether Sun Life Assurance's claim decision was arbitrary and capricious. That determination will necessarily include a review of whether Sun Life Assurance's decision is supported by the materials in the administrative record, including the referenced medical information. The "credit" discovery sought by Plaintiff is therefore unnecessary.

Overall, Plaintiff is asking the Court to rewrite the well-established review procedure

3

required in the context of Section 502(a)(1)(B) claims. Sun Life did not craft the rules restricting that review to the administrative record. Rather, the federal courts adopted those restrictions to further ERISA's goals of relying on private claims administrators to resolve benefit claims and, if court review becomes necessary, fostering inexpensive judicial relief. *See Perrino v. Southern Bell Tel. & Tel. Co.*, 209 F.3d 1309, 1315 (11th Cir. 2000) (holding that the purposes of the ERISA review process as established reduces costs and number of frivolous lawsuits); *Williams v. Bellsouth Telecommunications, Inc.*, 373 F.3d 1132, 1137 (11th Cir. 2004) (procedure and arbitrary and capricious review standard designed to prevent second guessing of claims administrator); *Kaplan v. Blue Cross Blue Shield of Florida, Inc.*, No. 06-80162, 2007 WL 764304, at *2 (S.D. Fla. March 9, 2007) (court limited to administrative record); *Lane v. Hartford Life & Acc. Ins. Co.*, No. 804CV654T24TBM, 2006 WL 118302, at *4 (M.D. Fla. Jan. 13, 2006) (collecting cases; holding that court could not consider documents outside the administrative record when reviewing benefits decision).

"Discovery" in this type of case occurs during the internal administrative review process, when the claimant is permitted to submit any materials he chooses in support of his claim. By the time the dispute reaches a federal district court, however, that court's role is strictly limited to a review of what the administrative process has already created and does not permit commencing that process anew.[3]

This Court should, therefore, reject Plaintiff's attempt to treat this litigation as any other run-of-the-mill contract case and to have discovery swallow the carefully-crafted review scheme

---

[3] As Plaintiff notes in his Response, prior to awaiting the Court's resolution of these discovery issues, he served Sun Life with discovery requests. Plaintiff appears to argue that the pendency of those requests is somehow dispositive of the discovery issues. To the contrary, because those requests improperly seek discovery to which Plaintiff is not entitled, they are also ineffective to change the rules that govern Section 502(a)(1)(B) claims.

4

that applies to Section 502(a)(1)(B) claims.  Plaintiff's far reaching requests for discovery should be denied.

                    Respectfully submitted,

                    **BAKER DONELSON BEARMAN**
                    **CALDWELL & BERKOWITZ, PC**

                    s/ Christopher G. Morris
                    David Hall (AL #HAL052)
                    Christopher G. Morris (LA #28847)
                    BAKER, DONELSON, BEARMAN,
                    CALDWELL & BERKOWITZ, P.C.
                    301 N. Main Street, Suite 810
                    Baton Rouge, Louisiana 70825
                    Telephone:  (225) 381-7000
                    Facsimile:  (225) 343-3612
                    E-mail:  dhall@bakerdonelson.com
                    E-mail:  cmorris@bakerdonelson.com

                    *Attorneys for Defendants Sun Life Assurance Company of Canada and Sun Life Financial, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 12, 2008, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties/counsel indicated on the electronic filing receipt, including those listed below. All other parties, if any, will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

    Thomas O. Sinclair
    Jenifer Champ Wallis
    Campbell, Gidiere, Lee
     Sinclair & Williams
    2100-A South Bridge Parkway
    Suite 450
    Birmingham, AL  35209

                            s/Christopher G. Morris
                            Christopher G. Morris

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| HERBERT JACK GOLDEN; | ) | |
| | ) | |
|    Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: 2:08-cv-70-WKW |
| | ) | |
| SUN LIFE FINANCIAL, INC.; | ) | |
| SUN LIFE ASSURANCE COMPANY OF | ) | |
| CANADA; | ) | |
| PEER REVIEW ANALYSIS, Inc.; | ) | |
| MCMC, LLC; | ) | |
| THE SEYDEL COMPANIES EMPLOYEE | ) | |
| BENEFIT PLAN; | ) | |
| | ) | |
|    Defendants. | ) | |

## **ORDER**

THIS MATTER came before the Court on the Motion of Defendants, Sun Life Financial, Inc. and Sun Life Assurance Company of Canada (collectively, "Sun Life"), for Leave to File a Reply Memorandum in Support of their Response to the Court's April 17, 2008 Briefing Order. Upon consideration of the Motion for Leave, and finding it well taken,

IT IS HEREBY ORDERED that Sun Life's Motion for Leave is GRANTED. Sun Life is permitted to file its Reply Memorandum, which is accepted into the record of the Court.

DONE AND ORDERED this _____ day of _____, 2008 in chambers.

 

_____
JUDGE