# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| HERBERT JACK GOLDEN; | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.: 2:08-cv-70-WKW |
| | ) |
| SUN LIFE FINANCIAL, INC.; | ) |
| SUN LIFE ASSURANCE COMPANY OF | ) |
| CANADA; MCMC, LLC; | ) |
| | ) |
| Defendants. | ) |

### PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO FILE REPLY

Comes now, Herbert Jack Golden ("Plaintiff"), and files this Response in Opposition to Sun Life's Motion for Leave to File Reply (Doc. No. 33). Defendants' proffered Reply merely reiterates argument already before this Honorable Court by repeating the Defendants' view (sufficiently addressed in their Response, Doc. No. 30) that Defendants alone may determine whether they must comply with the Federal Rules of Civil Procedure and what this Honorable Court may review in its adjudication of this case. For the reasons set forth herein and those reasons set forth in Plaintiff's Responses to this Honorable Court's April 17th Order (Docs. No. 29 and 31), Plaintiff respectfully requests this Honorable Court deny the Sun Life Defendants' Motion for Leave to File Reply.

### I. Defendants' Proffered Reply Presents No New Arguments.

Defendants' proffered Reply only reasserts arguments that were already before this Honorable Court – by reiterating their untenable position that Defendants alone may determine

1

what constitutes the ERISA record – and therefore their Motion for Leave should be denied for this reason alone.  As Plaintiff has amply briefed in his Responses (Docs. No. 29 and 31), the fact that this is an ERISA action does not result in the suspension of the Federal Rules of Civil Procedure.  Rather, the fact that this action is governed by ERISA, a statute "enacted to promote the interests of employees [such as Plaintiff] … and protect their contractually defined rights[,]" requires this Honorable Court to carefully consider whether Plaintiff's statutorily and contractually defined rights are adequately protected by allowing Defendants to unilaterally define the ERISA record with no oversight whatsoever.  *Firestone Tire and Rubber Co. v. Bruch*, 489 U.S. 101, 113, 109 S. Ct. 948 (1989).

## II. <u>Defendants' Demand that Plaintiff Identify Specific Missing Documents is Illogical</u>.

Defendants' proffered Reply demands that Plaintiff identify any materials he claims are missing from the ERISA record, despite the fact that Defendants unilaterally selected the documents for the ERISA record from their own documents and are therefore the only parties to this litigation who could have knowledge of the documents omitted.  Defendants' argument, that Plaintiff should have the intuitive ability to specifically identify the omitted documents is illogical.  Moreover, Plaintiff's narrowly tailored discovery requests <u>do</u> identify, to the best of Plaintiff's ability, those documents that should be included in the ERISA record.  Finally, Defendants' argument wholly ignores that the Department of Labor has defined those documents which should be included in the ERISA record as "all documents, records, and other information <u>relevant</u> to the claimant's claim for benefits."  29 CFR § 2560.503-1. (Emphasis added).  29 CFR 2560.503-1(m)(8) defines "relevant" as all documents, records or other information which was "relied upon in the making of the benefit determination", <u>or</u> "was submitted, considered, or generated in the course of making the benefit determination, "*without regard to whether such*

*document, record or other information was relied upon in making the benefit determination*", and "demonstrates compliance with the administrative processes and safeguards required." (Emphasis added). Defendants' carefully worded Declaration of Brian Sullivan, attached hereto as Exhibit A, merely addresses those documents Defendants allegedly "received or compiled" and does not establish that all <u>relevant</u> documents, as that term is defined by the Department of Labor regulations, were included in their narrowly tailored ERISA record.

### III. The Applicable Standard of Review is This Honorable Court's Determination Alone.

Defendants' proffered Reply presents no new argument but merely reiterates their theme of attempting to circumvent statutory safeguards and judicial review to which their denial of Plaintiff's claim for Long Term Disability ("LTD") benefits is subject. The applicable standard of review is this Honorable Court's, rather than Defendants' determination. What entity made the final decision to deny Plaintiff's claim for LTD benefits, whether that entity was granted discretionary authority to make such a determination by the policy, whether that entity was operating under a conflict of interest and whether the entity's denial of benefits advances its own interests, rather than the beneficiary's conflicting interest are all matters bearing on the applicable standard of review and are for <u>this</u> <u>Honorable</u> <u>Court</u> to decide – not Defendants.

