THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| HERBERT JACK GOLDEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 2:08-CV-70-WKW |
| ) | |
| SUN LIFE FINANCIAL, INC.; ) | |
| SUN LIFE ASSURANCE ) | |
| COMPANY OF CANADA; PEER ) | |
| REVIEW ANALYSIS, INC.; ) | |
| MCMC, LLC; and THE SEYDEL ) | |
| COMPANIES EMPLOYEE ) | |
| BENEFIT PLAN, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OF DEFENDANT MCMC LLC IN OPPOSITION TO PLAINTIFF'S FIRST MOTION TO COMPEL**

Defendant MCMC LLC ("MCMC") submits this memorandum in opposition to the Plaintiff's First Motion to Compel ("Pl. Motion").

Plaintiff Herbert Jack Golden ("Golden") has moved to compel MCMC "to produce all service agreements between MCMC (or any of its subsidiaries or predecessor companies) and any of the Sun Life Defendants." (Pl. Motion, p. 1). Golden claims that such documents are relevant because MCMC has "placed the contents" of any such agreement "at issue by arguing that it is not a fiduciary" of the Plan in question. (Pl. Motion, pp. 1-2). Without any explanation, Golden cites *Anderson v. Unum Life Ins. Co. of America*, 414 F.Supp.2d 1079 (M.D.Ala. 2006) as support for his motion.

Golden's position with respect to the law is backwards. MCMC does not have the onus of proving it is not a fiduciary just because Golden has sued MCMC. As numerous courts have held, unless a plaintiff's complaint contains specific allegations showing that

the alleged fiduciary was vested with decision-making authority over a plan, the complaint cannot even withstand a motion to dismiss for failure to state a claim. *See Milofsky v. American Airlines, Inc.,* 404 F.3d 338, 342 (5th Cir. 2005) (plaintiffs' allegations that defendant third-party administrator acted as a fiduciary because it performed administrative or ministerial services were insufficient to allow the claim to survive a 12(b)(6) motion to dismiss); *Custer v. Sweeney,* 89 F.3d 1156, 1161-63 (4th Cir.1996) (amended complaint dismissed because it lacked "specific allegations capable of demonstrating that" defendant acted as a fiduciary); *Erbe v. Billeter,* 2007 WL 2905890, at *6 (W.D.Pa. 2007) (granting defendant's motion to dismiss because court was not required to consider plaintiff's "conclusory allegations of discretionary authority/fiduciary status" and complaint lacked any facts showing that defendant was a fiduciary); *Fagan v. First Sec. Invs., Inc.,* No. 04 Civ. 1021, 2006 WL 2671044, at *5 (S.D.N.Y. 2006) (dismissing cause of action for breach of fiduciary duty where there was nothing in the complaint to suggest the existence of a fiduciary relationship other than plaintiffs' conclusory allegation that defendants were fiduciaries).

As MCMC has pointed out in its summary judgment papers, Golden's complaint does not contain even one allegation that would support a conclusion that MCMC had any decision-making authority over the plan in question here. Moreover, Golden sued MCMC even though the claims file, which he had been given by Sun Life Assurance Company of Canada ("Sun Life") prior to commencing this lawsuit, showed that MCMC had no involvement in the decision to terminate his LTD benefits, and its involvement only consisted of providing a peer review report to Sun Life in February 2003.

The frivolous nature of Golden's motion to compel is magnified by Sun Life's

admission that it is the plan administrator and that it made the decision to terminate plaintiff's LTD benefits in February 2007. Hence, the administrative record indisputably establishes that Sun Life is the fiduciary. Finally, Golden's motion is nothing but harassment since the Court has not yet decided whether it will allow discovery outside of the administrative record, and MCMC's motion for summary judgment is pending before the Court.

Indeed, MCMC is left to wonder why Golden persists in asserting what can only be described as an unfounded co-fiduciary theory in a routine denial of disability benefits case. MCMC is not aware of any ERISA case in which a court held that two (or more) persons or entities acted as fiduciaries in denying a plaintiff's claim for disability benefits or later deciding to terminate such benefits. Certainly, Golden's reliance on *Anderson v. Unum Life Ins. Co. of America* does not support that theory. The only conceivable basis for citing that case is that there was a threshold issue as to whether Unum Provident or its subsidiary, Unum Life Insurance Co., made the decision to deny the plaintiff's claim for benefits. 414 F.Supp.2d at 1086. The court stated that it was puzzled that there was even argument as to that issue because the letters denying the plaintiff's claim, which were included in the administrative record, clearly established that Unum Provident made the decision to deny the plaintiff's claim. *Id.* at 1089-1100. In contrast, in this case, the documents in the administrative record clearly show that Sun Life, and only Sun Life, made the decision to terminate Golden's LTD benefits.

## **CONCLUSION**

For the foregoing reasons, the Court should deny Golden's motion to compel and either (1) award MCMC its reasonable attorneys' fees and costs incurred in defending

against Golden's motion; or (2) order Golden's attorneys to show cause why their conduct has not violated Rule 11(b).

Respectfully submitted this 5th day of June 2008.

/s/ Steven F. Casey
Steven F. Casey
Balch & Bingham LLP
1901 Sixth Avenue North, Ste. 1500
Birmingham, AL  35203-2015
Telephone: (205) 226-3454
Facsimile: (205) 488-5848
scasey@balch.com
Counsel for MCMC, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on June 5, 2008, I electronically filed the foregoing with the clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Thomas O. Sinclair
Jenifer Champ Wallis
Campbell, Gidiere, Lee, Sinclair & Williams
2100-A SouthBridge Parkway, Suite 450
Birmingham, AL 35209

David B. Hall
Julie C. Metheny
Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C.
420 North 20th Street, Suite 1600
Birmingham, AL 35203

Christopher Morris
Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C.
One American Place
301 N. Main Street, Suite 810
Baton Rouge, LA 70825

Charles A. Stewart III
Bradley Arant Rose & White LLP
The Alabama Center for Commerce
401 Adams Avenue, Suite 780
Montgomery, AL 36104

Amelia T. Driscoll
Bradley Arant Rose & White LLP
1819 Fifth Avenue North
Birmingham, AL 35203

/s/ Steven F. Casey
Steven F. Casey