**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| HERBERT JACK GOLDEN; | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.:  2:08-cv-70-WKW |
| | ) | |
| SUN LIFE FINANCIAL, INC.; | ) | |
| SUN LIFE ASSURANCE COMPANY OF | ) | |
| CANADA; | ) | |
| PEER REVIEW ANALYSIS, Inc.; | ) | |
| MCMC, LLC; | ) | |
| THE SEYDEL COMPANIES EMPLOYEE | ) | |
| BENEFIT PLAN; | ) | |
| | ) | |
| Defendants. | ) | |

## SUN LIFE'S MOTION FOR PROTECTIVE ORDER

Defendants, Sun Life Financial, Inc., ("Sun Life Financial") and Sun Life Assurance Company of Canada ("Sun Life Assurance") (collectively "Sun Life"), pursuant to Fed. R. Civ. P. 26(c), and for the reasons set forth in the attached Memorandum in Support, respectfully move this Court for an Order that discovery not be had in this case.  In the alternative, Sun Life requests the Court to enter an Order staying discovery in this litigation until such time as the Court has issued a ruling in connection with its April 17, 2008 Show Cause Order.

Respectfully submitted,

**BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ, PC**

s/ Christopher G. Morris
David Hall (AL #HAL052)
Christopher G. Morris (LA #28847)
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.
301 N. Main Street, Suite 810
Baton Rouge, Louisiana 70825
Telephone:  (225) 381-7000
Facsimile:  (225) 343-3612
E-mail:  dhall@bakerdonelson.com
E-mail:  cmorris@bakerdonelson.com

*Attorneys for Defendants Sun Life Assurance
Company of Canada and Sun Life Financial, Inc.*

2

## CERTIFICATE OF SERVICE

I hereby certify that on June 5, 2008, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties/counsel indicated on the electronic filing receipt, including those listed below. All other parties, if any, will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

> Thomas O. Sinclair
> Jenifer Champ Wallis
> Campbell, Gidiere, Lee
>   Sinclair & Williams
> 2100-A South Bridge Parkway
> Suite 450
> Birmingham, AL  35209

> s/Christopher G. Morris
> Christopher G. Morris

3

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

| | | |
|---|---|---|
| HERBERT JACK GOLDEN; | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.:  2:08-cv-70-WKW |
| | ) | |
| SUN LIFE FINANCIAL, INC.; | ) | |
| SUN LIFE ASSURANCE COMPANY OF | ) | |
| CANADA; | ) | |
| PEER REVIEW ANALYSIS, Inc.; | ) | |
| MCMC, LLC; | ) | |
| THE SEYDEL COMPANIES EMPLOYEE | ) | |
| BENEFIT PLAN; | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM IN SUPPORT OF
## SUN LIFE'S MOTION FOR PROTECTIVE ORDER

Defendants, Sun Life Financial, Inc., ("Sun Life Financial") and Sun Life Assurance Company of Canada ("Sun Life Assurance") (collectively "Sun Life"), submit this Memorandum in Support of Sun Life's Motion for Protective Order.  In support of that Motion, Sun Life respectfully states as follows:

1.    Plaintiff initiated this action on January 30, 2008, seeking long-term disability benefits under a policy of insurance issued by Sun Life Assurance.  *See* Complaint, Rec. Doc. No. 1.  The policy insures a group long-term disability plan adopted by Plaintiff's former employer and, thus, is governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* ("ERISA").  Because Plaintiff's claim seeks benefits from an ERISA plan, it arises under Section 502(a)(1)(B) of ERISA, 29 U.S.C. § 1132(a)(1)(B).

2.    On April 9, 2008, the parties filed a report of their scheduling meeting.  *See* Rec. Doc. No. 22.  In that report, Sun Life informed the Court that because this is an action under

Section 502(a)(1)(B), the only proper discovery in this case is limited to the identification of the administrative record on which Sun Life Assurance based its denial of Plaintiff's LTD benefit claim. *Id.* Meanwhile, Plaintiff refused to recognize any discovery limitation applicable to Section 502(a)(1)(B) claims and noted as much in his scheduling report inserts. *Id.* Thus, even in the initial stages of this litigation, it was apparent that the parties disputed whether discovery should move forward in this case.

3.      Although well aware of Sun Life's position on the inapplicability of normal discovery rules here, on April 16, 2008, Plaintiff served Sun Life Financial, Sun Life Assurance, and MCMC, LLC with several discovery requests. Specifically, Plaintiff issued a set of interrogatories and requests for production to Sun Life Financial. At the same time Plaintiff issued interrogatories, requests for production, and requests for admission to Sun Life Assurance. Plaintiff also served MCMC with discovery requests. The discovery pleadings are attached collectively as Exhibit "1" to Rec. Doc. No. 29.

