IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| HERBERT JACK GOLDEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:08-cv-070-WKW |
| | ) | [wo] |
| SUN LIFE FINANCIAL, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Jack Golden brings this case under the Employee Retirement Income Security

Act ("ERISA"), 29 U.S.C. §§ 1001-1461, regarding the denial of his claim for long term

disability benefits.  The issues currently before the court are: whether the parties are entitled

to discovery; whether the case should be decided on the basis of briefs, or set for trial;

whether defendant MCMC, LLC's ("MCMC") Motion for Summary Judgment (Doc. # 18)

is due to be granted; and whether MCMC's Motion for Sanctions (Doc. # 36) is due to be

granted.  The court finds that discovery is warranted in this case; the case should not, at this

point, be decided on the briefs; and both of MCMC's motions are due to be denied.

## I.  FACTS AND PROCEDURAL HISTORY

On January 30, 2008, Golden filed a complaint regarding the denial of long term

disability benefits against Defendants Sun Life Financial, Inc. ("Sun Life"), Sun Life

Assurance Company of Canada ("Sun Life Assurance"), Peer Review Analysis, Inc., MCMC,

and The Seydel Companies Employee Benefit Plan.[1]  Golden asserts that Sun Life, Sun Life Assurance, and MCMC are liable as plan fiduciaries.  (Compl. ¶¶ 7, 10, 15.)

The facts as stated in the complaint are as follows.  From 1996 until 2001, Golden was the President and Chief Operating Officer of Seydel International.  (*Id.* ¶ 24.)  On August 21, 2001, Golden underwent a left heart catheterization, coronary angiography, and left ventriculography.  (*Id.* ¶ 26.)  On September 24, 2001, Golden filed a claim for long term disability benefits, which was paid by Sun Life.  (*Id.* ¶ 29.)  The defendants[2] notified Golden on February 15, 2007, that they would no longer pay benefits to him.  (*Id.*  ¶ 63.)  Golden requested a review of the denial of benefits, and after review, the defendants informed Golden they had not changed their decision.  (*Id.* ¶¶ 64-68.)

Golden brings two claims against the defendants.  First, he brings a claim under 29 U.S.C. § 1132(a) contesting the denial of benefits.  Second, he brings a claim for failure to provide plan documents under 29 U.S.C. § 1132(e).  Among other remedies, Golden seeks past benefits, a declaratory judgment that future benefits are due for similar claims, and a $110 per day fine for the failure to provide plan documents.

Defendants Sun Life and Sun Life Assurance filed their answer on February 26, 2008. (Doc. # 8.)  MCMC did not file an answer but instead responded by filing a motion for summary judgment. (Doc. # 18.)  Shortly before MCMC filed its summary judgment motion,

---

[1]  Golden subsequently voluntarily dismissed his claims against The Seydel Companies Employee Benefit Plan (Doc. # 21) and Peer Review Analysis, Inc. (Doc. # 23).

[2]  The plaintiff does not differentiate between the defendants in the complaint.

the court ordered the parties to complete a Rule 26(f) report.  (Doc. # 17.)  In the Rule 26(f)

report, the parties disagreed about whether discovery was necessary and whether the case

should be set for trial or decided on the briefs alone.  (*See* Doc. # 22.)  In its reply brief,

MCMC asked the court to impose sanctions against Golden, alleging that his claims against

it are frivolous.  (Doc. # 36.)

## II.  ANALYSIS

*A.*    *Scope of Discovery*

        Sun Life and Sun Life Assurance contend that discovery is not necessary because the

court must review the administrative decision under an arbitrary and capricious standard and

its review is limited to the administrative record.  Golden takes a different view and claims

that the standard of review *may* be *de novo*, in which case the court could consider evidence

outside the administrative record.  He also asks for discovery so that he can determine what

the standard of review is.  To simplify the positions, the defendants claim:  (1) the standard

of review is ascertainable at this point and (2) under the applicable standard of review

discovery is not needed.  Golden argues:  (1) the standard of review is unknown and

discovery is needed to determine the appropriate standard review and (2) further discovery

is necessary if the standard of review is *de novo*.  The parties' arguments illustrate that the

scope of discovery depends on the standard of review.

