# IN THE UNITED STATES DISTRICT COURT

## FOR THE MIDDLE DISTRICT OF ALABAMA

### NORTHERN DIVISION

| | | |
|---|---|---|
| HERBERT JACK GOLDEN; | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.:  2:08-070 |
| | ) | |
| SUN LIFE FINANCIAL, INC.; | ) | |
| SUN LIFE ASSURANCE COMPANY OF | ) | |
| CANADA; | ) | |
| PEER REVIEW ANALYSIS, Inc.; | ) | |
| MCMC, LLC; | ) | |
| THE SEYDEL COMPANIES EMPLOYEE | ) | |
| BENEFIT PLAN; | ) | |
| | ) | |
| Defendants. | ) | |

## SUN LIFE'S MOTION TO RECONSIDER DISCOVERY ORDER OR, IN THE ALTERNATIVE, FOR PROTECTIVE ORDER

Defendants, Sun Life Assurance Company of Canada ("Sun Life Assurance") and

Sun Life Financial, Inc. ("Sun Life Financial" and, together with Sun Life Assurance,

"Sun Life"), pursuant to Fed. R. Civ. P. 59(e) and 26(c)(4), and for the reasons set forth

in the attached Memorandum in Support, file this Motion to Reconsider the Court's July

15, 2005 Discovery Order or, in the alternative, for a Protective Order with regard to the

discovery requests propounded on Sun Life by Plaintiff, Herbert Golden.  Wherefore,

Sun Life respectfully requests that the Court reconsider the Discovery Order or enter the

Protective Order, each of which requests is more fully described in the Memorandum in

Support.

Respectfully submitted,

**BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ, PC**

BY:    s/ Christopher G. Morris
         Christopher G. Morris (LA #28847)
         BAKER, DONELSON, BEARMAN,
         CALDWELL & BERKOWITZ, P.C.
         301 N. Main Street, Suite 810
         Baton Rouge, Louisiana 70825
         Telephone:  (225) 381-7000
         Facsimile:  (225) 343-3612
         E-mail:  cmorris@bakerdonelson.com

         and

         David Hall (AL #HAL052)
         BAKER, DONELSON, BEARMAN,
         CALDWELL & BERKOWITZ, P.C.
         Wachovia Tower
         420 Twentieth Street North, Suite 1600
         Birmingham, Alabama 35203
         Telephone:  (205) 328-0480
         Facsimile:  (205) 322-8007
         E-mail:  dhall@bakerdonelson.com

         *Attorneys for Defendants Sun Life Assurance
         Company of Canada and Sun Life Financial, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on July 25, 2008, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties/counsel indicated on the electronic filing receipt, including those listed below. All other parties, if any, will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

Thomas O. Sinclair
Jenifer Champ Wallis
Campbell, Gidiere, Lee
  Sinclair & Williams
2100-A South Bridge Parkway
Suite 450
Birmingham, AL  35209

Christopher Lynch Yeilding
Balch & Bingham
1710 6th Avenue North
Birmingham, AL 35203

s/Christopher G. Morris
Christopher G. Morris

BA CGM 16089 v1
2787711-000014

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | |
|---|---|
| HERBERT JACK GOLDEN; | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )     Civil Action No.:  2:08-070 |
| | ) |
| SUN LIFE FINANCIAL, INC.; | ) |
| SUN LIFE ASSURANCE COMPANY OF | ) |
| CANADA; | ) |
| PEER REVIEW ANALYSIS, Inc.; | ) |
| MCMC, LLC; | ) |
| THE SEYDEL COMPANIES EMPLOYEE | ) |
| BENEFIT PLAN; | ) |
| | ) |
|     Defendants. | ) |

**MEMORANDUM IN SUPPORT OF**
**SUN LIFE'S MOTION TO RECONSIDER DISCOVERY ORDER**
**OR, IN THE ALTERNATIVE, FOR PROTECTIVE ORDER**

Defendants, Sun Life Assurance Company of Canada ("Sun Life Assurance") and

Sun Life Financial, Inc. ("Sun Life Financial" and, together with Sun Life Assurance,

"Sun Life"), pursuant to Fed. R. Civ. P. 59(e) and 26(c)(4), file this Memorandum in

Support of Sun Life's Motion to Reconsider the Court's July 15, 2005 Discovery Order

or, in the alternative, for a Protective Order with regard to the discovery requests

propounded to Sun Life by Plaintiff, Herbert Golden.  In Support of that Motion, Sun

Life respectfully states as follows:

**I.       INTRODUCTION.**

This Motion relates to the single most important procedural issue in this case –

namely the extent of permissible discovery in litigation arising under Section

502(A)(1)(B) of the Employee Retirement Income Security Act, 29 U.S.C. 1001, *et seq.*

("ERISA").  On July 15, 2005, the Court issued the Discovery Order permitting Plaintiff to conduct discovery to determine whether the policy under which Plaintiff makes claim grants Sun Life discretionary authority to make long-term disability benefit determinations, the issue that dictates the standard of review that this Court will apply in deciding Plaintiff's claim for benefits in this case.  Because the answer to that question is determined solely by reference to the language of the policy – and not from any other extraneous information that could be gleaned through discovery – Sun Life respectfully requests the Court to reconsider the Discovery Order and order that discovery not be had here.  In the alternative, Defendants request the Court to relieve it of any obligation to respond to Plaintiff's discovery requests, which are not addressed at the narrow issue of whether the policy grants Sun Life discretionary authority.

## II.    BACKGROUND.

On April 16, 2008, Plaintiff served Sun Life Financial and Sun Life Assurance with his First Requests for Production and First Set of Interrogatories.  On the same day, Plaintiff served Sun Life Assurance with his First Set of Admissions.  The discovery pleadings are attached as Exhibit "1."  Those broad requests – discussed in more detail below – purport to require both Sun Life entities to produce documents and respond to inquiries relating to each and every aspect of their claim review process, their agreements with third parties, and their employees.  *See generally*, Exhibit "1."  Sun Life did not initially respond to Plaintiff's discovery because this Court requested briefing on the permissible scope of discovery, if any, in this litigation and because of the entry of a stay of discovery.  *See* Rec. Doc. Nos. 26, 42.

