IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| HERBERT JACK GOLDEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 2:08-CV-70-WKW |
| ) | |
| SUN LIFE FINANCIAL, INC.; ) | |
| SUN LIFE ASSURANCE ) | |
| COMPANY OF CANADA; PEER ) | |
| REVIEW ANALYSIS, INC.; ) | |
| MCMC, LLC; and THE SEYDEL ) | |
| COMPANIES EMPLOYEE ) | |
| BENEFIT PLAN, ) | |
| ) | |
| Defendants. ) | |

## ANSWER OF DEFENDANT MCMC, LLC

Defendant MCMC, LLC ("MCMC") responds to the allegations in the complaint as follows:

1. This paragraph contains assertions that are descriptive of the claims in this action and/or is argumentative, and thus no response is required.

2. MCMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies those allegations.

3. MCMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies those allegations.

4. MCMC states that the allegation that it was doing business in the State of Alabama is a legal conclusion to which no response is required. MCMC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies those allegations.

5. MCMC admits that Herbert Jack Golden is the plaintiff. MCMC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies those allegations.

6-13. MCMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies those allegations.

14. Denied.

15. Denied.

16. Denied.

17. Admitted.

18-21.   The allegations in these paragraphs concern Peer Review Analysis, Inc., which has been dismissed from this action.

22.   MCMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies those allegations.

23-32.   MCMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in these paragraphs and therefore denies those allegations.

33.   MCMC denies that its internal documents reflect any such calculation. MCMC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies those allegations.

34.   MCMC denies that it ever requested review of plaintiff's claim for disability benefits. MCMC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies those allegations..

35-36.   MCMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies those allegations.

37. MCMC denies that it ever requested review of plaintiff's claim for disability benefits. MCMC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies those allegations.

38-40. MCMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in these paragraphs and therefore denies those allegations.

41. MCMC admits that a Peer Review Analysis Case Report concerning the plaintiff is dated February 7, 2003, states that the Case Report speaks for itself, and denies the remaining allegations in this paragraph.

42. MCMC denies that it ever sent a letter to the plaintiff. MCMC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies those allegations.

43-44. MCMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in these paragraphs and therefore denies those allegations.

45. MCMC denies that it ever sent a letter to the plaintiff. MCMC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies those allegations.

46-61. MCMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in these paragraphs and therefore denies those allegations.

62. MCMC denies that its internal records contain any such statement. MCMC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies those allegations.

63. MCMC denies that it ever sent a letter to the plaintiff. MCMC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies those allegations.

64-67. MCMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in these paragraphs and therefore denies those allegations.

68. MCMC denies that it ever sent a letter to the plaintiff. MCMC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies those allegations.

69. MCMC denies that it had any obligation to pay benefits to plaintiff. MCMC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies those allegations.

70-71. MCMC denies that it ever sent a letter to the plaintiff. MCMC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in these paragraphs and therefore denies those allegations.

72-73. MCMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in these paragraphs and therefore denies those allegations.

## COUNT I

74. MCMC incorporates its responses to paragraphs 1-73 as if set forth fully herein.

75-79.   MCMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in these paragraphs and therefore denies those allegations.

80.   MCMC denies that it played any role in deciding whether to deny any benefits to plaintiff and thus denies all of the allegations in this paragraph to the extent they are directed at MCMC.

81-83.   MCMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in these paragraphs and therefore denies those allegations.

84.   MCMC denies that it played any role in deciding whether to deny any benefits to plaintiff and thus denies all of the allegations in this paragraph to the extent they are directed at MCMC.

85.   MCMC denies that it played any role in deciding whether to deny any benefits to plaintiff and thus denies all of the allegations in this paragraph to the extent they are directed at MCMC.

## COUNT II

86.   MCMC incorporates its responses to paragraphs 1-85 as if set forth fully herein.

87.   MCMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies those allegations.

88-89.   MCMC states that the regulations speak for themselves and denies the remaining allegations in these paragraphs.

90-92.   MCMC denies that it was the Plan Administrator and/or the de facto Plan Administrator.

MCMC denies that plaintiff is entitled to any relief from MCMC.

MCMC denies any material allegations in the complaint that MCMC has not expressly admitted.

### FIRST AFFIRMATIVE DEFENSE

This Court lacks personal jurisdiction over MCMC.

### SECOND AFFIRMATIVE DEFENSE

The complaint fails to state a claim against MCMC upon which relief may be granted because MCMC was not the claims or plan administrator of the plan at issue and was not an ERISA fiduciary of the plan at issue.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff failed to satisfy all of the conditions precedent to recovering benefits under the applicable plan and policy.

WHEREFORE, MCMC requests that it be dismissed as a defendant and that it be awarded its reasonable attorney's fees and costs and such other relief as the Court deems necessary or appropriate.

Respectfully submitted this 28th day of July 2008.

*/s/ Christopher L. Yeilding*

One of the Attorneys for
Defendant MCMC, LLC

**OF COUNSEL:**

Steven F. Casey
Christopher L. Yeilding
Balch & Bingham LLP
1901 Sixth Avenue North
Suite 1500
Birmingham, AL  35203
Telephone: (205) 251-8100
Facsimile: (205) 226-8798
scasey@balch.com
cyeilding@balch.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on July 28, 2008, I electronically filed the foregoing with the clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

      Thomas O. Sinclair
      Jenifer Champ Wallis
      Campbell, Gidiere, Lee, Sinclair & Williams
      2100-A SouthBridge Parkway, Suite 450
      Birmingham, AL  35209

      David B. Hall
      Julie C. Metheny
      Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C.
      420 North 20th Street, Suite 1600
      Birmingham, AL  35203

      Christopher Morris
      Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C.
      One American Place
      301 N. Main Street, Suite 810
      Baton Rouge, LA  70825

      */s/ Christopher L. Yeilding*
      _____
      Of Counsel