IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| HERBERT JACK GOLDEN; | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No.: 2:08-cv-70-WKW |
| SUN LIFE FINANCIAL, INC.; SUN LIFE ASSURANCE COMPANY OF CANADA; MCMC, LLC; | ) |
| Defendants. | ) |

## PLAINTIFF'S SECOND MOTION TO COMPEL

COMES NOW the Plaintiff, Herbert Jack Golden, and respectfully requests that this Court enter an order directing the Defendants Sun Life Financial, Inc. and Sun Life Assurance Company of Canada (hereinafter collectively "Sun Life") to immediately comply with this Court's July 15, 2008 Order and provide full and complete Initial Disclosures and all electronically stored information relating to or referencing Plaintiff's claim.

On Friday, July 25, 2008, during the second Parties' Planning Meeting, the Defendants informed the Plaintiff that Sun Life was not going to comply with the Court Order directing Sun Life to provide Initial Disclosures. (See July 25, 2008 correspondence from the Plaintiff to counsel for Sun Life at Attachment A).

The Court's Order dated July 15, 2008 directed Sun Life to provide its Initial Disclosures. Sun Life attempts to re-litigate issues already resolved by the Court Order and has, as of today, continued to refuse to produce its Initial Disclosures despite an affirmative requirement that they do so under the Rules of Civil Procedure and a specific Court Order directing them to do the same.

Respectfully submitted,

/s/ *Thomas O. Sinclair*
Thomas O. Sinclair
Jenifer Champ Wallis
Campbell Gidiere Lee Sinclair & Williams
2100-A Southbridge Parkway, Suite 450
Birmingham, AL 35209
Telephone: (205) 803-0051
Facsimile: (205) 803-0053
E-Mail:  tsinclair@cgl-law.com

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

 The undersigned attorney certifies that on the 28th day of July, 2008, a copy of the foregoing was filed electronically using this Court's electronic filing system. Notice of this filing is due to be served by operation of the Court's electronic filing system to the following parties indicated on the electronic filing receipt as participants in the Courts CM/ECF system:

 David B. Hall, Esq.
 Julie C. Metheny, Esq.
 BAKER DONELSON
 420 North 20th Street
 Suite 1600
 Birmingham, AL 35203

 Christopher Morris, Esq.
 BAKER DONELSON
 One American Place
 301 North Main Street
 Suite 810
 Baton Rouge, LA 70825

 Steven F. Casey, Esq.
 Christopher L. Yeilding, Esq.
 BALCH & BINGHAM LLP
 1901 Sixth Avenue North
 Suite 2700
 Birmingham, AL 35203

           /s/ *Thomas O. Sinclair*
           Of Counsel

# Attachment A



THOMAS O. SINCLAIR
tsinclair@cgl-law.com

July 25, 2008

**<u>Via Facsimile Only</u>**
**(225) 343-3612**
Christopher Morris, Esq.
BAKER DONELSON
One American Place
301 N. Main Street, Ste. 810
Baton Rouge, LA  70825

Re:   *Jack Golden v. Sun Life Insurance Company, et al*

Dear Mr. Morris:

Today we held our Parties' Planning Meeting pursuant to the Court's Order.  During that meeting, I was informed by you that your clients, Sun Life Financial, Inc. and Sun Life Assurance Company of Canada, were not prepared to provide a date upon which they would provide their Initial Disclosures.  I understand that your clients were not prepared to discuss and do not have information concerning the electronically stored information as required by the rules.  I further understand that your clients are now going to refuse to provide discovery responses despite our previous agreement that they would do so within fourteen (14) days of the Court Order on their motions to limit discovery.

In light of this revelation today, we not only conducted a Parties' Planning Meeting but also a Rule 37 conference.  We expressed our belief that your clients were in violation of the Court Order and that your clients were not in compliance with our prior written agreement that they would provide discovery responses within fourteen days (14) of the Court Order.

It is our position that your clients have violated the Court Order.  It is further our position that your clients have failed to comply with our prior agreement concerning your clients' discovery responses.  If your clients persist in this conduct, we will be moving for sanctions.  We discussed this position with you and hope that your clients will reconsider.

Sincerely,

Thomas O. Sinclair

TOS/cf
c:   Jenifer Champ Wallis, Esq.
     Steven F. Casey, Esq. (via facsimile)