IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

HERBERT JACK GOLDEN;

Plaintiff,

v.

SUN LIFE FINANCIAL, INC.; SUN LIFE ASSURANCE COMPANY OF CANADA; MCMC, LLC;

Defendants.

Civil Action No.: 2:08-cv-70-WKW

**PLAINTIFF'S THIRD MOTION TO COMPEL**

COMES NOW the Plaintiff, Herbert Jack Golden, and respectfully requests that this Court enter an order directing the Defendants Sun Life Financial, Inc. and Sun Life Assurance Company of Canada (hereinafter collectively "Sun Life") to immediately respond to the Plaintiff's discovery requests served upon these Defendants on April 16, 2008. During the second Parties' Planning Meeting held on Friday, July 25, 2008, the Sun Life Defendants informed Plaintiff's counsel that they were not going to comply with the Court Order directing them to provide discovery responses and further, that they are no longer going to abide by the parties' agreement regarding their discovery requests.[1]

The Sun Life Defendants have refused to comply with the Court Order, the Rules of Civil Procedure and further have refused to abide by the parties' agreement that their discovery responses would be due fourteen (14) days after the Court Order was issued on their Motion for Protective Order. No reasonable basis exists for their refusal to comply with the Court Order and

[1] The Sun Life Defendants previously agreed that they would provide their discovery responses fourteen (14) days after the Court Order. That would make Sun Life's discovery responses due Tuesday, July 29, 2008. For the first time on July 25, the Sun Life Defendants informed Plaintiff's counsel that they would no longer abide by that agreement. See Attachment A.

Rules of Civil Procedure. Further, no reasonable basis exists for their refusal to abide by the specific agreement of the parties.

Respectfully submitted,

*/s/ Thomas O. Sinclair*
Thomas O. Sinclair
Jenifer Champ Wallis
Campbell Gidiere Lee Sinclair & Williams
2100-A Southbridge Parkway, Suite 450
Birmingham, AL 35209
Telephone: (205) 803-0051
Facsimile: (205) 803-0053
E-Mail: tsinclair@cgl-law.com

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

The undersigned attorney certifies that on the 28th day of July, 2008, a copy of the foregoing was filed electronically using this Court's electronic filing system. Notice of this filing is due to be served by operation of the Court's electronic filing system to the following parties indicated on the electronic filing receipt as participants in the Courts CM/ECF system:

David B. Hall, Esq.
Julie C. Metheny, Esq.
BAKER DONELSON
420 North 20th Street
Suite 1600
Birmingham, AL 35203

Christopher Morris, Esq.
BAKER DONELSON
One American Place
301 North Main Street
Suite 810
Baton Rouge, LA 70825

Steven F. Casey, Esq.
Christopher L. Yeilding, Esq.
BALCH & BINGHAM LLP
1901 Sixth Avenue North
Suite 2700
Birmingham, AL 35203

/s/ *Thomas O. Sinclair*
Of Counsel

# Attachment

# A




THOMAS O. SINCLAIR
tsinclair@cgl-law.com

July 25, 2008

***Via Facsimile Only***
**(225) 343-3612**
Christopher Morris, Esq.
BAKER DONELSON
One American Place
301 N. Main Street, Ste. 810
Baton Rouge, LA 70825

**Re:** ***Jack Golden v. Sun Life Insurance Company, et al***

Dear Mr. Morris:

Today we held our Parties' Planning Meeting pursuant to the Court's Order. During that meeting, I was informed by you that your clients, Sun Life Financial, Inc. and Sun Life Assurance Company of Canada, were not prepared to provide a date upon which they would provide their Initial Disclosures. I understand that your clients were not prepared to discuss and do not have information concerning the electronically stored information as required by the rules. I further understand that your clients are now going to refuse to provide discovery responses despite our previous agreement that they would do so within fourteen (14) days of the Court Order on their motions to limit discovery.

In light of this revelation today, we not only conducted a Parties' Planning Meeting but also a Rule 37 conference. We expressed our belief that your clients were in violation of the Court Order and that your clients were not in compliance with our prior written agreement that they would provide discovery responses within fourteen days (14) of the Court Order.

It is our position that your clients have violated the Court Order. It is further our position that your clients have failed to comply with our prior agreement concerning your clients' discovery responses. If your clients persist in this conduct, we will be moving for sanctions. We discussed this position with you and hope that your clients will reconsider.

Sincerely,

Thomas O. Sinclair

TOS/cf

c: Jenifer Champ Wallis, Esq.
Steven F. Casey, Esq. (via facsimile)