IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

HERBERT JACK GOLDEN;  )
                                )
     Plaintiff,  )
                                  )
v.  ) Civil Action No.: 2:08-cv-70-WKW
                                  )
SUN LIFE FINANCIAL, INC.;  )
SUN LIFE ASSURANCE COMPANY OF  )
CANADA; and MCMC, LLC,  )
                                  )
     Defendants.  )

## REPORT OF PARTIES PLANNING MEETING

1.     Pursuant to Fed. R. Civ. P. 26(f), a meeting was held on **Friday, July 25, 2008** and was attended by Jenifer Wallis and Thomas O. Sinclair on behalf of Plaintiff Jack Golden ("Plaintiff"), Christopher Morris on behalf of Defendants Sun Life Financial, Inc. ("Sun Life Financial") and Sun Life Assurance Company of Canada ("Sun Life Assurance") and Steven F. Casey on behalf of MCMC, LLC ("MCMC").

2.     **Pre-Discovery Disclosures**.

BY PLAINTIFF:

The parties should exchange the information required by Fed.R.Civ.P. Rule 26(a) on or before **April 18, 2008**. The Plaintiff has complied. The Defendants Sun Life Financial, Inc. and Sun Life Assurance Company of Canada refuse to comply (see below). The Defendant MCMC, LLC will comply by August 8, 2008.

BY DEFENDANTS SUN LIFE FINANCIAL, INC. and SUN LIFE ASSURANCE COMPANY OF CANADA:

It remains the position of Defendants, Sun Life Financial and Sun Life Assurance (collectively, "Sun Life"), that initial disclosures in this matter are unnecessary for the reasons addressed in Sun Life's Motion for Reconsideration of the Court's July 15, 2008 Discovery Order or, in the Alternative, for Protective Order (the "Motion for Reconsideration"). Should the Court deny Sun Life's Motion for Reconsideration, Sun Life will provide Plaintiff with the information required by Fed. R. Civ. P. 26(a)(1) within 10 days of that denial.

BY MCMC, LLC:

MCMC will produce its Rule 26(a)(1) initial disclosures no later than August 8, 2008.

3.    **Electronically Stored Information**:

BY PLAINTIFF:

The parties should comply with the Federal Rules of Civil Procedure and Local Rules concerning discovery of electronically stored information. The Plaintiff has complied. The Defendants Sun Life Financial, Inc. and Sun Life Assurance Company of Canada and MCMC refuse to comply (see below).

BY DEFENDANTS SUN LIFE FINANCIAL, INC. and SUN LIFE ASSURANCE COMPANY OF CANADA:

Sun Life has requested the Court to reconsider its July 15, 2008 Discovery Order, which would permit discovery outside the administrative record to determine whether Sun Life was vested with authority to decide claims for long-term

disability benefits.  Because the question of whether Sun Life was vested with
such discretion is answered by language of the insurance policy at issue,
discovery is unnecessary.  However, should the Court deny Sun Life's Motion for
Reconsideration or otherwise require Sun Life to engage in discovery that
concerns electronically-stored materials, Sun Life will comply with the Federal
Rules of Civil Procedure and the Local Rules regarding discovery of that
information.

BY DEFENDANT MCMC, LLC:

MCMC maintains its objection to discovery.  However, should the Court deny
Sun Life's Motion for Reconsideration or otherwise require the parties to engage
in discovery that concerns electronically-stored materials, MCMC will comply
with the Federal Rules of Civil Procedure and the Local Rules regarding
discovery of that information.

4.    **General Claims/Defenses**.  The general claims and defenses of the parties are as
follows:

BY PLAINTIFF:

Plaintiff was a participant in an ERISA-governed welfare benefit plan. Said plan
was funded in part by a policy of insurance issued by Defendants.  Plaintiff filed a
claim for disability benefits under the insurance policy.  Plaintiff alleges that
termination of his long-term disability benefits was wrongful and in contravention
of the terms of the plan.  Accordingly, Plaintiff seeks the recovery of any and all
benefits to which he may be entitled.

BY DEFENDANTS SUN LIFE FINANCIAL, INC. and SUN LIFE ASSURANCE
COMPANY OF CANADA:

> Sun Life denies the general allegations of Plaintiff's Complaint. In addition,
> because Sun Life Financial was not the claims administrator under the insurance
> policy, and because it played no part in the denial of Plaintiff's claim for long-
> term disability benefits, Sun Life Financial cannot be liable to Plaintiff for the
> relief he requests in his lawsuit. Accordingly, Sun Life Financial should be
> dismissed from the lawsuit.

BY DEFENDANT MCMC, LLC:

> MCMC denies the general allegations of Plaintiff's Complaint. In addition,
> because MCMC was not the claims administrator or the plan administrator and
> was not a fiduciary under ERISA as to the applicable plan and policy, and
> because MCMC played no part in the decision to deny Plaintiff's claim for long-
> term disability benefits, MCMC is not a proper party to this lawsuit and cannot be
> liable to Plaintiff for the relief he requests in this lawsuit. Accordingly, MCMC
> should be dismissed from the lawsuit.

