**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

HERBERT JACK GOLDEN,       )
                                   )
       Plaintiff,              )
                                   )
v.                                   ) Civil Action No.: 2:08-cv-70-WKW
                                   )
SUN LIFE FINANCIAL, INC.;      )
SUN LIFE ASSURANCE COMPANY OF   )
CANADA; and MCMC, LLC,       )
                                   )
       Defendants.           )

**PLAINTIFF'S RESPONSE TO SUN LIFE ASSURANCE COMPANY**
**OF CANADA'S AND SUN LIFE FINANCIAL, INC.'S**
**MOTION TO RECONSIDER DOC. NO. 45**

Comes now the Plaintiff and in response to the Defendants' Motion to Reconsider states

as follows:

**I.**     **DEFENDANTS HAVE BREACHED A SPECIFIC AGREEMENT BETWEEN**
        **COUNSEL REGARDING DISCOVERY**

The Defendants' attorneys and the undersigned reached an agreement that the

Defendants' discovery responses would be due fourteen days from the date this Court ruled upon

the Defendants' initial attempts to prevent discovery. Despite that agreement (writings

documenting the agreement will be produced if disputed), the Defendants have refused to

provide their discovery responses thus necessitating Plaintiff's Third Motion to Compel. (See

Doc. 48).

**II.**    **DEFENDANTS ARE IN VIOLATION OF THIS COURT'S ORDER**

On July 15, 2008, this Honorable Court ordered the Defendants to provide their Initial

Disclosures and comply with the rules regarding those disclosures. (See Doc. 43). Despite

explicit instructions that the Defendants comply, the Defendants are still refusing to provide their Initial Disclosures, thus necessitating Plaintiff's Second Motion to Compel. (See Doc. 47).

## III.    RECONSIDERATION OF THE JULY 15, 2008 ORDER IS UNNECESSARY

The Defendants appear to seek in requesting reconsideration the same relief they initially sought in their first three (3) briefs on the topic of discovery. (See Docs. 30, 33, 41). There is no reason for this Court to reconsider its Order given the Court has already considered these same arguments. Put simply, and in order to avoid duplicative briefing, the Plaintiff adopts and incorporates those same arguments set forth in the Plaintiff's initial briefing on this topic. (See Docs. 29, 31).

## IV.    WHO EXERCISED ANY ALLEGED DISCRETIONARY AUTHORITY IS A QUESTION THAT REQUIRES DISCOVERY

In the Plaintiff's initial discovery now served more than three (3) months ago, several of the requests were tailored to determine the entity, and specifically the employees of the entity, who made the decision to deny benefits. For example, the Plaintiff requests the identification of the employees who performed any service on the claim and a description of their activities. Plaintiff also requests the identification of the employer (the entity that pays the person who made the decision) so we can determine if we have a situation similar to that encountered by Judge Dement in the *Anderson v. Unum* case. *See Anderson v. UnumProvident,* 414 F. Supp. 2d 1079 (holding that the grant of discretion under the policy to Unum Life Insurance Company did not permit UnumProvident employees to exercise that discretion and thus no deference should be given to the decision (*de novo* review)). Just having a copy of the policy, as argued by the Defendants in this matter, is not enough to determine whether or not the entity that was granted discretion under the policy was the same entity that denied this claim.

2

## V.    DEFENDANTS REQUEST THAT THEY BE "SHIELDED" FROM "OVERBROAD DISCOVERY"

The Defendants have spent more time and money trying to avoid simple discovery requests than they would have spent in responding to the requests.  In order to assist this Court in its assessment of the Plaintiff's narrowly tailored discovery requests, the Plaintiff will set out in categories the requests themselves and the reason those requests are narrowly tailored in such a manner so as to be reasonably calculated to lead to the discovery of admissible evidence in this ERISA case.  This is the burden the Plaintiff faces, the Plaintiff has already addressed, the Court has already ruled upon, and now the Defendants wish to address once more.

A.    **Requests seeking to determine who made the decision, what the decision was, and whether the entity to whom that employee belongs was granted discretion.**

See Plaintiff's First Interrogatories to Sun Life Financial, Inc., Exhibit A at ¶¶ 2, 4.
See Plaintiff's First Request for Production to Sun Life Financial, Inc., Exhibit B at ¶ 1.
See Plaintiff's First Interrogatories to Sun Life Assurance Company of Canada, Exhibit C at ¶¶ 1, 2, 3, 8, 9, 10, 11, 12, 13, 18.
See Plaintiff's First Request for Production to Sun Life Assurance Company of Canada, Exhibit D at ¶¶ 1, 8, 12, 13, 14, 16, 17.