### CONCLUSION

Because Defendants proffered Reply merely reiterates argument already before this Honorable Court and for all the reasons set forth herein, Plaintiff respectfully requests this Honorable Court deny Defendants' Motion for Leave to File Reply.

        Respectfully submitted,

        /s/ Jenifer Champ Wallis
        Jenifer Champ Wallis
        One of the Attorneys for Plaintiff

OF COUNSEL:
Thomas O. Sinclair (SIN018)
Jenifer Champ Wallis (WAL191)
CAMPBELL, GIDIERE, LEE, SINCLAIR & WILLIAMS, L.L.C.
2100-A SouthBridge Parkway, Suite 450
Birmingham, AL 35209
(205).803-0051
Fax:  (205).803-0053

**CERTIFICATE OF SERVICE**

  I hereby certify that on the 14th day of May, 2008, a copy of the foregoing was served on all counsel of record via the Alabama State Court E-file system as follows:

David B. Hall
Julie C. Metheny
BAKER DONELSON
420 North 20th Street, Suite 1600
Birmingham, Alabama 35203

Christopher Morris
BAKER DONELSON
One American Place
301 North Main Street, Suite 810
Baton Rouge, Louisiana 70825

Steven F. Casey
BALCH & BINGHAM LLP
1901 Sixth Avenue North, Suite 2700
Birmingham, Alabama 35203

              /s/ Jenifer Champ Wallis
              Of Counsel

EXHIBIT

"A"

EXHIBIT "A"

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| HERBERT JACK GOLDEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| SUN LIFE FINANCIAL, INC.; SUN ) | Civil Action No. 2:08-cv-70-WKW |
| LIFE ASSURANCE COMPANY OF ) | |
| CANADA; PEER REVIEW ANALYSIS, ) | |
| INC.; MCMC, LLC; THE SEYDEL ) | |
| COMPANIES EMPLOYEE BENEFIT ) | |
| PLAN, ) | |
| ) | |
| Defendants. ) | |

## DECLARATION OF Brian Sullivan

Brian Sullivan, being duly sworn, deposes and states as follows:

1. I am over the age of 18 and I am competent to testify to the matters contained herein.

2. I am a Benefit Consultant for claims under long-term disability ("LTD") insurance policies issued by Sun Life Assurance Company of Canada ("Sun Life").

3. The collection of documents attached hereto as Exhibit A, GOLDEN 00001 through GOLDEN 01114, is a complete and accurate copy of the claim file ("the Claim File") that Sun Life compiled on plaintiff, Herbert Jack Golden's ("Golden") claim for LTD benefits under the policy at issue in this case. The Claim File contains all documents Sun Life received or compiled relating to Golden's claim and also contains a copy of group policy no. 61976 ("the

2

Policy") under which Golden made the claim for benefits at issue in this case. The Policy is found on pages GOLDEN 00001 through GOLDEN 00039. The Claim File is kept by Sun Life in the course of its regularly conducted business activities and in accordance with its regular business practices.

4. Exhibit A contains all information relating to Golden's claim for LTD benefits before Sun Life at the time it made the final decision that is the subject of Golden's lawsuit and, therefore, constitutes the Administrative Record pertaining to Golden's claim for LTD benefits.

I DECLARE UNDER penalty of perjury that the foregoing is true and correct. Executed on the 17th day of April, 2008.

## CERTIFICATE OF SERVICE

The undersigned certifies that on April 17, 2008, a copy of the foregoing document was sent via Federal Express to:

>Thomas O. Sinclair
>Jenifer Champ Wallis
>Campbell, Gidiere, Lee
> Sinclair & Williams
>2100-A SouthBridge Parkway
>Suite 450
>Birmingham, AL  35209

s/ Christopher G. Morris
Christopher G. Morris