4.      Thereafter, on April 17, 2008, the Court issued a Show Cause Order requiring Plaintiff to establish why discovery <u>should be permitted in this case</u> (not just as to Sun Life). *See* Rec. Doc. No. 26. Plaintiff and Sun Life both submitted briefing on that issue. *See* Rec. Doc. Nos. 29, 31 (Plaintiff's discovery submissions), and 30 (Sun Life's discovery submission). Sun Life's Discovery Submission explained that in ERISA benefits cases, discovery should be limited to the production of the administrative record on which the administrator made its decision relative to the Plaintiff's benefit claim. *See generally*, Sun Life's Discovery Submission, Rec. Doc. No. 30.

5.      The Court has not issued a ruling on the permissibility or scope of discovery in this case. Accordingly, prior to the ostensible due date for Plaintiff's discovery requests to Sun

2

Life, the parties reached an agreement to delay the due date for Sun Life to respond to those requests until fourteen days after the Court renders a decision on the permissibility of discovery here. *See* Email dated May 16, 2008 from Sun Life's counsel to Plaintiff's counsel, attached as Exhibit "A."[1]

6.     Unfortunately, Plaintiff has now seen fit to end-run the parties' discovery agreement and the rules applicable to this type of litigation. Rather than waiting for a decision from the Court on the permissibility of discovery <u>in this entire case and as to any defendant</u>, Plaintiff issued subpoenas to SourceCorp and Social Security Law Group, LLP. The proposed subpoenas request those entities to produce a broad range of materials, including "[a]ny and all documents related to Herbert Jack Gordon . . . including but not limited to "his claim for LTD benefits with Sun Life Assurance Company of Canada [, h]is claim for Social Security Disability benefits[, and y]our representation of him in his claim for Social Security Disability benefits." *See* subpoena materials, attached as Exhibit "B." Further, the subpoenas indicate that these requests:

> [i]nclude[] without limitation any correspondence between You and any entity, including but not limited to Sun Life Assurance Company of Canada, Mr. Golden . . . or any medical providers. This request also includes, without limitation, any representations You made regarding Mr. Golden, his claim for LTD benefits or his claim for Social Security Disability benefits to any entity, including but not limited to Sun Life Assurance Company of Canada and the Social Security Administration.

*Id.* Plaintiff has also moved to compel production of any and all service agreements by and between Sun Life and MCMC. *See* Rec. Doc. No. 38. Thus, Plaintiff is now attempting to

---

[1]     That agreement does not mean that Sun Life believes that Plaintiff's discovery requests are proper or that the law requires Sun Life to respond to them. Rather, as shown below, the agreement was intended to put off the filing of additional discovery materials into the Court (*e.g.*, motions to compel or for protective orders) based on the same arguments presented in the parties' respective discovery submissions. At this point, however, those additional filings are regrettably unavoidable.

obtain from third parties many of the same materials that were requested in his discovery requests to Sun Life – requests that he agreed to stay pending a discovery ruling from the Court.

7.    Plaintiff has now contacted Sun Life and indicated that the parties should file a joint motion for clarification, requesting the Court to issue a ruling in connection with its Show Cause Order.    Accordingly, Sun Life prepared the required pleadings.    *See* Proposed Joint Motion and Order attached as Exhibit "C."    Those pleadings requested a ruling from the Court in connection with the Show Cause Order and also asked the Court to enter an additional Order staying discovery in this action until it issued that ruling.    The purpose of the requested stay was to forestall the need for the parties to submit additional briefing as to particular discovery requests or issues pending a ruling from the Court on the larger discovery issue.

8.    Plaintiff refused to sign on to the Joint Motion and Order.    Instead, Plaintiff sent Sun Life the pleading attached as Exhibit "D" hereto, in which Plaintiff proposed to ask the Court whether its Show Cause Order was intended to stay discovery in this case.    But there are two problems with the question as phrased by Plaintiff.    *First*, in Sun Life's view, that question was answered by the Show Cause Order itself.    That Order required Plaintiff to establish why discovery should be permitted here.    It would make no sense for the parties to engage in the type of open-ended discovery requested by Plaintiff only to have the Court later rule that discovery is impermissible or substantially restricted given the nature of this case.    *Second*, the question posed by Plaintiff falls one step short of requesting an answer to the larger, controlling question regarding the permissibility or extent of discovery in this litigation.    There is no scheduling order in place here.    Thus, Plaintiff would not be prejudiced by simply agreeing to postpone discovery until the Court rules in connection with its Show Cause Order.    Nevertheless, Plaintiff refuses to do so, all the while feigning confusion over the nature or intent of the Show Cause Order.