        While ERISA does not establish the standard a court uses to review an administrative

decision  denying  benefits  under  29  U.S.C.  §  1132(a)(1)(B),  the  Supreme  Court  has

3

recognized that there are three possible standards: *de novo*, arbitrary and capricious, and heightened arbitrary and capricious. *See Metro. Life Ins. Co. v. Glenn*, No. 06-923, 2008 WL 2444796 at *4-5 (U.S. June 19, 2008). As the Supreme Court described, "a denial of benefits challenged under § 1132(a)(1)(B) is to be reviewed under a *de novo* standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989). The *de novo* standard "offers the highest scrutiny (and thus the least judicial deference) to the administrator's decision." *Williams v. BellSouth Telecomms., Inc.*, 373 F.3d 1132, 1137 (11th Cir. 2004).

The arbitrary and capricious standard applies if the plan gives an administrator discretionary authority. *Doyle v. Liberty Life Assurance Co. of Boston*, 511 F.3d 1336, 1339-40 (11th Cir. 2008). In other words, this standard applies when " the plan documents at issue explicitly grant the claims administrator discretion to determine eligibility or construe terms of the plan." *HCA Health Servs. of Ga., Inc. v. Employers Health Ins. Co.*, 240 F.3d 982, 992 (11th Cir. 2001). This standard accords the most judicial deference – and the least scrutiny – to the administrator's decision. *Williams*, 373 F.3d at 1137.

The heightened arbitrary and capricious standard applies "where the administrator has discretion but exercises it under a conflict of interest." *Id.* When a claim administrator both funds the plan and evaluates claims, it operates under a conflict of interest. *Glenn*, 2008 WL 2444796 at *5. The Supreme Court recently explained that when there is a conflict

4

the court applies the abuse of discretion standard, but the conflict "should be weighed as a factor in determining whether there is an abuse of discretion." *Id.* at *7-8 (internal quotation marks and citations omitted).

The scope of evidence considered by the court depends on the standard of review. Under *de novo* review, the district court may consider evidence beyond that contained in the administrative record. *See Kirwan v. Marriott Corp.*, 10 F.3d 784, 789 (11th Cir. 1994). However, under the arbitrary and capricious standard, the court is limited to the record before the administrator. *Jett v. Blue Cross & Blue Shield of Ala., Inc.*, 890 F.2d 1137, 1139 (11th Cir. 1989). Similarly, under the heightened arbitrary and capricious standard, the review generally is limited to the "facts as known to the administrator at the time the decision was made." *Anderson v. Unum Life Ins. Co. of Am.*, 414 F. Supp. 2d 1079, 1095 (M.D. Ala. 2006) (internal quotation marks and citation omitted).

Sun Life and Sun Life Assurance claim that the arbitrary and capricious standard applies because "the policy documents here vest Sun Life Assurance with the requisite discretionary authority." (Sun Life's Resp. 2.) While Sun Life and Sun Life Assurance claim that the standard of review in this case is arbitrary and capricious, Golden asks for discovery to test this hypothesis. Specifically, he seeks discovery to determine what discretion is granted under the plan and whether the entity that made the decision to deny his claim acted consistent with that grant of discretion. Sun Life and Sun Life Assurance ignore that Golden contests the standard of review and, in essence, ask the court to assume that they

have identified the correct standard of review and that the plan granted them discretion. However, because Golden has successfully put into issue whether the defendants were granted discretion, he is entitled to discovery.

Sun Life and Sun Life Assurance further contend that they are not required to produce initial disclosures because this case involves review of an administrative record. Rule 26 does exempt "an action for review on an administrative record" from the requirement of initial disclosures. Fed. R. Civ. P. 26(a)(1)(B)(I). However, this case may include evidence beyond the administrative record if a *de novo* standard applies. In other words, the court is not strictly limited to the administrative record. Moreover, the defendants have not identified any ERISA cases in which initial disclosures were not required, and at least one court has required initial disclosures when other discovery was allowed. *See Hamma v. Intel Corp.*, No. 07-cv-1795, 2008 WL 648482 *2-3 (E.D. Cal. Mar. 4, 2008). Because this case involves more than just the administrative record and because the parties will be engaging in discovery, they are required to provide initial disclosures in accordance with Rule 26(a).

## B.   *Trial or Decision on the Briefs, Pleadings, and Exhibits*

The court previously entered an order requiring the parties to show cause about why this matter should not be decided on the basis of the pleadings, briefs, and exhibits. (Doc. # 26). In the Rule 26(f) report (Doc. # 22), Sun Life and Sun Life Assurance took the position that the case should be determined on the pleadings, briefs, and exhibits. Golden contends that the court should not order the case to be decided on the briefs because if *de*

*novo* review is appropriate there may be disputed factual issues requiring a trial. For the time being, the court agrees with Golden, but this issue will be revisited after discovery.