On July 15, 2005, this Court entered the Discovery Order and lifted the stay on discovery, stating that it was doing so to permit Plaintiff to determine whether the insurance policy at issue granted Sun Life discretionary authority to decide benefit claims. *See* Rec. Doc. No. 43, pp. 3-6.  In reaching that conclusion, this Court held that the Plaintiff was entitled to discovery outside the administrative record because he "successfully put into issue whether [Sun Life was] granted discretion" and was therefore entitled to determine "whether the entity that made the decision to deny his claim acted consistent with that . . . discretion." *Id.* at 5-6.  The Court further determined that discovery should go forward because it would be permitted to review evidence outside of the administrative record should de novo review be found to apply. *Id.* at 5.

The question of whether an ERISA claims administrator is granted discretionary authority to make benefit determinations, however, is conclusively answered by the contents of the plan document itself – here the policy – under which the claims administrator made the decision.  The language of Sun Life's policy clearly vests it with discretionary authority.  As recognized by this Court, where a claims administrator is vested with discretionary authority, a court reviewing that administrator's benefit determination applies the arbitrary and capricious standard of review and that review is strictly limited to the administrative record that was before the claims administrator when it denied the claimant's benefit claim. *See* Rec. Doc. No. 43, p. 5.  Since the policy is the only "evidence" relevant in deciding whether the claim administrator is vested with discretion, there is nothing else for Plaintiff to discover on the only issue on which this Court permitted discovery.  Accordingly, pursuant to Fed. R. Civ. P. 59(e), Sun Life

respectfully requests the Court to reconsider the Discovery Order and conclude that discovery outside the administrative record is not permitted in this case.

In the alternative, Sun Life submits that most, if not all, of the discovery requests propounded by Plaintiff are overbroad, unduly burdensome and, in any event, inquire into matters that fall far outside of the scope of whether the policy grants Sun Life discretionary authority. Accordingly, should the Court decline to reconsider its Discovery Order, Sun Life respectfully requests, pursuant to Fed. R. Civ. P. 26(c)(4), that the Court enter a Protective Order relieving Sun Life of its obligation to respond to the objectionable requests.

### III. DISCUSSION.

#### A. The Court Should Reconsider Its Discovery Order.

##### 1. Fed. R. Civ. P. 59(e) permits the Court to reconsider its Discovery Order.

Although the Federal Rules of Civil Procedure do not contain a rule specifically providing for a court to reconsider a decision, Fed. R. Civ. P. 59(e) has been consistently construed to permit such a remedy where the motion requesting reconsideration is filed within 10 days of the challenged order. *See*, *e.g.*, *Rasmussen v. Florida Council Boy Scouts of Am., Inc.*, No. 07-1091, 2008 WL 2157152, at *1 (M.D. Fla. May 22, 2008). Rule 59(e) grants a court "broad discretion to reconsider an order which it has entered." *Moton v. Cowart*, No. 06-2163, 2007 WL 2288152, at *1 (M.D. Fla. Aug. 7, 2007). Reconsideration of an order under Rule 59(e) is appropriate, among other times, where "the interests of justice demand correction." *Deutsche Bank Nat'l Trust Co. v. Holyfield*, No. 08-1101, 2008 WL 2557591, at *1 (M.D. Fla. June 20, 2008). This Motion has been filed within 10 days of the entry of the Discovery Order. Accordingly, Rule 59(e)

permits the Court to reconsider the Discovery Order for the reasons provided herein. For the reasons set forth herein, justice and judicial efficiency suggest that the Court should reconsider its Discovery Order.

> **2. Whether Sun Life has discretionary authority and, thus, the applicable standard of review, is established by the policy, and is derived from no other source.**

In the Discovery Order, the only reason this Court lifted the stay of discovery was to permit inquiry into whether Sun Life was granted with discretionary authority in connection with deciding Plaintiff's claim for benefits for purposes of determining the applicable standard of review. *See* Rec. Doc. No. 43, pp. 3-6. Those determinations, however, present questions of law that are decided solely based on the plan at issue – here, the policy. No extraneous evidence is needed or permitted in deciding these legal issues. Here, the policy grants Sun Life with discretionary authority. For that reason, Sun life respectfully requests the Court to reconsider its Discovery Order.

In the Eleventh Circuit, the question of whether an ERISA claims administrator has been afforded discretionary authority is determined solely by reference to the language of the plan document. *See*, *e.g.*, *Reeve v. UNUM Ins. Co. of Am.*, 170 Fed. Appx. 108, 111-12 (11th Cir. 2006) (policy language granting discretionary authority to administrator eliminated possibility of *de novo* review of administrator's determination); *Doyle v. Liberty Life Assurance Co. of Boston*, 511 F.3d 1336, 1339-40 (11th Cir. 2008) (arbitrary and capricious standard applies if the plan grants the administrator discretionary authority); *HCA Health Servs. of Georgia, Inc. v. Employers Health Ins. Co.*, 240 F.3d 982, 992 (11th Cir. 2001) (similar).

The Supreme Court confirmed this in *Glenn v. Met. Life. Ins. Co.*, 128 S.Ct. 2343 (2008). There, the Court specifically held that "principals of trust law require courts to review a denial of plan benefits under a de novo standard *unless the plan provides to the contrary*." *Id.* at 2348 (internal quotations and italics omitted, emphasis supplied). The Court further stated that "[w]here the plan provides . . . the administrator or fiduciary discretionary authority to determine eligibility for benefits[,] . . . trust principles make a deferential standard of review appropriate." *Id.* Thus, stated simply, the question of whether an ERISA claims administrator has been granted discretionary authority is determined from the plan/policy document and is derived from no other source.

It is undisputed that Sun Life's policy at issue here provides that a claimant's "Proof [of claim] must be satisfactory to Sun Life." *See* Policy, p. 34, Bates No. Golden000036. The Eleventh Circuit has held that this language constitutes a grant of discretionary authority to decide claims for benefits. *See Curran v. Kemper Nat'l Servs., Inc.*, No. 04-04097, 2005 WL 894840, at *3 (11th Cir. Mar. 16, 2005) ("[w]e have held that this type of language, requiring that proof be satisfactory or acceptable to the administrator, is sufficient to convey discretion and to apply the arbitrary and capricious standard of review.").

As this Court recognized in the Discovery Order, when reviewing a benefit determination made by a claims administrator with discretionary authority, the Court is restricted to review of the administrative record before that administrator when it made its benefit determination. *See* Rec. Doc. No. 43, p. 5 (citing *Jett v. Blue Cross & Blue Shield of Ala., Inc.*, 890 F.2d 1137, 1139 (11th Cir. 1989)).