5. **Discovery Plan**

BY PLAINTIFF:

> a.    Plaintiff served discovery on all Defendants on April 16, 2008.
> Defendants refuse to respond. Discovery will be needed on the claims,
> defenses and damages sought in this case. All discovery commenced in
> time to be completed by **June 27, 2009**.

     (i)      Maximum of **30** interrogatories by each party to any other party without the prior approval of the Court. (Responses due **30** days after service).

     (ii)     Supplementation under Rule 26(e) due no later than **30** days before the close of discovery.

BY DEFENDANTS SUN LIFE FINANCIAL, INC. and SUN LIFE ASSURANCE COMPANY OF CANADA and MCMC, LLC:

It remains the Defendants' position that this action is a claim for benefits under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq.* For the reasons set forth in Sun Life's Motion for Reconsideration, the Defendants submit that discovery outside of the administrative record is not necessary and should not be permitted. Should the Court deny Sun Life's Motion for Reconsideration or otherwise require the parties to engage in discovery outside the administrative record, the Defendants suggest the following discovery limitations and schedule:

     (i)     All discovery must be commenced in time to be completed by June 27, 2009.

     (ii)     Maximum of **15** interrogatories by each party to any other party without prior approval of the Court. (Responses due **30** days after service).

     (iii)     Supplementation under Rule 26(e) due no later than **30** days before the close of discovery.

6.      **Other Items**.

    a.      **Plaintiff requests a conference with the Court prior to entry of the Scheduling Order.**

    b.      The parties should be allowed until **November 28, 2008** to join additional parties and to amend the pleadings, and until **December 29, 2008** to respond to any above-mentioned amendments.

    c.      All potentially dispositive motions should be filed by **May 30, 2009**.

    d.      The parties are receptive to mediation but do not request Court ordered mediation at this time.

BY DEFENDANTS SUN LIFE FINANCIAL, INC. and SUN LIFE ASSURANCE COMPANY OF CANADA and MCMC, LLC:

    The Defendants note that lawsuits involving claims for benefits under a plan governed by ERISA are typically resolved in the Eleventh Circuit on cross-motions for summary judgment. Accordingly, it is the Defendants' position that there is no need for a trial in this case. Subject to the foregoing and to the extent the Court determines that a trial is necessary, the Defendants agree to deadlines relative to trial set forth above.

ALL PARTIES:

    (i.)     The Parties request a final pretrial conference in **September 2009**.

    (ii.)    Final lists of trial evidence under Rule 26(a)(3) should be due pursuant to the terms of the pretrial order.

    (iii.)   Parties should have **14** days after service of final lists of trial evidence to list objections under Rule 26(a)(3).

(iv.)    The case should be ready for a non-jury trial in **October 2009** and

at this time is expected to take approximately **1-2 days**.

Respectfully submitted:

_/s/ Thomas O. Sinclair_
Thomas O. Sinclair
Jenifer Champ Wallis
Attorneys for Plaintiff Jack Golden

**OF COUNSEL:**
CAMPBELL, GIDIERE, LEE, SINCLAIR & WILLIAMS
2100 Southbridge Parkway, Suite 450
Birmingham, AL 35209
(205) 803-0051

_/s/ Christopher Morris_
Christopher Morris
Attorney for Defendants Sun Life Financial,
Inc. and Sun Life Assurance Company of
Canada

**OF COUNSEL:**
BAKER DONELSON
One American Place
301 North Main Street, Suite 810
Baton Rouge, LA 70825
(225) 381-7000

_/s/ Steven F. Casey_
Steven F. Casey
Christopher L. Yielding
Attorneys for Defendant MCMC, LLC

**OF COUNSEL:**
BALCH & BINGHAM, LLP
1901 Sixth Avenue North
Suite 2700
Birmingham, AL 35203
(205) 226-3454

7

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that on the 28th day of July, 2008, a copy of the foregoing was filed electronically using this Court's electronic filing system. Notice of this filing is due to be served by operation of the Court's electronic filing system to the following parties indicated on the electronic filing receipt as participants in the Courts CM/ECF system:

David B. Hall, Esq.
Julie C. Metheny, Esq.
BAKER DONELSON
420 North 20th Street
Suite 1600
Birmingham, AL 35203

Christopher Morris, Esq.
BAKER DONELSON
One American Place
301 North Main Street
Suite 810
Baton Rouge, LA 70825

Steven F. Casey, Esq.
Christopher L. Yeilding, Esq.
BALCH & BINGHAM LLP
1901 Sixth Avenue North
Suite 2700
Birmingham, AL 35203

/s/ *Thomas O. Sinclair*
**OF COUNSEL**