B.    **Requests seeking to determine the roles of the various fiduciaries involved.**

See Plaintiff's First Interrogatories to Sun Life Financial, Inc., Exhibit A at ¶¶ 2, 4, 5, 6, 8, 9.
See Plaintiff's First Request for Production to Sun Life Financial, Inc., Exhibit B at ¶¶ 1, 3.
See Plaintiff's First Interrogatories to Sun Life Assurance Company of Canada, Exhibit C at ¶¶ 1, 2, 7, 11, 12, 13, 18, 19.
See Plaintiff's First Request for Production to Sun Life Assurance Company of Canada, Exhibit D at ¶¶ 1, 8, 12, 13, 14, 15, 16, 17.

C.    **Requests seeking to determine what documents should be contained within the ERISA Record.**

See Plaintiff's First Request for Production to Sun Life Financial, Inc., Exhibit B at ¶¶ 1, 2, 3.

3

See Plaintiff's First Interrogatories to Sun Life Assurance Company of Canada, Exhibit C at ¶¶ 14, 16.

See Plaintiff's First Request for Production to Sun Life Assurance Company of Canada, Exhibit D at ¶¶ 1, 2, 3, 4, 6, 9, 11, 12, 13, 14, 15, 16, 17, 18, 19, 22, 23, 24.

**D.  Requests seeking to determine if the ERISA Record is complete.**

See Plaintiff's First Interrogatories to Sun Life Financial, Inc., Exhibit A at ¶ 10.

See Plaintiff's First Request for Production to Sun Life Financial, Inc., Exhibit B at ¶¶ 1, 2, 3, 5.

See Plaintiff's First Interrogatories to Sun Life Assurance Company of Canada, Exhibit C at ¶¶ 14, 16, 20.

See Plaintiff's First Request for Production to Sun Life Assurance Company of Canada, Exhibit D at ¶¶ 1, 2, 3, 4, 6, 9, 11, 12, 13, 14, 16, 17, 18, 19, 22, 23, 25.

**E.  Requests seeking to determine whether the Defendants followed their own guidelines (relevant under all standards of review).**

See Plaintiff's First Interrogatories to Sun Life Assurance Company of Canada, Exhibit C at ¶¶ 5, 15, 17, 19.

See Plaintiff's First Request for Production to Sun Life Assurance Company of Canada, Exhibit D at ¶¶ 3, 4, 5, 7, 15, 20, 21, 22.

**F.  Requests seeking to determine if the Defendants have complied with their Initial Disclosure requirements.**

See Plaintiff's First Request for Production to Sun Life Financial, Inc., Exhibit B at ¶ 2.

See Plaintiff's First Interrogatories to Sun Life Assurance Company of Canada, Exhibit C at ¶ 14.

See Plaintiff's First Request for Production to Sun Life Assurance Company of Canada, Exhibit D at ¶¶ 2, 3, 4, 6, 11, 12, 13, 14, 16, 17, 22.

**G.  Requests seeking to determine if those entities to whom the Defendants claim this Court must defer are worthy of such deference and whether they are incentivized in a manner inconsistent with their fiduciary obligations thus calling into question the level of deference to be provided.**

See Plaintiff's First Interrogatories to Sun Life Assurance Company of Canada, Exhibit C at ¶¶ 11, 12, 13, 18, 19.

See Plaintiff's First Request for Production to Sun Life Assurance Company of Canada, Exhibit D at ¶¶ 1, 10, 22.

**H.  Requests seeking to determine if the Defendants have complied with the Department of Labor regulations regarding the production of documents to**

**an ERISA claimant under 29 U.S.C. 1132(c) and thus serving as a factual basis for the Plaintiff's ERISA document production claim.**

See Plaintiff's First Interrogatories to Sun Life Financial, Inc., Exhibit A at ¶ 10.
See Plaintiff's First Request for Production to Sun Life Financial, Inc., Exhibit B at ¶¶ 2, 5.
See Plaintiff's First Interrogatories to Sun Life Assurance Company of Canada, Exhibit C at ¶¶ 14, 16, 17, 20.
See Plaintiff's First Request for Production to Sun Life Assurance Company of Canada, Exhibit D at ¶¶ 2, 3, 4, 9, 11, 12, 13, 14, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25.