BA CGM 15167 v3
2787711-000014

9.      Overall, Plaintiff is disrupting orderly procedure by requesting discovery from SourceCorp, Social Security Law Group, and MCMC before the Court has ruled on whether discovery should be permitted beyond the production of the administrative record.  Accordingly, Sun Life has no choice but to do what it suggested to Plaintiff that the parties should not do – file additional briefs requesting discovery-related relief pending a ruling from the Court on the larger discovery issue.  *See* Letters from Sun Life's counsel to Plaintiff's counsel dated, respectively, May 14, 2008 and May 16, 2008, attached collectively as Exhibit "E."  Sun Life cannot stand by as Plaintiff continues to operate as though this is a typical case – discovery and all – while precedent from the Eleventh Circuit indicates to the contrary and this Court is considering that very issue.  *See generally* Sun Life's Discovery Submission, Rec. Doc. 30; Exhibit E.  Under these circumstances, it is hard to explain Plaintiff's behavior, unless it is intended to unnecessarily drive up the costs of these proceedings to induce defendants to settle.  But the proper use of discovery, even where it is permitted, should not be as a weapon to short-circuit a party's ability to protect its rights through the imposition of unnecessary expense.

10.      Accordingly, and pursuant to Fed. R. Civ. P. 26(c), Sun Life respectfully requests the Court to enter a Protective Order that discovery not be had in this case from Sun Life, MCMC, or any other defendant or third party.  Rather, the Court should conclude that discovery in this case is limited to the production of the relevant administrative record, which Sun Life has already provided to Plaintiff.  In additional support of this request, Sun Life adopts the arguments it presented in its Discovery Submission as though those arguments were fully set forth herein.  In the alternative, the Court should enter an order staying discovery in this litigation until such time as it has issued a ruling in connection with its Show Cause Order.

**<u>CERTIFICATE</u>**

I hereby certify that counsel for Sun Life and Plaintiff held discussions to determine if the issues discussed herein could be resolved informally.   The parties were unable to reach an agreement.


/s Christopher G. Morris
CHRISTOPHER G. MORRIS


Respectfully submitted,

**BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ, PC**


s/ Christopher G. Morris
David Hall (AL #HAL052)
Christopher G. Morris (LA #28847)
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.
301 N. Main Street, Suite 810
Baton Rouge, Louisiana 70825
Telephone:  (225) 381-7000
Facsimile:  (225) 343-3612
E-mail:  dhall@bakerdonelson.com
E-mail:  cmorris@bakerdonelson.com

*Attorneys for Defendants Sun Life Assurance
Company of Canada and Sun Life Financial, Inc.*

6

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 5, 2008, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties/counsel indicated on the electronic filing receipt, including those listed below.  All other parties, if any, will be served by regular U.S. Mail.  Parties may access this filing through the Court's electronic filing system.

Thomas O. Sinclair
Jenifer Champ Wallis
Campbell, Gidiere, Lee
  Sinclair & Williams
2100-A South Bridge Parkway
Suite 450
Birmingham, AL  35209

s/Christopher G. Morris
Christopher G. Morris

BA CGM 15167 v3
2787711-000014

**Morris, Christopher**

| | |
|---|---|
| **From:** | Morris, Christopher |
| **Sent:** | Friday, May 16, 2008 2:55 PM |
| **To:** | 'Jenifer Wallis' |
| **Cc:** | Hall, David; Headrick, Russell; Kristen Gardner; Tom Sinclair |
| **Subject:** | RE: Golden v. Sun Life |

Jenifer:

This is to confirm your client's agreement to provide Sun Life 14 days to respond to your client's discovery requests should the Court issue a ruling requiring discovery to move forward in this case.

Best regards,

**Christopher G. Morris**
Baker, Donelson, Bearman, Caldwell & Berkowitz, PC
One American Place
301 North Main Street, Suite 830
Baton Rouge, LA 70825
Direct: 225.381.7006
Main: 225.381.7000
Fax: 225.343.3612
E-mail: cmorris@bakerdonelson.com
www.bakerdonelson.com

Baker, Donelson, Bearman, Caldwell & Berkowitz, PC
represents clients across the U.S. and abroad from offices
in Alabama, Georgia, Louisiana, Mississippi, Tennessee,
Washington, D.C. and a representative office in Beijing,
China.

---

**From:** Jenifer Wallis [mailto:jwallis@cgl-law.com]
**Sent:** Friday, May 16, 2008 2:14 PM
**To:** Morris, Christopher
**Cc:** Hall, David; Headrick, Russell; Kristen Gardner; Tom Sinclair
**Subject:** RE: Golden v. Sun Life

**JENIFER CHAMP WALLIS**
Campbell, Gidiere, Lee, Sinclair & Williams
2100-A Southbridge Parkway • Suite 450
Birmingham • Alabama 35209
205 803-7325 fax/205 803-0053
jwallis@cgl-law.com

 Campbell, Gidiere, Lee
Sinclair & Williams

The information contained in this message may be attorney-client privileged and contain confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone and delete the original message. Thank you.