**C.     MCMC's Motion for Summary Judgment**

In its summary judgment motion, MCMC contends that it is entitled to summary judgment because it cannot be held liable since it is not a plan fiduciary.[3] Golden's response included a Rule 56(f) affidavit from his attorney stating that he needs further discovery to be able to respond to the motion.

Under Rule 56(f), a court may deny a motion for summary judgment "[i]f a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(f). MCMC argues that Golden's attorney did not file an affidavit – somehow missing that the affidavit was attached as the first exhibit to Golden's brief. (*See* Pl.'s Resp. Br. Ex. A.) Golden's attorney explains that discovery is needed regarding MCMC's role in denying Golden's disability benefits, and she lists ten specific issues about which she seeks discovery. (Champs Aff. ¶¶ 5-6.) Because Golden has identified the discovery he needs to respond to MCMC's allegations and the issue of whether MCMC is a plan fiduciary turns on the extent of its involvement in the decision to deny Golden benefits, the court finds that Golden has shown that discovery is needed

---

[3] In the complaint Golden asserts that MCMC is a plan fiduciary. (*See* Compl. ¶ 15.) If MCMC had filed a motion to dismiss, the court would have denied it because the court would have accepted the facts as pled in the complaint as true, including that MCMC is a plan fiduciary. This point cuts to what MCMC is trying to do here. MCMC is not presenting a legal argument that based on the facts in the complaint it is not liable; instead, it is arguing that based on the facts it has presented it is not liable.

before the court can decide MCMC's motion on the merits.

MCMC relies on two cases to support its position that it is not a plan fiduciary. *See Oliver v. Coca-Cola Co.*, 497 F.3d 1181 (11th Cir.), *vacated in part on other grounds*, 506 F.3d 1316 (11th Cir. 2007); *Naslund v. Liberty Life Ass. Co. of Boston*, No. 03-cv-1357, 2006 WL 1281664 (M.D. Fla. May 10, 2006). In *Oliver*, the Eleventh Circuit held that a claims processor was not liable under ERISA. *Oliver*, 497 F.3d at 1194. In determining whether an entity is a fiduciary, the plan document is not dispositive; the court must "examine the factual circumstances surrounding the administration of the plan." *Id.* at 1193 (internal quotation marks and citation omitted). The Eleventh Circuit concluded on the facts before it that the defendant was a claims processor and not liable under ERISA. In *Naslund*, a Middle District of Florida court held that a party that was not a plan fiduciary could not be held liable under ERISA. *Naslund*, 2006 WL 1281664 at * 3. The court concluded: "This *undisputed* evidence therefore supports the conclusion that Defendant was not an ERISA fiduciary." *Id.* (emphasis added).

Neither of these cases relates to the issue presently before the court. While these cases may establish that if the facts put forth by MCMC are true it is entitled to summary judgment, they do not relate to the issue before the court: whether summary judgment is due to be denied because Golden's attorney filed a proper Rule 56(f) affidavit. Golden is entitled to discovery, and MCMC's summary judgment motion is due to be denied without prejudice and with leave to refile after discovery.

Also pending is MCMC's motion for sanctions. MCMC claims that Golden's attorneys were "obstinate" in refusing to dismiss the claims against MCMC after it filed its summary judgment motion. (MCMC's Mot. Sanctions 10.) However, MCMC is not entitled to summary judgment, and it would be illogical to conclude that Golden's attorneys were obstinate by contesting a summary judgment motion that was due to be denied. Because the court does not find that Golden has acted in bad faith, MCMC's motion is due to be denied.

### III.  CONCLUSION

Accordingly, it is ORDERED that:

1.      MCMC's Motion for Summary Judgment (Doc. # 18) is DENIED;

2.      MCMC's Motion for Sanctions (Doc. # 36) is DENIED;

3.      MCMC shall file an answer **on or before July 28, 2008**;

4.      The stay of discovery is hereby LIFTED;

5.      The parties shall file an amended Rule 26(f) report **on or before July 28, 2008**, which shall require the parties to exchange initial disclosures, provide for discovery, and propose a trial term in which this case will be tried.

DONE this 15th day of July, 2008.

      /s/   W.  Keith Watkins
UNITED STATES DISTRICT JUDGE