6

Clear precedent establishes that there is nothing for Plaintiff to discover aside from the policy itself – which has already been produced to Plaintiff – that remotely bears on whether Sun Life has discretion under the policy to decide benefit claims. Rather, that question has been conclusively answered in the affirmative by the text of Sun Life's policy. Since Sun Life has discretionary authority, the arbitrary and capricious standard of review applies, with the corollary that this Court's review is strictly limited to the administrative record that Sun Life has already produced to Plaintiff. No amount of discovery can alter that result, despite Plaintiff's contention that he has "put into issue whether the [Sun Life was] granted discretion." *See* Rec. Doc. No. 43, p. 6. Instead, pointless discovery would only increase litigation costs and delay resolution of this action, results inimical to ERISA's goals of speedy, inexpensive resolution of claims. *See Perrino v. S. Bell Tel. & Tel. Co.*, 209 F.3d 1309, 1315 (11th Cir. 2000) (ERISA designed to reduce costs and number of frivolous lawsuits); *Williams v. Bellsouth Telecomm., Inc.*, 373 F.3d 1132, 1137 (11th Cir. 2004) (judicial review of ERISA claim determinations designed to prevent second guessing of claims administrator).[1] Accordingly, Sun Life respectfully requests the Court to reconsider its Discovery Order

---

[1]    Prior to deciding the question of a claims administrator's discretionary authority, a court reviewing the administrator's benefit decision must first conduct a review, limited to the administrative record, to see if the claims administrator's decision was *de novo* wrong – *e.g.*, that the Court disagrees with the claims administrator. *See*, *e.g.*, *Mordecai v. Standard Ins. Co.*, 157 Fed. Appx. 99, 101 (11th Cir. 2005) ("our threshold procedure is a de novo review of the administrative record to determine the legally correct interpretation of the disputed provision . . . That is, we determine whether [the claims administrator's] interpretation of the [p]olicy was wrong"). In light of the stated purpose of ERISA to promote efficient and inexpensive review of claims determinations, Sun Life submits that the Court should first determine whether it agrees with Sun Life's benefit determination before even considering whether to permit Plaintiff to conduct discovery on any issue.

and conclude that discovery outside the production of the administrative record – which contains the policy document - is not appropriate here.[2]

      **B.**      **In The Alternative, The Court Should Shield Sun Life From Plaintiff's Overbroad Discovery.**

Pursuant to Fed. R. Civ. P. 26(c)(4), courts are empowered to issue any order "which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including ... that the scope of the disclosure or discovery be limited to certain matters."  Utilizing the authority provided by that Rule, and by the other provisions of Rule 26(c), courts granting requests for discovery in the context of claims for benefits pursuant to Section 502(a)(1)(B) have generally permitted discovery only sparingly, and only into the precise topics they deem to be of specific import.  *See Kmatz v. Met. Life Ins. Co.*, 458 F Supp. 2d 553, 560-61 (S.D. Ohio 2005) (limiting plaintiffs to single issue of whether administrator followed its benefit payment priority policy); *Waggener v. UNUM Life Ins. Co. of N. Am.*, 238 F. Supp. 2d 1179, 1181-82, 1185, 1187-88 (S.D. Cal. 2002) (rejecting broad discovery requests from plaintiff where requests not directed at specific issue identified by the Court for discovery; ERISA efficiency interests required narrow discovery).

In its Discovery Order, the Court identified only discrete subject of discovery: whether Sun Life is granted discretion by the policy.  Accordingly, even should the Court decline to reconsider the Discovery Order, it should limit Plaintiff to narrow discovery on

---

[2]      Sun Life also requests that, for the reasons stated, the Court order Sun Life is not required to produce initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1), because any disclosures beyond identification and production of the administrative record, which has already occurred, would be unnecessary.

the discretion issues it identified in that Order.[3]  As it stands, almost none of Plaintiff's

outstanding discovery requests relate even tangentially to that issue.

**1.    Plaintiff's interrogatories are not addressed at the specific issue identified by the court for discovery.**

As indicated above, Plaintiff's served each of Sun Life Financial and Sun Life

Assurance with a set of interrogatories and a request for production, which are all

attached collectively as Exhibit "1."[4]  The interrogatories inquire into matters such as the

name, address, title, and employer of all individuals involved in the evaluation of

Plaintiff's benefit claim, and their activities, rates of pay, and bonuses (Sun Life

Assurance and Sun Life Financial Interrogatory No. 1, Sun Life Assurance Interrogatory

Nos. 11, 13, Sun Life Financial Interrogatory 2); the consultants who provided best

practices advice to any of the defendants in this action and other third parties that worked

on Plaintiff's claim (Sun Life Assurance Interrogatory Nos. 5, 12); the case names,

jurisdictions, and venue in which any Sun Life representative has provided testimony

(Sun Life Assurance Interrogatory No. 6, Sun Life Financial Interrogatory No. 7);

information relating to the date Plaintiff applied for benefits under the Sun Life Policy,

the date the claim was denied, and the reasons for that denial[5] (Sun Life Assurance

Interrogatory Nos. 8-10); the business relationship between Sun Life Financial and Sun

---

[3]    Again, in light of the case law above, Sun Life is uncertain what exactly it would produce relevant to those inquiries, other than a copy of the policy document, which it has previously produced, along with an affirmation that it did make a discretionary determination with regard to Plaintiff's benefit claim. Nonetheless, the point is that Plaintiff's other discovery does not relate to this limited inquiry and should therefore be quashed.

[4]    Although Sun Life Assurance was the claims administrator under the policy charged with making benefits determinations, Sun Life Financial had no involvement in the claims review process, and Plaintiff has not demonstrated a tangible basis for asserting otherwise.  Accordingly, Sun Life submits that discovery addressed to Sun Life Financial is *ipso facto* burdensome and unnecessary, regardless of the topics addressed therein.

[5]    These requests are redundant, as it is this precise type of information that is contained in the administrative record, which Sun Life has already produced.

9

Life Assurance (Sun Life Financial Interrogatory Nos. 4-5, 8-9, Sun Life Assurance Interrogatory No. 7); and the relationship between Sun Life and MCMC, LLC and Peer Review Analysis (Sun Life Financial Interrogatory No. 6, Sun Life Assurance Interrogatory Nos. 18-19).

The interrogatories issued only to Sun Life Assurance go even further, and inquire into matters such as the experts Sun Life would call at the trial of this matter (Interrogatory No. 4); the databases maintained by the company in the administration of benefit claims (Interrogatory No. 14, 17); the reference materials, guidelines, databases, claims manuals, and revision dates with regard to each of the foregoing, available to Sun Life Financial Employees (Interrogatory No. 15); and a description of documents relating to Plaintiff's claim that no longer exist (Interrogatory No. 16).