## VI.    CONCLUSION

The Defendants have failed to comply with the parties' agreement that they would respond to these discovery requests within fourteen days from the Court's Order. The Defendants have failed to comply with this Court's Order regarding Initial Disclosures. The Defendants are faced with narrowly tailored discovery requests that are reasonably calculated to lead to the discovery of admissible evidence in this ERISA case. Plaintiff respectfully requests the Court deny the Defendants' attempt to re-litigate this issue once again and grant the Plaintiff's two Motions to Compel.

Respectfully submitted,

/s/ *Thomas O. Sinclair*
Thomas O. Sinclair
Jenifer Champ Wallis
Campbell, Gidiere, Lee, Sinclair & Williams
2100A Southbridge Parkway
Suite 450
Birmingham, Alabama 35209
Telephone:  (205) 803-0051
Facsimile:   (205) 803-0053
E-Mail:  tsinclair@cgl-law.com
          jwallis@cgl-law.com

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that on the 6th day of August, 2008, a copy of the foregoing was filed electronically using this Court's electronic filing system. Notice of this filing is due to be served by operation of the Court's electronic filing system to the following parties indicated on the electronic filing receipt as participants in the Courts CM/ECF system:

> David B. Hall, Esq.
> Julie C. Metheny, Esq.
> BAKER DONELSON
> 420 North 20th Street, Suite 1600
> Birmingham, Alabama  35203
>
> Christopher Morris, Esq.
> BAKER DONELSON
> One American Place
> 301 North Main Street, Suite 810
> Baton Rouge, Louisiana  70825
>
> Steven F. Casey, Esq.
> Christopher L. Yeilding, Esq.
> BALCH & BINGHAM LLP
> 1901 Sixth Avenue North, Suite 2700
> Birmingham, Alabama  35203

s/ *Thomas O. Sinclair*
**OF COUNSEL**

# Exhibit

# A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

HERBERT JACK GOLDEN;                )
                                    )
    Plaintiff,                  )
                                    )
v.                                  )     Civil Action No.:  2:08-cv-70-WKW
                                    )
SUN LIFE FINANCIAL, INC.;           )
SUN LIFE ASSURANCE COMPANY OF       )
CANADA; MCMC, LLC;                  )
                                    )
                                    )
    Defendants.                 )

## PLAINTIFF'S FIRST INTERROGATORIES
## TO SUN LIFE FINANCIAL, INC.

COMES NOW the Plaintiff, Herbert Jack Golden, and requests that the Defendant Sun Life Financial, Inc. (hereinafter referred to as "Sun Life Financial", "You", "Your", "Yours", or "Defendant(s)") answer the following Interrogatories, separately, severally, fully, in writing and under oath within the time prescribed by the applicable Rules of Civil Procedure.

### INSTRUCTIONS

**A.**    **Use of "General Objections"**

If offering in prefatory statements or referencing in specific responses "General Objections" in response to an interrogatory, cite specifically to each general objection applicable to the individual interrogatory.

**B.**    **Objections based on "Attorney / Client" privilege or the "Work Product" doctrine**

If objecting to an interrogatory on the basis of attorney / client or work product privilege (either through reference to General Objections or within the response to the individual request), produce a Privilege Log as required by the applicable Rules of Civil Procedure.

## INTERROGATORIES

1.      Please state the name, position, job description and/or duties, and business address of the person or persons responding to these interrogatories.

2.      Please state the name, address, title, and employer of all individuals involved in the evaluation and determination of the Plaintiff's right to benefits, and provide a description of the activities undertaken by each individual with regard to the Plaintiff's claim for benefits.

3.      Please state whether You have any employees, where those employees are located and said employees' job titles and duties.

4.      Please state, with specificity and particularity, Your relationship with Sun Life Assurance Company of Canada.

5.      Please identify each and every contract and/or service agreement that governs or sets forth the terms of Your relationship with Sun Life Assurance Company of Canada and produce a copy of the same.

6.      Please identify each and every contract and/or service agreement that governs or sets forth the terms of Your relationship, or the relationship of any of Your subsidiaries, with MCMC, llc and produce a copy of the same.

7.      Produce a list containing the dates, case names, jurisdiction, or venue of each case in which any 30(b)(6) representative of the Defendants has previously provided testimony, whether by deposition, affidavit, or trial testimony.