6/5/2008

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | |
|---|---|
| HERBERT JACK GOLDEN; | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.: 2:08-cv-70-WKW |
| | ) |
| SUN LIFE FINANCIAL, INC.; | ) |
| SUN LIFE ASSURANCE COMPANY OF | ) |
| CANADA; MCMC, LLC; | ) |
| | ) |
| Defendants. | ) |

## <u>NOTICE OF INTENT TO SERVE SUBPOENA ON A NON-PARTY</u>

COMES NOW the Plaintiff, Herbert Jack Golden, and pursuant to Federal Rule of Civil Procedure 45, hereby notifies the parties in this matter that he intends to serve a non-party subpoena on the following:

> SOURCECORP
> 3333 West Division Street, Ste 216
> St. Cloud, MN 56301

You are hereby provided notice of the intent to issue this subpoena on June 3, 2008.

Jenifer Champ Wallis
One of the Attorneys for Plaintiff

**OF COUNSEL:**
Thomas O. Sinclair
Jenifer Champ Wallis
Campbell, Gidiere, Lee, Sinclair & Williams
2100-A SouthBridge Parkway, Suite 450
Birmingham, AL 35209
Phone: (205).803-0051
Fax:    (205).803-0053

1

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that on the 29th day of May, 2008, a copy of the foregoing was served via U. S. Mail and facsimile to the following:

David B. Hall, Esq.
Julie C. Metheny, Esq.
BAKER DONELSON
420 North 20th Street, Suite 1600
Birmingham, AL 35203

Christopher Morris, Esq.
BAKER DONELSON
One American Place
301 North Main Street, Suite 810
Baton Rouge, LA 70825

Steven F. Casey, Esq.
BALCH & BINGHAM LLP
1901 Sixth Avenue North, Suite 2700
Birmingham, AL 35203

Jenifer Champ Wallis
Of Counsel

2

%AO88 (Rev. 12/07) Subpoena in a Civil Case

**Issued by the**

# UNITED STATES DISTRICT COURT

District of Minnesota

| | |
|---|---|
| HERBERT JACK GOLDEN | **SUBPOENA IN A CIVIL CASE** |
| V. | |
| SUN LIFE FINANCIAL, INC., et. al. | Case Number:[1]  2:08-cv-70-WKW |
| | Middle District of Alabama |

TO:  SourceCorp
3333 West Division Street, Ste. 216
St. Cloud, MN  26301

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☑  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See attached Schedule A.

| PLACE | DATE AND TIME |
|---|---|
| | |

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| | |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Jenifer Champ Wallis, Attorney for Plaintiff, 2100-A Southbridge Parkway, Suite 450, Birmingham, Alabama  35209
(205) 803-0051

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev. 12/07) Subpoena in a Civil Case (Page 2)

---

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.
(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
(2) Command to Produce Materials or Permit Inspection.
(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
(3) Quashing or Modifying a Subpoena.
(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information;
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.
(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) DUTIES IN RESPONDING TO A SUBPOENA.
(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) Claiming Privilege or Protection.
(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.
The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

**SCHEDULE A**
**SUBPOENA TO SOURCECORP**

Any and all documents related to Herbert Jack Golden, (SSN: 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, DOB: 7/18/47, LTD 0810001-20002, SSLG 200310105-068) including but not limited to:

1.      His claim for LTD benefits with Sun Life Assurance Company of Canada.

2.      His claim for Social Security Disability benefits.

3.      Your representation of him in his claim for Social Security Disability benefits.

This request includes, without limitation, any correspondence between You and any entity, including but not limited to Sun Life Assurance Company of Canada, Mr. Golden, Social Security Law Group, or any medical providers. This request also includes, without limitation, any representations You made regarding Mr. Golden, his claim for LTD benefits or his claim for Social Security Disability benefits to any entity, including but not limited to Sun Life Assurance Company of Canada and the Social Security Administration.

3

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | |
|---|---|
| HERBERT JACK GOLDEN; | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Civil Action No.: 2:08-cv-70-WKW |
| | ) |
| SUN LIFE FINANCIAL, INC.; | ) |
| SUN LIFE ASSURANCE COMPANY OF | ) |
| CANADA; MCMC, LLC; | ) |
| | ) |
|     Defendants. | ) |

## NOTICE OF INTENT TO SERVE SUBPOENA ON A NON-PARTY

COMES NOW the Plaintiff, Herbert Jack Golden, and pursuant to Federal Rule of Civil Procedure 45, hereby notifies the parties in this matter that he intends to serve a non-party subpoena on the following:

> Social Security Law Group, L.L.P.
> Post Office Box 353
> Randolph, Massachusetts 02368-0353

You are hereby provided notice of the intent to issue this subpoena on June 3, 2008.