Sun Life submits that these interrogatories would be overbroad in a standard case for breach of contract or discrimination.  In any event, however, not one of the interrogatories so much as mentions the word "discretion."  Because Plaintiff's interrogatories are not directed to the narrow issue upon which the Court allowed discovery, Sun Life should not be called upon to respond to them.  Accordingly, pursuant to Rule 26(c), the Court should enter a protective order relieving Sun Life of any obligation to respond to Plaintiff's interrogatories.  *See Waggener*, 238 F. Supp. 2d at 1181-82, 1187-88 (rejecting similarly broad requests that were not addressed at issue identified by the court as appropriate for discovery).

> **2.     Plaintiff's requests for production and requests for admission are similarly misplaced.**

Altogether, Plaintiff propounded 30 separate requests for production on Sun Life. Similar to his interrogatories, Plaintiff's requests for production run far afield of any

information he would require in order to address the issue of Sun Life's discretion under the policy. Specifically, Plaintiff requests Sun Life to produce any and all agreements between it and any entity, including MCMC, LLC and Peer Review Analysis, governing any responsibilities under the insurance policy (Sun Life Financial and Sun Life Assurance RFP No. 1, Sun Life Financial RFP No. 3, Sun Life Assurance RFP No. 14-15), along with any and all documents relating to Plaintiff's benefit claim (Sun Life Financial and Sun Life Assurance RFP No. 2).

The requests for Production directed solely at Sun Life Assurance are even broader. Those requests generally seek production of each and every document, process, report, memorandum, email, tape recording, guideline, law, rule, correspondence, whether electronic or in tangible form, that in any way relates to Plaintiff's claim or Sun Life's claims processing practices. (RFP Nos. 3-5, 7-9, 11-13, 16-23). The remaining requests seek all of Sun Life Assurance's records with regard to its document retention policy (RFP No. 24); identification of each policy purchased by Plaintiff from a Sun Life entity (RFP No. 10); and a curriculum vitae for each individual who reviewed or provided consultation with regard to Plaintiff's benefit claim (RFP No. 10).

Plaintiff's requests for admissions to Sun Life assurance are objectionable for similar reasons. Those requests inquire into the relationship between Sun Life Assurance, MCMC, LLC and Peer Review Analysis. *See* RFAs 1-6. As in *Waggener*, Plaintiff's requests for production and requests for admission are not intended to obtain information with regard to the discretion issue identified by the Court as being appropriate for discovery. *See Waggener*, 238 F. Supp. 2d at 1185 ("Waggener's broad discovery requests are not focused on learning information regarding [the

administrator's] decision to terminate her benefits. Instead, Waggener requests the production of large categories of general claims handling information."). Rather, the requests represent an overbroad and unduly burdensome inquiry into every nook and cranny of Sun Life's operations. Accordingly, pursuant to Fed. R. Civ. P. 26(c)(4), the Court should issue a Protective Order shielding Sun Life from Plaintiff's discovery requests.

### IV.    CONCLUSION.

In the interests of justice and judicial efficiency, Sun Life respectfully submits that the Court should reconsider its Discovery Order because no amount of discovery will change the fact that Sun Life's policy document vests it with discretion to decide benefit claims. Even should the Court decline to reconsider the Discovery Order, Sun Life respectfully requests the Court to shield Sun Life from Plaintiff's outstanding discovery requests because they are overbroad and not limited to issue of Sun Life's discretion, which the Court identified as the sole issue appropriate for discovery.

Respectfully submitted,

**BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ, PC**

BY:    s/ Christopher G. Morris
　　　　Christopher G. Morris (LA #28847)
　　　　BAKER, DONELSON, BEARMAN,
　　　　CALDWELL & BERKOWITZ, P.C.
　　　　301 N. Main Street, Suite 810
　　　　Baton Rouge, Louisiana 70825
　　　　Telephone:  (225) 381-7000
　　　　Facsimile:  (225) 343-3612
　　　　E-mail:  cmorris@bakerdonelson.com

　　　　 -And -

David Hall (AL #HAL052)
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.
Wachovia Tower
420 Twentieth Street North, Suite 1600
Birmingham, Alabama 35203
Telephone:  (205) 328-0480
Facsimile:  (205) 322-8007
E-mail:  <u>dhall@bakerdonelson.com</u>

*Attorneys for Defendants Sun Life Assurance*
*Company of Canada and Sun Life Financial, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on July 25, 2008, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties/counsel indicated on the electronic filing receipt, including those listed below. All other parties, if any, will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

> Thomas O. Sinclair
> Jenifer Champ Wallis
> Campbell, Gidiere, Lee
>   Sinclair & Williams
> 2100-A South Bridge Parkway
> Suite 450
> Birmingham, AL  35209
>
>
> Christopher Lynch Yeilding
> Balch & Bingham
> 1710 6th Avenue North
> Birmingham, AL 35203

> s/Christopher G. Morris
> Christopher G. Morris

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

HERBERT JACK GOLDEN;            )
                                )
    Plaintiff,              )
                                )
v.                              )       Civil Action No.: 2:08-cv-70-WKW
                                )
SUN LIFE FINANCIAL, INC.;       )
SUN LIFE ASSURANCE COMPANY OF   )
CANADA; MCMC, LLC;              )
                                )
    Defendants.             )

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO SUN LIFE ASSURANCE COMPANY OF CANADA

COMES NOW the Plaintiff, Herbert Jack Golden, and requests that the Defendant Sun Life Assurance Company of Canada (hereinafter referred to as ("You", "Your", or "Yours") answer the following Requests for Production, separately, severally, fully, in writing and under oath within thirty (30) days from the date of service hereof.

### INSTRUCTIONS

**A.**    **Use of Rule 33 in Responses**

If responding to a request for production by reference to documents produced, <u>specifically identify those portions of specific documents identified by Bates number</u> that you contend respond to each individual request for production.

**B.**    **Use of "General Objections"**

If offering in prefatory statements or referencing in specific responses "General Objections" in response to a request for production, <u>cite specifically to each general objection applicable to the individual request for production</u>.



EXHIBIT

*a/"*

C.    Objections based on "Attorney / Client" privilege or the "Work Product" doctrine

If objecting to a request for production on the basis of attorney / client or work product privilege (either through reference to General Objections or within the response to the individual request), produce a Privilege Log as required by the applicable Rules of Civil Procedure.