8.      Please state the specific business relationship, ownership relationship, stock sharing, stock swapping, general services agreement or other business or contractual relationship between all the related corporate, partnership, or individual entities doing business as Sun Life Assurance

2

Company of Canada, or any subsidiaries, predecessors, or successors in interest of Sun Life

Assurance Company of Canada and any other Defendant.

9.    Please state the specific business relationship, ownership relationship, stock sharing,

stock swapping, general services agreement or other business or contractual relationship between

all the related corporate, partnership, or individual entities doing business as Sun Life Financial,

Inc., or any subsidiaries, predecessors, or successors in interest of Sun Life Financial, Inc. and

any other Defendant.

10.    In responding to these interrogatories, if you have, by way of a general objection or a

specific objection to any individual interrogatory, claimed a right to protection from discovery of

certain documents by operation of the attorney-client privilege, the work product doctrine, or any

other privilege afforded under law, please state the following with respect to each such document

for which said privilege is asserted:

    (a)    The date of the document;

    (b)    The author(s) of the document;

    (c)    Each addressee or recipient of the document including carbon copy and blind

        copyholders;

    (d)    The factual basis for your privilege claimed;

    (e)    The specific privilege claimed; and

    (f)    The location of the document.

Jenifer Champ Wallis
Attorney for Plaintiff

Thomas O. Sinclair (SIN018)
Jenifer Champ Wallis (WAL191)

3

Campbell, Gidiere, Lee, Sinclair & Williams
Suite 450, 2100-A SouthBridge Parkway
Birmingham, AL 35209
(205) 803-0051
Fax: (205) 803-0053
E-mail: tsinclair@cgl-law.com
E-mail: jwallis@cgl-law.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 16, 2008, I deposited the above and foregoing in the United States Mail, with correct postage and properly addressed to the following:

David B. Hall
Julie C. Metheny
BAKER DONELSON
420 North 20th Street, Suite 1600
Birmingham, AL 35203

Christopher Morris
BAKER DONELSON
One American Place
301 North Main Street, Suite 810
Baton Rouge, LA 70825

Steven F. Casey
BALCH & BINGHAM, LLP
1901 Sixth Avenue North, Suite 2700
Birmingham, AL 35203


OF COUNSEL

4

# Exhibit

# B

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| HERBERT JACK GOLDEN; | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: 2:08-cv-70-WKW |
| | ) | |
| SUN LIFE FINANCIAL, INC.; | ) | |
| SUN LIFE ASSURANCE COMPANY OF | ) | |
| CANADA; MCMC, LLC; | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION
## TO SUN LIFE FINANCIAL, INC.

COMES NOW the Plaintiff, Herbert Jack Golden, and requests that the Defendant Sun

Life Financial, Inc. (hereinafter referred to as ("You", "Your", or "Yours") answer the following

Requests for Production, separately, severally, fully, in writing and under oath within thirty (30)

days from the date of service hereof.

### INSTRUCTIONS

**A.      Use of Rule 33 in Responses**

If responding to a request for production by reference to documents produced, <u>specifically identify those</u>

<u>portions of specific documents identified by Bates number</u> that you contend respond to each individual request for

production.

**B.      Use of "General Objections"**

If offering in prefatory statements or referencing in specific responses "General Objections" in response to

a request for production, <u>cite specifically to each general objection applicable to the individual request for</u>

<u>production.</u>

C.    **Objections based on "Attorney / Client" privilege or the "Work Product" doctrine**

If objecting to a request for production on the basis of attorney / client or work product privilege (either through reference to General Objections or within the response to the individual request), produce a Privilege Log as required by the applicable Rules of Civil Procedure.

## REQUEST FOR PRODUCTION

1.    Produce any and all agreements or service agreements wherein you have agreed to certain terms governing the responsibilities in relation to the insurance policy(ies) at issue in this case. This request for production is to encompass any service agreements whereby you agree to provide or had another entity agree to provide services relative to the Plaintiff's policies, including without limitation, any such agreements between You and any other Defendant.

2.    Produce and identify by Bates numbers those documents within your possession, custody or control that reference or pertain to the Plaintiff or Plaintiff's claim for benefits, including but not limited to the Plaintiff's application for insurance, to include any claim file, the application file, independent medical examination file, or any other related file referencing or pertaining to the Plaintiff's claim or claims for benefits. This request includes any files pertaining to any other policies or coverage purchased by the Plaintiff or the Plaintiff's employer.

3.    Produce any and all agreements, contracts or service agreements between You or any of Your subsidiaries and MCMC, llc or "Peer Review Analysis".