_____
Jenifer Champ Wallis
One of the Attorneys for Plaintiff

**OF COUNSEL:**
Thomas O. Sinclair
Jenifer Champ Wallis
Campbell, Gidiere, Lee, Sinclair & Williams
2100-A SouthBridge Parkway, Suite 450
Birmingham, AL 35209
Phone: (205).803-0051
Fax:   (205).803-0053

1

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that on the 29th day of May, 2008, a copy of the foregoing was served via U. S. Mail and facsimile to the following:

David B. Hall, Esq.
Julie C. Metheny, Esq.
BAKER DONELSON
420 North 20th Street, Suite 1600
Birmingham, AL 35203

Christopher Morris, Esq.
BAKER DONELSON
One American Place
301 North Main Street, Suite 810
Baton Rouge, LA 70825

Steven F. Casey, Esq.
BALCH & BINGHAM LLP
1901 Sixth Avenue North, Suite 2700
Birmingham, AL 35203

Jenifer Champ Wallis
Of Counsel

2

%sAO88 (Rev. 12/07) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT
### District of Massachusetts

HERBERT JACK GOLDEN

V.

SUN LIFE FINANCIAL, INC., et. al.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 2:08-cv-70-WKW

Middle District of Alabama

TO: Social Security Law Group, L.L.P.
Post Office Box 353
Randolph, Massachusetts 02368-0353

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See attached Schedule A.

| PLACE | DATE AND TIME |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Jenifer Champ Wallis, Attorney for Plaintiff, 2100-A Southbridge Parkway, Suite 450, Birmingham, Alabama 35209
(205) 803-0051

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev. 12/07) Subpoena in a Civil Case (Page 2)

---

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
|  |  |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
|  |  |

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

| Executed on | |
|---|---|
| DATE | SIGNATURE OF SERVER |
| | ADDRESS OF SERVER |

---

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

**(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.**
(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) Command to Produce Materials or Permit Inspection.
(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena.
(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.

(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information;
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) DUTIES IN RESPONDING TO A SUBPOENA.**
(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.
(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) CONTEMPT.**
The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

**SCHEDULE A**
**SUBPOENA TO SOCIAL SECURITY LAW GROUP, L.L.P.**

Any and all documents related to Herbert Jack Golden, (SSN: 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, DOB: 7/18/47, LTD 0810001-20002, SSLG 200310105-068) including but not limited to:

1.    His claim for LTD benefits with Sun Life Assurance Company of Canada.

2.    His claim for Social Security Disability benefits.

3.    Your representation of him in his claim for Social Security Disability benefits.

This request includes, without limitation, any correspondence between You and any entity, including but not limited to Sun Life Assurance Company of Canada, Mr. Golden, SourceCorp or any medical providers. This request also includes, without limitation, any representations You made regarding Mr. Golden, his claim for LTD benefits or his claim for Social Security Disability benefits to any entity, including but not limited to Sun Life Assurance Company of Canada and the Social Security Administration.

3

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| HERBERT JACK GOLDEN; | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.:  2:08-cv-70-WKW |
| | ) | |
| SUN LIFE FINANCIAL, INC.; | ) | |
| SUN LIFE ASSURANCE COMPANY OF | ) | |
| CANADA; | ) | |
| PEER REVIEW ANALYSIS, INC.; | ) | |
| MCMC, LLC; | ) | |
| THE SEYDEL COMPANIES EMPLOYEE | ) | |
| BENEFIT PLAN; | ) | |
| | ) | |
| Defendants. | ) | |

**JOINT MOTION OF PARTIES PERTAINING TO DISCOVERY**

The parties to this civil action, by and through counsel, hereby respectfully move this Court for a ruling on the issues presented in Plaintiff's Response to Order to Show Cause (Document #29), Sun Life's Response to Order to Show Cause (Document #30) and Plaintiff's Response to Order to Show Cause (Document #31) (collectively "the Discovery filings").  In connection with this motion, the parties also request the Court to enter an Order governing discovery in this case pending the ruling requested herein, as explained more fully below.

For grounds, the parties state to this Court that they have set forth their respective positions concerning the propriety and scope of discovery in this civil action that is governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* ("ERISA") in the Discovery filings.  Without waiving any position on any issue pertaining to the Discovery filings, the parties desire to remove uncertainty that currently exists in this litigation pending a ruling from the Court on the Discovery filings.  In addition, the parties desire to forestall the

need to engage in discovery disputes as to particularized discovery issues or requests pending the requested ruling. Accordingly, the parties urge this Court to rule on the Discovery filings, and also request that this Court enter a Order staying any discovery previously issued by any party in this civil action and prohibiting the issuance of any further discovery by any party to this civil action until this Court rules on the Discovery filings all as embodied in the proposed Agreed Order Pertaining to Discovery submitted herewith.

WHEREFORE, the parties to this civil action jointly request that this Court enter the proposed Agreed Order Pertaining to Discovery submitted herewith.