## REQUEST FOR PRODUCTION

1.    Produce any and all agreements or service agreements wherein you have agreed to certain terms governing the responsibilities in relation to the insurance policy(ies) at issue in this litigation.  This request for production is to encompass any service agreements whereby you agree to provide or had another entity agree to provide services relative to the Plaintiff's policies, including without limitation, any such agreements between You and any other Defendant.

2.    Produce and identify by Bates numbers those documents within your possession, custody or control that reference or pertain to the Plaintiff's claim for benefits, the Plaintiff's application for insurance, to include any claim file, the application file, independent medical examination file, or any other related file referencing or pertaining to the Plaintiff's claim or claims for benefits.

3.    Produce and identify by Bates number every medical report (to include any generic medical reports not specifically pertaining to the Plaintiff but used in referencing the restrictions and limitations pertaining to the Plaintiff's disability) considered or available for consideration in the process of evaluating the Plaintiff's application for benefits.  This response should include any internal memorandum regarding the Plaintiff's claims, to include any documentation generated by your agents or employees reviewing information pertaining to the Plaintiff's application for benefits.

4.    Produce and identify by Bates number any other reports (including medical reports, including, without limitation, the reports of rehabilitation services or any other such similar

2

services) or opinions received or discovered in any manner that the Defendant received or relied upon in the evaluation of the Plaintiff's claim for benefits.

5.     Produce each rule, guideline, criteria, law, regulation, or other document considered by You in any way in Your administration of Plaintiff's claim for benefits.

6.     Produce, and reference by Bates number, each and every policy ever purchased by, or providing coverage to, the Plaintiff from You or any of Your subsidiaries.

7.     Produce any and all internal memorandum, correspondence, email or guidelines detailing the manner in which the Plaintiff's claim was to be investigated, including any and all documents of Your subsidiaries, agents, or predecessors in interest, detailing the steps to be undertaken in the investigation of the Plaintiff's claim.

8.     Produce documents detailing the organizational structure of the claims handling departments to include appellate departments, investigational departments, reference departments, medical departments or any other departments which played any role in the adjudication, administration and/or investigation of the Plaintiff's claim, or provided any services in relation to the administration of the Plaintiff's claims.  These documents should identify, among others, those persons who were involved in the adjudication and/or administration of the Plaintiff's claims, and those individual supervisors and/or consultants who were involved in the administration and/or adjudication of Plaintiff's claims.

9.     Produce all electronically stored information referencing or pertaining to the Plaintiff's claim.

10.    Produce curriculum vitae for any medical personnel, to include nurses, doctors, surgeons, whether RNs, LPNs, or MD's, or Ph.D.'s who reviewed and/or consulted on the Plaintiff's claim, medical records or any other materials related to the Plaintiff's claim for benefits.

3

11.     Produce any and all documentation, to include checks, authorizations for payment, or any other documentation detailing the amount paid or that may be paid to the Plaintiff under any policy purchased by the Plaintiff or in which the Plaintiff is a designated beneficiary.

12.     Produce all documents referencing or regarding to the Plaintiff prepared by or provided to any physician or medical professional employed by or retained by You or any person or entity acting on Your behalf, including but not limited to documents prepared by or provided to any Defendant, or physician or medical professional hired by any Defendant.

13.     Produce all documents created by or provided by You, Your consultants, employees, subsidiaries, agents, or predecessors or successors in interest, regarding the assessment of the Plaintiff's medical condition and how that condition may affect the Plaintiff's ability to work.

14.     Produce all correspondence or documents of any type between You and MCMC, llc, or between You and "Peer Review Analysis", related to the Plaintiff, Plaintiff's claim for benefits or any and all services provided by MCMC, llc and/or "Peer Review Analysis" related to the Plaintiff.

15.     Produce all correspondence or documents of any type between You and MCMC, llc, or between You and "Peer Review Analysis", which direct what documents MCMC, llc and/or "Peer Review Analysis", is to provide to any physician or medical professional, or direct what documents are to be excluded, with regard to the examination, evaluation, or review of Plaintiff, Plaintiff's medical records or Plaintiff's claim for benefits.

16.     Produce any internal audit reports, or any document evidencing said internal audit of the files handled by Your employees who worked on the Plaintiff's claim.  This request for production is intended to garner those documents within your possession, custody or control, that document any internal audit conducted of the Plaintiff's claim files.

4

17.    Produce all documentation prepared by You or on Your behalf that reflects, refers, or establishes those duties of the Plaintiff's occupation before the Plaintiff filed a claim.

18.    Produce any statement, telephone recording or tape conversation which reflects Plaintiff's conversations or communications with You, Your employees, agents, or representatives.

19.    Produce any tapes or recordings in unedited format, by whatever media, including any surveillance tapes, of the Plaintiff.

20.    Produce a complete customer care center claims manual or claims manual or customer care manual and procedure manuals to include any additions, revisions, deletions, or other changes that have been made to said manuals which were used or available for use in the adjudication and/or administration of the Plaintiff's claims.

21.    Produce documents that in any way refer, reflect, or relate to the proper method of handling claims involving those medical conditions specified within the Plaintiff's claim and those conditions assessed by you or your employees or consultants. This response should include those documents used by your employees to evaluate the Plaintiff's medical condition; and studies you have undertaken with respect to the nature, treatment and care of the Plaintiff's medical condition.

22.    Produce and identify by Bates number every medical report referencing or referring to the Plaintiff. This response should include any internal memorandum regarding the Plaintiff's claims, to include any documentation generated by your agents or employees reviewing information pertaining to the Plaintiff's application for benefits.

23.    Produce copies of all computer database documents that refer or relate to Plaintiff and were not placed into the Plaintiff's claim file, especially those documents that indicate policies and procedures to be utilized in the adjudication of the Plaintiff's claim.

24.    Produce all records detailing Your document retention policy with regard to what documents are to be maintained with the claim file, what documents are to be maintained in other databases, or other files, what documents are to be produced in response to requests for production, and what documents are to be destroyed.

25.    In responding to these requests for production, if you have, by way of reference to a general objection or by offering a specific objection to any individual request, claimed a right to protection from discovery of certain documents by operation of the attorney-client privilege, the work product doctrine, or any other privilege afforded under law, please state the following with respect to each such document for which said privilege is asserted:

    (a)    The date of the document;

    (b)    The author(s) of the document;

    (c)    Each addressee or recipient of the document including carbon copy and blind copyholders;

    (d)    The factual basis for your privilege claimed;

    (e)    The specific privilege claimed; and

    (f)    The location of the document.