4.    Produce any documents identified in Your Responses to Plaintiff's First Interrogatories to Sun Life Financial, Inc.

5.    In responding to these requests for production, if you have, by way of reference to a general objection or by offering a specific objection to any individual request, claimed a right to protection from discovery of certain documents by operation of the attorney-client privilege, the

work product doctrine, or any other privilege afforded under law, please state the following with

respect to each such document for which said privilege is asserted:

    (a)    The date of the document;

    (b)    The author(s) of the document;

    (c)    Each addressee or recipient of the document including carbon copy and blind

           copyholders;

    (d)    The factual basis for your privilege claimed;

    (e)    The specific privilege claimed; and

    (f)    The location of the document.

Jenifer Champ Wallis
Attorney for Plaintiff

**OF COUNSEL:**
Campbell, Gidiere, Lee, Sinclair & Williams
Suite 450, 2100-A SouthBridge Parkway
Birmingham, AL 35209
(205) 803-0051

3

## CERTIFICATE OF SERVICE

I hereby certify that on April 16, 2008, I deposited the above and foregoing in the United States Mail, with correct postage and properly addressed to the following:

David B. Hall
Julie C. Metheny
BAKER DONELSON
420 North 20th Street, Suite 1600
Birmingham, AL 35203

Christopher Morris
BAKER DONELSON
One American Place
301 North Main Street, Suite 810
Baton Rouge, LA 70825

Steven F. Casey
BALCH & BINGHAM, LLP
1901 Sixth Avenue North, Suite 2700
Birmingham, AL 35203

OF COUNSEL

4

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

| | | |
|---|---|---|
| HERBERT JACK GOLDEN; | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: 2:08-cv-70-WKW |
| | ) | |
| SUN LIFE FINANCIAL, INC.; | ) | |
| SUN LIFE ASSURANCE COMPANY OF | ) | |
| CANADA; MCMC, LLC; | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S FIRST INTERROGATORIES
## TO SUN LIFE ASSURANCE COMPANY OF CANADA

COMES NOW the Plaintiff, Herbert Jack Golden, and requests that the Defendant Sun

Life Assurance Company of Canada (hereinafter referred to as "Sun Life", "You", "Your",

"Yours", or "Defendant(s)") answer the following Interrogatories, separately, severally, fully, in

writing and under oath within the time prescribed by the applicable Rules of Civil Procedure.

### INSTRUCTIONS

**A.      Use of "General Objections"**

If offering in prefatory statements or referencing in specific responses "General Objections" in response to

an interrogatory, cite specifically to each general objection applicable to the individual interrogatory.

**B.      Objections based on "Attorney / Client" privilege or the "Work Product" doctrine**

If objecting to an interrogatory on the basis of attorney / client or work product privilege (either through

reference to General Objections or within the response to the individual request), produce a Privilege Log as

required by the applicable Rules of Civil Procedure.

## INTERROGATORIES

1.      Please state the name, position, job description and/or duties, and business address of the person or persons responding to these interrogatories.

2.      Please state the <u>name</u>, <u>address</u>, <u>title</u>, and <u>employer</u> of all individuals involved in the evaluation and determination of the Plaintiff's right to benefits, and provide a description of the activities undertaken by each individual with regard to the Plaintiff's claim for benefits.

3.      Please state the specific person, or if a committee, the names of committee members, responsible for the *final decision to deny benefits to the Plaintiff under the plan or policy at issue in this case.*

4.      With respect to each person you expect to call as an expert witness in the trial of this action, identify each such person, state the subject matter upon which you expect such person to testify, state the substance of such person's expected testimony, and state all data or information considered by said expert in the forming of any such opinions.

5.      Name the consultants and/or firms who were consulted on the best practice or practices to be utilized by the Defendants in the claims management process.

6.      Produce a list containing the dates, case names, jurisdiction, or venue of each case in which any 30(b)(6) representative of the Defendants has previously provided testimony, whether by deposition, affidavit, or trial testimony.

7.      Please state the specific business relationship, ownership relationship, stock sharing, stock swapping, general services agreement or other business or contractual relationship between all the related corporate, partnership, or individual entities doing business as Sun Life Assurance Company of Canada, or any subsidiaries, predecessors, or successors in interest of Sun Life Assurance Company of Canada and any other Defendant.