Respectfully submitted,

s/ Jenifer Champ Wallis
Thomas O. Sinclair (SIN018)
Jenifer Champ Wallis (WAL191)
CAMPBELL, GIDIERE, LEE, SINCLAIR & WILLIAMS
Suite 450, 2100-A SouthBridge Parkway
Birmingham, Alabama 35209
Telephone: (205) 803-0051
Facsimile: (205) 803-0053
E-mail: tsinclair@cgl-law.com
E-mail: jwallis@cg1-law.com
*Attorneys for Plaintiff*

s/ Christopher G. Morris
David Hall (AL #HAL052)
Christopher G. Morris (LA #28847)
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.
301 N. Main Street, Suite 810
Baton Rouge, Louisiana 70825
Telephone: (225) 381-7000
Facsimile: (225) 343-3612
E-mail: dhall@bakerdonelson.com
E-mail: cmorris@bakerdonelson.com
*Attorneys for Sun Life Assurance Company of Canada and Sun Life Financial, Inc*

s/ Steven F. Casey
Steven F. Casey
BALCH & BIRMINGHAM LLP
1901 Sixth Avenue North, Ste. 2700
Birmingham, AL 35203-2015
Telephone: (205) 226-3454
Facsimile: (205) 488-5848
E-mail: scasey@balch.com
*Attorney for MCMC LLC*

3

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| HERBERT JACK GOLDEN; | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: 2:08-cv-70-WKW |
| | ) | |
| SUN LIFE FINANCIAL, INC.; | ) | |
| SUN LIFE ASSURANCE COMPANY OF | ) | |
| CANADA; | ) | |
| PEER REVIEW ANALYSIS, INC.; | ) | |
| MCMC, LLC; | ) | |
| THE SEYDEL COMPANIES EMPLOYEE | ) | |
| BENEFIT PLAN; | ) | |
| | ) | |
|     Defendants. | ) | |

## AGREED ORDER PERTAINING TO DISCOVERY

The parties to this civil action have jointly moved this Court for an Order pertaining to discovery. The parties have done so without waiving any rights they have pertaining to any issues presented in Plaintiff's Response to Order to Show Cause (Document #29), Sun Life's Response to Order to Show Cause (Document #30) and Plaintiff's Response to Order to Show Cause (Document #31), upon which the Court has yet to rule. The parties further desire for this Court to clarify the status of discovery in this case until it rules on Plaintiff's Response to Order to Show Cause (Document #29), Sun Life's Response to Order to Show Cause (Document #30) and Plaintiff's Response to Order to Show Cause (Document #31).

In accordance with the Joint Motion submitted by the parties, it is hereby ORDERED as follows:

1.    Any and all discovery previously served in this civil action is hereby STAYED, such that no party or third party is required to respond or otherwise take any action with respect

to that discovery until this Court rules on Plaintiff's Response to Order to Show Cause (Document #29), Sun Life's Response to Order to Show Cause (Document #30) and Plaintiff's Response to Order to Show Cause (Document #31).

      2.     It is further ORDERED that no further discovery may be issued by any party or served on any party or any third party until this Court rules on Plaintiff's Response to Order to Show Cause (Document #29), Sun Life's Response to Order to Show Cause (Document #30) and Plaintiff's Response to Order to Show Cause (Document #31).

      ORDERED this _____ day of _____, 2008.


                        _____

                        W. KEITH WATKINS
                        UNITED STATES DISTRICT JUDGE


CONSENTED TO AND APPROVED FOR ENTRY:


s/ Jenifer Champ Wallis_____
Thomas O. Sinclair (SIN018)
Jenifer Champ Wallis (WAL191)
CAMPBELL, GIDIERE, LEE, SINCLAIR & WILLIAMS
Suite 450, 2100-A SouthBridge Parkway
Birmingham, Alabama 35209
Telephone:  (205) 803-0051
Facsimile:  (205) 803-0053
E-mail:  tsinclair@cgl-law.com
E-mail:  jwallis@cg1-law.com
*Attorneys for Plaintiff*

s/ Christopher G. Morris
David Hall (AL #HAL052)
Christopher G. Morris (LA #28847)
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.
301 N. Main Street, Suite 810
Baton Rouge, Louisiana 70825
Telephone: (225) 381-7000
Facsimile: (225) 343-3612
E-mail: dhall@bakerdonelson.com
E-mail: cmorris@bakerdonelson.com
*Attorneys for Sun Life Assurance Company of
Canada and Sun Life Financial, Inc*


s/ Steven F. Casey
Steven F. Casey
BALCH & BIRMINGHAM LLP
1901 Sixth Avenue North, Ste. 2700
Birmingham, AL 35203-2015
Telephone: (205) 226-3454
Facsimile: (205) 488-5848
E-mail: scasey@balch.com
*Attorney for MCMC LLC*

3

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | |
|---|---|
| HERBERT JACK GOLDEN; | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )Civil Action No.:  2:08-cv-70-WKW |
| | ) |
| SUN LIFE FINANCIAL, INC.; | ) |
| SUN LIFE ASSURANCE COMPANY OF | ) |
| CANADA; MCMC, LLC; | ) |
| | ) |
|     Defendants. | ) |

### PLAINTIFF'S MOTION FOR CLARIFICATION

Comes now Plaintiff, Herbert Jack Golden, and respectfully moves this Honorable Court for clarification regarding the Court's Show Cause Order dated April 17, 2008 (Doc. No. 26).