Jenifer Champ Wallis
Attorney for Plaintiff

6

**OF COUNSEL:**
Campbell, Gidiere, Lee, Sinclair & Williams
Suite 450, 2100-A SouthBridge Parkway
Birmingham, AL 35209
(205) 803-0051

## CERTIFICATE OF SERVICE

I hereby certify that on April 16, 2008, I deposited the above and foregoing in the United States Mail, with correct postage and properly addressed to the following:

David B. Hall
Julie C. Metheny
BAKER DONELSON
420 North 20th Street, Suite 1600
Birmingham, AL 35203

Christopher Morris
BAKER DONELSON
One American Place
301 North Main Street, Suite 810
Baton Rouge, LA 70825

Steven F. Casey
BALCH & BINGHAM, LLP
1901 Sixth Avenue North, Suite 2700
Birmingham, AL 35203

OF COUNSEL

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| HERBERT JACK GOLDEN; | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: 2:08-cv-70-WKW |
| | ) | |
| SUN LIFE FINANCIAL, INC.; | ) | |
| SUN LIFE ASSURANCE COMPANY OF | ) | |
| CANADA; MCMC, LLC; | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S FIRST INTERROGATORIES
## TO SUN LIFE ASSURANCE COMPANY OF CANADA

COMES NOW the Plaintiff, Herbert Jack Golden, and requests that the Defendant Sun Life Assurance Company of Canada (hereinafter referred to as "Sun Life", "You", "Your", "Yours", or "Defendant(s)") answer the following Interrogatories, separately, severally, fully, in writing and under oath within the time prescribed by the applicable Rules of Civil Procedure.

### INSTRUCTIONS

A.    **Use of "General Objections"**

If offering in prefatory statements or referencing in specific responses "General Objections" in response to an interrogatory, <u>cite specifically to each general objection applicable to the individual interrogatory.</u>

B.    **Objections based on "Attorney / Client" privilege or the "Work Product" doctrine**

If objecting to an interrogatory on the basis of attorney / client or work product privilege (either through reference to General Objections or within the response to the individual request), produce a Privilege Log as required by the applicable Rules of Civil Procedure.

## INTERROGATORIES

1.    Please state the name, position, job description and/or duties, and business address of the person or persons responding to these interrogatories.

2.    Please state the name, address, title, and employer of all individuals involved in the evaluation and determination of the Plaintiff's right to benefits, and provide a description of the activities undertaken by each individual with regard to the Plaintiff's claim for benefits.

3.    Please state the specific person, or if a committee, the names of committee members, responsible for the *final decision to deny benefits to the Plaintiff under the plan or policy at issue in this case.*

4.    With respect to each person you expect to call as an expert witness in the trial of this action, identify each such person, state the subject matter upon which you expect such person to testify, state the substance of such person's expected testimony, and state all data or information considered by said expert in the forming of any such opinions.

5.    Name the consultants and/or firms who were consulted on the best practice or practices to be utilized by the Defendants in the claims management process.

6.    Produce a list containing the dates, case names, jurisdiction, or venue of each case in which any 30(b)(6) representative of the Defendants has previously provided testimony, whether by deposition, affidavit, or trial testimony.

7.    Please state the specific business relationship, ownership relationship, stock sharing, stock swapping, general services agreement or other business or contractual relationship between all the related corporate, partnership, or individual entities doing business as Sun Life Assurance Company of Canada, or any subsidiaries, predecessors, or successors in interest of Sun Life Assurance Company of Canada and any other Defendant.

2

8.      Please state the date and/or dates on which the Plaintiff initially applied for and/or subsequently applied for disability benefits according to your records.

9.      State the date or dates upon which the Plaintiff was notified of the denial or termination of benefits and produce any documentation on the same.

10.     Please state the reasons why the application for benefits was denied and/or terminated and provide specific reference to the pertinent plan provisions upon which the denial or termination was based.

11.     Identify any and all of your employees who reviewed the Plaintiff's claim for disability benefits and provide curriculum vitae for each of those identified.

12.     Identify any and all consultants and/or third party reviewers who reviewed the Plaintiff's claim for disability benefits and provide curriculum vitae for each of those identified.

13.     As to the personnel disclosed within your response to the previous interrogatory which requested the names of individuals who worked on or consulted on the Plaintiff's claim, state each individual's employer, job title, length of employment with the Defendant or any of its related entities, and for the employment year(s) during which such individual provided the medical evaluation, assessment, or played any other role in the instant case, state the individuals rate of pay, bonuses paid, awards, or other indices of recognition for job performance, and if the individual is eligible for any bonuses, the criteria under which said bonuses were paid; if such person was paid under any status other than that of an employee, please fully explain how each such individual was paid.

14.     Please identify all of the databases used and/or maintained by you in the administration and adjudication of claims for benefits. These should include any and all electronic databases used in the handling of any claims for benefits such as the Plaintiff's claims for benefits.

3

15.     Identify by listing below all reference materials used by or available to the Defendants' employees for the assessment of the Plaintiff's claim. This response should include a list of all electronic databases identified by the manner in which they are commonly referred to by the Defendant's employees, all standards and guidelines to include identification of any claims manuals, customer care center claims manuals, disability guidelines, restrictions and limitations guidelines or standard, specifically detailing "if applicable" the effective date or revision dates of said materials at the time of the Plaintiff's initial claim for benefits and at the time of the final denial of benefits.

16.     Identify those documents that refer or relate in any way to the Plaintiff's claim that no longer exist. If the documents cannot be produced, identify those documents destroyed, and/or removed from the claim file.

17.     List all computer documents and/or electronically maintained documents which are used and/or available to the employees which adjudicated and/or assisted in the management of the Plaintiff's claim, but not placed in the claims file, especially those documents that indicate the governing policies and procedures to be utilized in the administration/adjudication of the Plaintiff's claim.

18.     State what services were provided by MCMC, llc, or Peer Review Analysis, with regard to Plaintiff's claim for benefits.

19.     State what instructions You provided to MCMC, llc, or Peer Review Analysis, with regard to the documents to provide or exclude from any services it provided with regard to Plaintiff's claim for benefits and the reasons for the same.

20.     In responding to these interrogatories, if you have, by way of a general objection or a specific objection to any individual interrogatory, claimed a right to protection from discovery of

4

certain documents by operation of the attorney-client privilege, the work product doctrine, or any other privilege afforded under law, please state the following with respect to each such document for which said privilege is asserted:

(a)    The date of the document;

(b)    The author(s) of the document;

(c)    Each addressee or recipient of the document including carbon copy and blind copyholders;

(d)    The factual basis for your privilege claimed;

(e)    The specific privilege claimed; and

(f)    The location of the document.