2

Case 2:08-cv-00070-W -TFM    Document 29-2    Filed 0  7/2008    Page 8 of 35

8.      Please state the date and/or dates on which the Plaintiff initially applied for and/or subsequently applied for disability benefits according to your records.

9.      State the date or dates upon which the Plaintiff was notified of the denial or termination of benefits and produce any documentation on the same.

10.     Please state the reasons why the application for benefits was denied and/or terminated and provide specific reference to the pertinent plan provisions upon which the denial or termination was based.

11.     Identify any and all of your employees who reviewed the Plaintiff's claim for disability benefits and provide curriculum vitae for each of those identified.

12.     Identify any and all consultants and/or third party reviewers who reviewed the Plaintiff's claim for disability benefits and provide curriculum vitae for each of those identified.

13.     As to the personnel disclosed within your response to the previous interrogatory which requested the names of individuals who worked on or consulted on the Plaintiff's claim, state each individual's employer, job title, length of employment with the Defendant or any of its related entities, and for the employment year(s) during which such individual provided the medical evaluation, assessment, or played any other role in the instant case, state the individuals rate of pay, bonuses paid, awards, or other indices of recognition for job performance, and if the individual is eligible for any bonuses, the criteria under which said bonuses were paid; if such person was paid under any status other than that of an employee, please fully explain how each such individual was paid.

14.     Please identify all of the databases used and/or maintained by you in the administration and adjudication of claims for benefits. These should include any and all electronic databases used in the handling of any claims for benefits such as the Plaintiff's claims for benefits.

15.     Identify by listing below all reference materials used by or available to the Defendants'

employees for the assessment of the Plaintiff's claim.  This response should include a list of all

electronic databases identified by the manner in which they are commonly referred to by the

Defendant's employees, all standards and guidelines to include identification of any claims

manuals, customer care center claims manuals, disability guidelines, restrictions and limitations

guidelines or standard, specifically detailing "if applicable" the effective date or revision dates of

said materials at the time of the Plaintiff's initial claim for benefits and at the time of the final

denial of benefits.

16.     Identify those documents that refer or relate in any way to the Plaintiff's claim that no

longer exist.  If the documents cannot be produced, identify those documents destroyed, and/or

removed from the claim file.

17.     List all computer documents and/or electronically maintained documents which are used

and/or available to the employees which adjudicated and/or assisted in the management of the

Plaintiff's claim, but not placed in the claims file, especially those documents that indicate the

governing policies and procedures to be utilized in the administration/adjudication of the

Plaintiff's claim.

18.     State what services were provided by MCMC, llc, or Peer Review Analysis, with regard

to Plaintiff's claim for benefits.

19.     State what instructions You provided to MCMC, llc, or Peer Review Analysis, with

regard to the documents to provide or exclude from any services it provided with regard to

Plaintiff's claim for benefits and the reasons for the same.

20.     In responding to these interrogatories, if you have, by way of a general objection or a

specific objection to any individual interrogatory, claimed a right to protection from discovery of

4

certain documents by operation of the attorney-client privilege, the work product doctrine, or any

other privilege afforded under law, please state the following with respect to each such document

for which said privilege is asserted:

(a)    The date of the document;

(b)    The author(s) of the document;

(c)    Each addressee or recipient of the document including carbon copy and blind

copyholders;

(d)    The factual basis for your privilege claimed;

(e)    The specific privilege claimed; and

(f)    The location of the document.

Jenifer Champ Wallis
Attorney for Plaintiff

Thomas O. Sinclair (SIN018)
Jenifer Champ Wallis (WAL191)
Campbell, Gidiere, Lee, Sinclair & Williams
Suite 450, 2100-A SouthBridge Parkway
Birmingham, AL 35209
(205) 803-0051
Fax: (205) 803-0053
E-mail: tsinclair@cgl-law.com
E-mail: jwallis@cgl-law.com

5

## CERTIFICATE OF SERVICE

I hereby certify that on April 16, 2008, I deposited the above and foregoing in the United States Mail, with correct postage and properly addressed to the following:

David B. Hall
Julie C. Metheny
BAKER DONELSON
420 North 20th Street, Suite 1600
Birmingham, AL  35203

Christopher Morris
BAKER DONELSON
One American Place
301 North Main Street, Suite 810
Baton Rouge, LA  70825

Steven F. Casey
BALCH & BINGHAM, LLP
1901 Sixth Avenue North, Suite 2700
Birmingham, AL  35203

OF COUNSEL

6

# Exhibit C

# Exhibit

# D

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| HERBERT JACK GOLDEN; | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: 2:08-cv-70-WKW |
| | ) | |
| SUN LIFE FINANCIAL, INC.; | ) | |
| SUN LIFE ASSURANCE COMPANY OF | ) | |
| CANADA; MCMC, LLC; | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION
## TO SUN LIFE ASSURANCE COMPANY OF CANADA

COMES NOW the Plaintiff, Herbert Jack Golden, and requests that the Defendant Sun

Life Assurance Company of Canada (hereinafter referred to as ("You", "Your", or "Yours"))

answer the following Requests for Production, separately, severally, fully, in writing and under

oath within thirty (30) days from the date of service hereof.