There is some confusion among the parties as to whether this Honorable Court's Order was intended to create a stay of discovery in this case.  (*See Exhibit A*).

WHEREFORE, Plaintiff respectfully requests this Honorable Court inform the parties as to whether discovery is stayed in this matter.

Respectfully submitted,


/s/ *Thomas O. Sinclair*
Thomas O. Sinclair
One of the Attorneys for Plaintiff

OF COUNSEL:
Thomas O. Sinclair (SIN018)
Jenifer Champ Wallis (WAL191)
CAMPBELL, GIDIERE, LEE, SINCLAIR & WILLIAMS, L.L.C.
2100-A SouthBridge Parkway, Suite 450
Birmingham, AL 35209

1

Telephone:  (205) 803-0051
Facsimile:   (205) 803-0053

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that on the 5th day of June, 2008, a copy of the foregoing was filed electronically using this Court's electronic filing system.  Notice of this filing is due to be served by operation of the Court's electronic filing system to the following parties indicated on the electronic filing receipt as participants in the Court's electronic filing system:

David B. Hall, Esq.
Julie C. Metheny, Esq.
BAKER DONELSON
420 North 20th Street, Suite 1600
Birmingham, Alabama  35203

Christopher Morris, Esq.
BAKER DONELSON
One American Place
301 North Main Street, Suite 810
Baton Rouge, Louisiana  70825

Steven F. Casey, Esq.
BALCH & BINGHAM LLP
1901 Sixth Avenue North, Suite 2700
Birmingham, Alabama  35203

/s/ *Thomas O. Sinclair*
Of Counsel



ONE AMERICAN PLACE
SUITE 810
301 N. MAIN STREET
BATON ROUGE, LOUISIANA 70825
PHONE: 225.381.7000
FAX: 225.343.3612

CHRISTOPHER G. MORRIS
Direct Dial: (225) 381-7006
Direct Fax: (225) 343-3612
E-Mail Address:cmorris@bakerdonelson.com

May 14, 2008

<u>**Via E-Mail**</u>

Ms. Jenifer Champ Wallis
2100-A Southbridge Parkway
Suite 450
Birmingham, AL 35209

      Re:    *Jack Golden v. Sun Life Insurance company, et al*
              <u>*U.S.D.C., M.D. AL., Suit No. 2:08-cv-70-WKW*</u>

Dear Ms. Wallis:

        This responds to your letter today proposing a Rule 37 conference this afternoon at 4:00. I am available at that time for the call.

        So that the parties' respective positions are clear heading into the conference, I would like to address a number of issues raised in your letter. As you are aware, the Court has asked the parties to submit briefing on the permissibility of discovery in this case due to the fact that it is a claim for benefits under Section 502(a)(1)(B) of ERISA. Indeed, the language of the Court's Order requesting that briefing requires <u>Plaintiff</u> to demonstrate why discovery <u>should be permitted</u>. Sun Life therefore rejects your client's implicit assertion that his claim is a run-of-the-mill breach of contract action where the normal rules governing discovery and disclosures would apply. Sun Life's position on these issues has, moreover, been consistent and was reflected in the report of the scheduling conference filed with the Court. Although the Court had not requested briefing on the permissibility of discovery at that time, it was already clear from the text of the scheduling conference report that there was a dispute between the parties on the discovery issue that would require resolution by the Court. Without waiting for that resolution, and in a clear attempt to needlessly escalate the dispute, your client served Sun Life with numerous discovery requests. The Court then requested briefing on the permissibility of discovery, a request that presupposes and confirms that those discovery requests are premature. Nonetheless, it is those premature requests that have led the parties to where they find themselves today.

Ms. Jenifer Champ Wallis
May 14, 2008
Page 2


While the parties can continue to argue amongst themselves on these issues, the key to their resolution is the Court's decision on the permissibility of discovery in this case. Although I did not mention it in my earlier e-mail to you, these procedural circumstances would probably permit Sun Life to simply do nothing with your discovery requests pending a ruling from the Court on the discovery issue. Nonetheless, in an abundance of caution, and so that Sun Life does not later find itself facing arguments that it waived objections or admitted matters addressed in your client's Requests for Admissions, Sun Life feels that it must file a motion for protective order. That being said, and upon further consideration, the motion for protective order and an accompanying motion to compel from your client are not likely to say anything that the parties have not already said in their discovery briefing filed with the Court. Rather, they will simply become part of the overall discovery issue that the Court has been called upon to resolve. If we could reach an understanding that would preserve Sun Life's objections, etc., to your client's discovery pending a ruling from the Court on the larger discovery issue, we could avoid a continued and, frankly, duplicative "back and forth" between the parties. Accordingly, Sun Life is amenable to discussions geared toward resolving these problems before they get started. For example, your client could withdraw his discovery requests, with an understanding that they would be served again should the Court come down on Plaintiff's side in its discovery ruling. Another alternative would be for your client to grant Sun Life an extension in which to respond to those requests that runs until 30 days after the Court issues a discovery order favorable to your client, if it indeed does so. Upon reflection, it appears that we can reach an agreement that does not prejudice either side, but that also does not burden the Court with additional pleadings.