Jenifer Champ Wallis
Attorney for Plaintiff

Thomas O. Sinclair (SIN018)
Jenifer Champ Wallis (WAL191)
Campbell, Gidiere, Lee, Sinclair & Williams
Suite 450, 2100-A SouthBridge Parkway
Birmingham, AL 35209
(205) 803-0051
Fax: (205) 803-0053
E-mail: tsinclair@cgl-law.com
E-mail: jwallis@cgl-law.com

5

## CERTIFICATE OF SERVICE

I hereby certify that on April 16, 2008, I deposited the above and foregoing in the United States Mail, with correct postage and properly addressed to the following:

David B. Hall
Julie C. Metheny
BAKER DONELSON
420 North 20th Street, Suite 1600
Birmingham, AL  35203

Christopher Morris
BAKER DONELSON
One American Place
301 North Main Street, Suite 810
Baton Rouge, LA  70825

Steven F. Casey
BALCH & BINGHAM, LLP
1901 Sixth Avenue North, Suite 2700
Birmingham, AL  35203

OF COUNSEL

6

### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

| | | |
|---|---|---|
| HERBERT JACK GOLDEN; | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: 2:08-cv-70-WKW |
| | ) | |
| SUN LIFE FINANCIAL, INC.; | ) | |
| SUN LIFE ASSURANCE COMPANY OF | ) | |
| CANADA; MCMC, LLC; | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION
## TO SUN LIFE FINANCIAL, INC.

COMES NOW the Plaintiff, Herbert Jack Golden, and requests that the Defendant Sun Life Financial, Inc. (hereinafter referred to as ("You", "Your", or "Yours") answer the following Requests for Production, separately, severally, fully, in writing and under oath within thirty (30) days from the date of service hereof.

### INSTRUCTIONS

**A.**    **Use of Rule 33 in Responses**

If responding to a request for production by reference to documents produced, specifically identify those portions of specific documents identified by Bates number that you contend respond to each individual request for production.

**B.**    **Use of "General Objections"**

If offering in prefatory statements or referencing in specific responses "General Objections" in response to a request for production, cite specifically to each general objection applicable to the individual request for production.

**C.**     **Objections based on "Attorney / Client" privilege or the "Work Product" doctrine**

If objecting to a request for production on the basis of attorney / client or work product privilege (either through reference to General Objections or within the response to the individual request), produce a Privilege Log as required by the applicable Rules of Civil Procedure.

## REQUEST FOR PRODUCTION

1.     Produce any and all agreements or service agreements wherein you have agreed to certain terms governing the responsibilities in relation to the insurance policy(ies) at issue in this case. This request for production is to encompass any service agreements whereby you agree to provide or had another entity agree to provide services relative to the Plaintiff's policies, including without limitation, any such agreements between You and any other Defendant.

2.     Produce and identify by Bates numbers those documents within your possession, custody or control that reference or pertain to the Plaintiff or Plaintiff's claim for benefits, including but not limited to the Plaintiff's application for insurance, to include any claim file, the application file, independent medical examination file, or any other related file referencing or pertaining to the Plaintiff's claim or claims for benefits. This request includes any files pertaining to any other policies or coverage purchased by the Plaintiff or the Plaintiff's employer.

3.     Produce any and all agreements, contracts or service agreements between You or any of Your subsidiaries and MCMC, llc or "Peer Review Analysis".

4.     Produce any documents identified in Your Responses to Plaintiff's First Interrogatories to Sun Life Financial, Inc.

5.     In responding to these requests for production, if you have, by way of reference to a general objection or by offering a specific objection to any individual request, claimed a right to protection from discovery of certain documents by operation of the attorney-client privilege, the

work product doctrine, or any other privilege afforded under law, please state the following with respect to each such document for which said privilege is asserted:

(a)     The date of the document;

(b)     The author(s) of the document;

(c)     Each addressee or recipient of the document including carbon copy and blind copyholders;

(d)     The factual basis for your privilege claimed;

(e)     The specific privilege claimed; and

(f)     The location of the document.

Jenifer Champ Wallis
Attorney for Plaintiff

**OF COUNSEL:**
Campbell, Gidiere, Lee, Sinclair & Williams
Suite 450, 2100-A SouthBridge Parkway
Birmingham, AL 35209
(205) 803-0051

3

## CERTIFICATE OF SERVICE

I hereby certify that on April 16, 2008, I deposited the above and foregoing in the United States Mail, with correct postage and properly addressed to the following:

David B. Hall
Julie C. Metheny
BAKER DONELSON
420 North 20th Street, Suite 1600
Birmingham, AL 35203

Christopher Morris
BAKER DONELSON
One American Place
301 North Main Street, Suite 810
Baton Rouge, LA 70825

Steven F. Casey
BALCH & BINGHAM, LLP
1901 Sixth Avenue North, Suite 2700
Birmingham, AL 35203

OF COUNSEL

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

HERBERT JACK GOLDEN;　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　Plaintiff,　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　　)　　　Civil Action No.:  2:08-cv-70-WKW
　　　　　　　　　　　　　　　　　　)
SUN LIFE FINANCIAL, INC.;　　　　　 )
SUN LIFE ASSURANCE COMPANY OF　　)
CANADA; MCMC, LLC;　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　Defendants.　　　　　　　　　)

## PLAINTIFF'S FIRST INTERROGATORIES
## TO SUN LIFE FINANCIAL, INC.

COMES NOW the Plaintiff, Herbert Jack Golden, and requests that the Defendant Sun Life Financial, Inc. (hereinafter referred to as "Sun Life Financial", "You", "Your", "Yours", or "Defendant(s)") answer the following Interrogatories, separately, severally, fully, in writing and under oath within the time prescribed by the applicable Rules of Civil Procedure.

### INSTRUCTIONS

**A.**　　**Use of "General Objections"**

If offering in prefatory statements or referencing in specific responses "General Objections" in response to an interrogatory, cite specifically to each general objection applicable to the individual interrogatory.

**B.**　　**Objections based on "Attorney / Client" privilege or the "Work Product" doctrine**

If objecting to an interrogatory on the basis of attorney / client or work product privilege (either through reference to General Objections or within the response to the individual request), produce a Privilege Log as required by the applicable Rules of Civil Procedure.

## INTERROGATORIES

1.      Please state the name, position, job description and/or duties, and business address of the person or persons responding to these interrogatories.