### INSTRUCTIONS

**A.     Use of Rule 33 in Responses**

If responding to a request for production by reference to documents produced, <u>specifically identify those</u>

<u>portions of specific documents identified by Bates number</u> that you contend respond to each individual request for

production.

**B.     Use of "General Objections"**

If offering in prefatory statements or referencing in specific responses "General Objections" in response to

a request for production, <u>cite specifically to each general objection applicable to the individual request for</u>

<u>production.</u>

*C.*     **Objections based on "Attorney / Client" privilege or the "Work Product" doctrine**

If objecting to a request for production on the basis of attorney / client or work product privilege (either through reference to General Objections or within the response to the individual request), produce a Privilege Log as required by the applicable Rules of Civil Procedure.

## REQUEST FOR PRODUCTION

1.     Produce any and all agreements or service agreements wherein you have agreed to certain terms governing the responsibilities in relation to the insurance policy(ies) at issue in this litigation. This request for production is to encompass any service agreements whereby you agree to provide or had another entity agree to provide services relative to the Plaintiff's policies, including without limitation, any such agreements between You and any other Defendant.

2.     Produce and identify by Bates numbers those documents within your possession, custody or control that reference or pertain to the Plaintiff's claim for benefits, the Plaintiff's application for insurance, to include any claim file, the application file, independent medical examination file, or any other related file referencing or pertaining to the Plaintiff's claim or claims for benefits.

3.     Produce and identify by Bates number every medical report (to include any generic medical reports not specifically pertaining to the Plaintiff but used in referencing the restrictions and limitations pertaining to the Plaintiff's disability) considered or available for consideration in the process of evaluating the Plaintiff's application for benefits. This response should include any internal memorandum regarding the Plaintiff's claims, to include any documentation generated by your agents or employees reviewing information pertaining to the Plaintiff's application for benefits.

4.     Produce and identify by Bates number any other reports (including medical reports, including, without limitation, the reports of rehabilitation services or any other such similar

2

services) or opinions received or discovered in any manner that the Defendant received or relied upon in the evaluation of the Plaintiff's claim for benefits.

5.    Produce each rule, guideline, criteria, law, regulation, or other document considered by You in any way in Your administration of Plaintiff's claim for benefits.

6.    Produce, and reference by Bates number, each and every policy ever purchased by, or providing coverage to, the Plaintiff from You or any of Your subsidiaries.

7.    Produce any and all internal memorandum, correspondence, email or guidelines detailing the manner in which the Plaintiff's claim was to be investigated, including any and all documents of Your subsidiaries, <u>agents</u>, or predecessors in interest, detailing the steps to be undertaken in the investigation of the Plaintiff's claim.

8.    Produce documents detailing the organizational structure of the claims handling departments to include appellate departments, investigational departments, reference departments, medical departments or any other departments which played any role in the adjudication, administration and/or investigation of the Plaintiff's claim, or provided any services in relation to the administration of the Plaintiff's claims. These documents should identify, among others, those persons who were involved in the adjudication and/or administration of the Plaintiff's claims, and those individual supervisors and/or consultants who were involved in the administration and/or adjudication of Plaintiff's claims.

9.    Produce all electronically stored information referencing or pertaining to the Plaintiff's claim.

10.   Produce curriculum vitae for any medical personnel, to include nurses, doctors, surgeons, whether RNs, LPNs, or MD's, or Ph.D.'s who reviewed and/or consulted on the Plaintiff's claim, medical records or any other materials related to the Plaintiff's claim for benefits.

3

11.     Produce any and all documentation, to include checks, authorizations for payment, or any other documentation detailing the amount paid or that may be paid to the Plaintiff under any policy purchased by the Plaintiff or in which the Plaintiff is a designated beneficiary.