Why don't we see if we can't resolve this issue amongst ourselves. I'm sure that, like Sun Life, your client is not interested in having the parties incur unnecessary expenses and attorney's fees. I look forward to speaking to you at 4:00.


Best regards,

Christopher G. Morris


CGM/eec



**BAKER DONELSON**
BEARMAN, CALDWELL
& BERKOWITZ, PC

ONE AMERICAN PLACE
SUITE 810
301 N. MAIN STREET
BATON ROUGE, LOUISIANA 70825
PHONE: 225.381.7000
FAX: 225.343.3612

CHRISTOPHER G. MORRIS
Direct Dial: (225) 381-7006
Direct Fax: (225) 343-3612
E-Mail Address:cmorris@bakerdonelson.com

May 16, 2008

**Via E-Mail**

Ms. Jenifer Champ Wallis
2100-A Southbridge Parkway
Suite 450
Birmingham, AL 35209

Re:    *Jack Golden v. Sun Life Insurance company, et al*
       *U.S.D.C., M.D. AL., Suit No. 2:08-cv-70-WKW*

Dear Ms. Wallis:

Thank you for taking the time to talk with me on Wednesday about the discovery situation in the above-captioned matter. During that conference, we discussed having the parties reach an informal agreement that would obviate the need for additional discovery filings in this case, whether in the form of a motion for protective order by Sun Life and/or a motion to compel from Plaintiff. As part of that discussion, you indicated that Plaintiff would be willing to agree to postpone the due date for Sun Life to respond to his discovery requests on a couple of conditions, one of which was to have Sun Life revise the declaration it filed with the Court certifying to the authenticity of the administrative record that it produced. Specifically, Plaintiff requested Sun Life to amend that certification to track the definition of "relevant" contained in 29 C.F.R. § 2550.503-1(m)(8)(i)-(iv) and, thus, certify that the administrative record meets that definition.

We must respectfully decline your request to have Sun Life revise its certification. Plaintiff's Complaint indicates that during the administrative review process, he requested Sun Life to produce all "relevant" documents, which plaintiff appeared to define as those documents described in subsection m(8) of the above-referenced regulations as well as other documents not falling within that definition. The Complaint also states that Sun Life responded to that request by producing Plaintiff's claim file. In Sun Life's Answer, Sun Life explained that while Sun Life Assurance did have certain responsibilities under the benefit plan at issue in this case, neither Sun Life Assurance nor Sun Life Financial, Inc. were an administrator charged with responding to requests for "plan documents," much less to the request for "relevant" documents as described in Plaintiff's expanded definition. Again, however, by Plaintiff's own admission, Sun Life did

BA CGM 15192 v1
2787711-000014

Ms. Jenifer Champ Wallis
May 16, 2008
Page 2

produce the claim file to your client during the administrative process, and, during that process, your client did not point to any prejudice he suffered resulting from Sun Life's response.

Since the institution of this litigation, Sun Life has produced the administrative record, which, as defined by Eleventh Circuit precedent, is the collection of documents that were before the claims administrator when it made its decision relative to the Plaintiff's benefit claim. Sun Life's certification declaration establishes that the record it produced meets this definition. As indicated in Sun Life's submissions in response to the Court's April 17, 2008 Briefing Order, discovery in this case should be limited to the identification and production of the relevant administrative record, not any and all "relevant" documents. Accordingly, and until the Court determines otherwise – if it does – Sun Life has satisfied its discovery and production obligations in this case. In Sun Life's view, revision of its certification to comport with Plaintiff's request would be tantamount to participating in discovery, and would also result in Sun Life taking positions on issues that it is not required to take.

With all of that being said, the main concern for Sun Life arising out of Plaintiff's discovery requests at this time – and the reason that it feels compelled to file a motion for protective order – is to prevent other parties from arguing later that Sun Life waived its objections to those requests or otherwise admitted matters contained in Plaintiff's requests for admissions. Since the obligation of Sun Life to respond to Plaintiff's discovery is in substantial question, Sun Life would still prefer not to engage in another round of discovery filings with the Court, especially when its concerns can be addressed through an informal agreement. Once the Court answers the overall question as to the permissibility of discovery, the parties can then turn to the specific issues raised in Plaintiff's discovery requests. Accordingly, Sun Life again submits that the parties should agree amongst themselves simply to stay Plaintiff's discovery requests until some time after the Court issues its ruling on the permissibility of discovery here. Sun Life would be amenable, as part of that agreement, to provide Plaintiff with an additional amount of time to conduct discovery equivalent to the length of the discovery stay so that he will not be prejudiced should the Court rule that discovery should move forward.

I will be in the office the remainder of the afternoon to discuss these issues. I look forward to hearing from you.

Best regards,

Christopher G. Morris