2.      Please state the name, address, title, and employer of all individuals involved in the evaluation and determination of the Plaintiff's right to benefits, and provide a description of the activities undertaken by each individual with regard to the Plaintiff's claim for benefits.

3.      Please state whether You have any employees, where those employees are located and said employees' job titles and duties.

4.      Please state, with specificity and particularity, Your relationship with Sun Life Assurance Company of Canada.

5.      Please identify each and every contract and/or service agreement that governs or sets forth the terms of Your relationship with Sun Life Assurance Company of Canada and produce a copy of the same.

6.      Please identify each and every contract and/or service agreement that governs or sets forth the terms of Your relationship, or the relationship of any of Your subsidiaries, with MCMC, llc and produce a copy of the same.

7.      Produce a list containing the dates, case names, jurisdiction, or venue of each case in which any 30(b)(6) representative of the Defendants has previously provided testimony, whether by deposition, affidavit, or trial testimony.

8.      Please state the specific business relationship, ownership relationship, stock sharing, stock swapping, general services agreement or other business or contractual relationship between all the related corporate, partnership, or individual entities doing business as Sun Life Assurance

Company of Canada, or any subsidiaries, predecessors, or successors in interest of Sun Life Assurance Company of Canada and any other Defendant.

9.    Please state the specific business relationship, ownership relationship, stock sharing, stock swapping, general services agreement or other business or contractual relationship between all the related corporate, partnership, or individual entities doing business as Sun Life Financial, Inc., or any subsidiaries, predecessors, or successors in interest of Sun Life Financial, Inc. and any other Defendant.

10.    In responding to these interrogatories, if you have, by way of a general objection or a specific objection to any individual interrogatory, claimed a right to protection from discovery of certain documents by operation of the attorney-client privilege, the work product doctrine, or any other privilege afforded under law, please state the following with respect to each such document for which said privilege is asserted:

(a)    The date of the document;

(b)    The author(s) of the document;

(c)    Each addressee or recipient of the document including carbon copy and blind copyholders;

(d)    The factual basis for your privilege claimed;

(e)    The specific privilege claimed; and

(f)    The location of the document.

Jenifer Champ Wallis
Attorney for Plaintiff

Thomas O. Sinclair (SIN018)
Jenifer Champ Wallis (WAL191)

3

Campbell, Gidiere, Lee, Sinclair & Williams
Suite 450, 2100-A SouthBridge Parkway
Birmingham, AL 35209
(205) 803-0051
Fax: (205) 803-0053
E-mail: tsinclair@cgl-law.com
E-mail: jwallis@cgl-law.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 16, 2008, I deposited the above and foregoing in the United
States Mail, with correct postage and properly addressed to the following:

David B. Hall
Julie C. Metheny
BAKER DONELSON
420 North 20th Street, Suite 1600
Birmingham, AL 35203

Christopher Morris
BAKER DONELSON
One American Place
301 North Main Street, Suite 810
Baton Rouge, LA 70825

Steven F. Casey
BALCH & BINGHAM, LLP
1901 Sixth Avenue North, Suite 2700
Birmingham, AL 35203

OF COUNSEL

4

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| HERBERT JACK GOLDEN; | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: 2:08-cv-70-WKW |
| | ) | |
| SUN LIFE FINANCIAL, INC.; | ) | |
| SUN LIFE ASSURANCE COMPANY OF | ) | |
| CANADA; MCMC, LLC; | ) | |
| | ) | |
|     Defendants. | ) | |

## PLAINTIFF'S FIRST REQUESTS FOR ADMISSION
## TO SUN LIFE ASSURANCE COMPANY OF CANADA

COMES NOW the Plaintiff, Herbert Jack Golden, and requests that the Defendant Sun Life Assurance Company of Canada (hereinafter referred to as "Sun Life", "You", "Your", "Yours", or "Defendant(s)") answer the following Requests for Admission, separately, severally, fully, in writing and under oath within the time prescribed by the applicable Rules of Civil Procedure.

### INSTRUCTIONS

**A.**    **Use of "General Objections"**

If offering in prefatory statements or referencing in specific responses "General Objections" in response to an interrogatory, <u>cite specifically to each general objection applicable to the individual interrogatory</u>.

**B.**    **Objections based on "Attorney / Client" privilege or the "Work Product" doctrine**

If objecting to a Request for Admission on the basis of attorney / client or work product privilege (either through reference to General Objections or within the response to the individual request), produce a Privilege Log as required by the applicable Rules of Civil Procedure.

## REQUESTS FOR ADMISSION

1.     Admit that MCMC, llc or "Peer Review Analysis" performed fiduciary functions with regard to Plaintiff's claim for benefits.

2.     Admit that MCMC, llc's actions or "Peer Review Analysis'" actions, with regard to Plaintiff's claim for benefits render MCMC, llc or "Peer Review Analysis" an ERISA "fiduciary", as that term is defined under ERISA, in this action.

3.     Admit that You contracted with MCMC, llc or "Peer Review Analysis", to hire medical professionals, including but not limited to physicians, to review Plaintiff's claim for benefits.

4.     Admit that You contracted with MCMC, llc or "Peer Review Analysis" to hire medical professionals, including but not limited to physicians, to review medical documents pertaining to Plaintiff.

5.     Admit that You have a contract and/or service agreement with MCMC, llc or "Peer Review Analysis" to perform certain fiduciary functions, or contract third parties to perform certain fiduciary functions, with regard to the Plan at issue.

6.     Admit that the services MCMC, llc or "Peer Review Analysis" provided played a substantial role in making the determination of benefits at issue.

Jenifer Champ Wallis
Attorney for Plaintiff

Thomas O. Sinclair (SIN018)
Jenifer Champ Wallis (WAL191)
Campbell, Gidiere, Lee, Sinclair & Williams
Suite 450, 2100-A SouthBridge Parkway
Birmingham, AL 35209
(205) 803-0051
Fax: (205) 803-0053

E-mail: tsinclair@cgl-law.com
E-mail: jwallis@cgl-law.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 16, 2008, I deposited the above and foregoing in the United States Mail, with correct postage and properly addressed to the following:

David B. Hall
Julie C. Metheny
BAKER DONELSON
420 North 20th Street, Suite 1600
Birmingham, AL 35203

Christopher Morris
BAKER DONELSON
One American Place
301 North Main Street, Suite 810
Baton Rouge, LA 70825

Steven F. Casey
BALCH & BINGHAM, LLP
1901 Sixth Avenue North, Suite 2700
Birmingham, AL 35203

OF COUNSEL

3