12.     Produce all documents referencing or regarding to the Plaintiff prepared by or provided to any physician or medical professional employed by or retained by You or any person or entity acting on Your behalf, including but not limited to documents prepared by or provided to any Defendant, or physician or medical professional hired by any Defendant.

13.     Produce all documents created by or provided by You, Your consultants, employees, subsidiaries, agents, or predecessors or successors in interest, regarding the assessment of the Plaintiff's medical condition and how that condition may affect the Plaintiff's ability to work.

14.     Produce all correspondence or documents of any type between You and MCMC, llc, or between You and "Peer Review Analysis", related to the Plaintiff, Plaintiff's claim for benefits or any and all services provided by MCMC, llc and/or "Peer Review Analysis" related to the Plaintiff.

15.     Produce all correspondence or documents of any type between You and MCMC, llc, or between You and "Peer Review Analysis", which direct what documents MCMC, llc and/or "Peer Review Analysis", is to provide to any physician or medical professional, or direct what documents are to be excluded, with regard to the examination, evaluation, or review of Plaintiff, Plaintiff's medical records or Plaintiff's claim for benefits.

16.     Produce any internal audit reports, or any document evidencing said internal audit of the files handled by Your employees who worked on the Plaintiff's claim.  This request for production is intended to garner those documents within your possession, custody or control, that document any internal audit conducted of the Plaintiff's claim files.

4

17.    Produce all documentation prepared by You or on Your behalf that reflects, refers, or establishes those duties of the Plaintiff's occupation before the Plaintiff filed a claim.

18.    Produce any statement, telephone recording or tape conversation which reflects Plaintiff's conversations or communications with You, Your employees, agents, or representatives.

19.    Produce any tapes or recordings in unedited format, by whatever media, including any surveillance tapes, of the Plaintiff.

20.    Produce a complete customer care center claims manual or claims manual or customer care manual and procedure manuals to include any additions, revisions, deletions, or other changes that have been made to said manuals which were used or available for use in the adjudication and/or administration of the Plaintiff's claims.

21.    Produce documents that in any way refer, reflect, or relate to the proper method of handling claims involving those medical conditions specified within the Plaintiff's claim and those conditions assessed by you or your employees or consultants.  This response should include those documents used by your employees to evaluate the Plaintiff's medical condition; and studies you have undertaken with respect to the nature, treatment and care of the Plaintiff's medical condition.

22.    Produce and identify by Bates number every medical report referencing or referring to the Plaintiff.  This response should include any internal memorandum regarding the Plaintiff's claims, to include any documentation generated by your agents or employees reviewing information pertaining to the Plaintiff's application for benefits.

23.    Produce copies of all computer database documents that refer or relate to Plaintiff and were not placed into the Plaintiff's claim file, especially those documents that indicate policies and procedures to be utilized in the adjudication of the Plaintiff's claim.

24.    Produce all records detailing Your document retention policy with regard to what documents are to be maintained with the claim file, what documents are to be maintained in other databases, or other files, what documents are to be produced in response to requests for production, and what documents are to be destroyed.

25.    In responding to these requests for production, if you have, by way of reference to a general objection or by offering a specific objection to any individual request, claimed a right to protection from discovery of certain documents by operation of the attorney-client privilege, the work product doctrine, or any other privilege afforded under law, please state the following with respect to each such document for which said privilege is asserted:

(a)    The date of the document;

(b)    The author(s) of the document;

(c)    Each addressee or recipient of the document including carbon copy and blind copyholders;

(d)    The factual basis for your privilege claimed;

(e)    The specific privilege claimed; and

(f)    The location of the document.

Jenifer Champ Wallis
Attorney for Plaintiff

6

**OF COUNSEL:**
Campbell, Gidiere, Lee, Sinclair & Williams
Suite 450, 2100-A SouthBridge Parkway
Birmingham, AL 35209
(205) 803-0051

### CERTIFICATE OF SERVICE

I hereby certify that on April 16, 2008, I deposited the above and foregoing in the United States Mail, with correct postage and properly addressed to the following:

David B. Hall
Julie C. Metheny
BAKER DONELSON
420 North 20th Street, Suite 1600
Birmingham, AL  35203

Christopher Morris
BAKER DONELSON
One American Place
301 North Main Street, Suite 810
Baton Rouge, LA  70825

Steven F. Casey
BALCH & BINGHAM, LLP
1901 Sixth Avenue North, Suite 2700
Birmingham, AL  35203

OF COUNSEL

7