IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| HERBERT JACK GOLDEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:08-cv-070-WKW |
| ) | |
| SUN LIFE FINANCIAL, INC., *et al.*, ) | |
| ) | |
| Defendants. ) | |

**ORDER ON MOTION TO RECONSIDER**

This case is before the court on a Motion to Reconsider Discovery Order or, in the Alternative, for Protective Order (Doc. # 45). In the motion, Defendants Sun Life Financial, Inc., and Sun Life Assurance Company of Canada (collectively, "Sun Life Defendants") ask the court to reconsider its earlier memorandum opinion and order (Doc. # 43), ordering discovery. This case involves review of the denial of Plaintiff's claim for long-term disability benefits under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001-1461. For a recitation of the facts of the case, the court refers to its previous order. (*See* Doc. # 43.)

The Sun Life Defendants bring this motion for reconsideration of a non-final judgment pursuant to Federal Rule of Civil Procedure 59(e). While Rule 59(e) only provides for motions to reconsider judgments,[1] the Eleventh Circuit has applied the same standard

---

[1] "A motion to alter or amend a judgment must be filed no later than 10 days after the entry of the judgment." Fed. R. Civ. P. 59(e) (emphasis added).

when reviewing district court's decisions on motions to reconsider judgments and other non-final orders. *See Region 8 Forest Serv. Timber Purchases Council v. Alcock*, 993 F.2d 800, 806 (11th Cir. 1993).

Parties cannot use a Rule 59(e) motion to relitigate old matters or to raise new legal arguments or present new evidence that could have been raised or presented prior to the entry of judgment. *Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005); *Sanderlin v. Seminole Tribe of Fla.*, 243 F.3d 1282, 1292 (11th Cir. 2001). A motion for reconsideration should be made only in three circumstances: "when a party presents the court with evidence of an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or manifest injustice." *Summit Med. Ctr. of Ala., Inc. v. Riley*, 284 F. Supp. 2d 1350, 1355 (M.D. Ala. 2003).

The Sun Life Defendants claim that their motion should be granted to correct a clear error in or manifest injustice arising from the previous order. The Sun Life Defendants claim that the court erred in finding that the standard of review was unable to be determined and allowing discovery on this issue. In the previous order, the court held discovery was needed to determine whether the plan did, in fact, grant discretion to make eligibility determinations to the Sun Life Defendants and, if it did, whether they acted consistently with the grant of discretion. (Doc. # 43, at 5-6.) Again, the Sun Life Defendants claim that discovery is not warranted because the plan granted them discretion to make eligibility determinations. The defendants ignore the second part of the court's reasoning, which is that if they did not act

consistently with the grant of discretion then the standard of review will be *de novo*. See *Anderson v. Unum Life Ins. Co. of Am.*, 414 F. Supp. 2d 1079, 1086, 1099-1100 (finding that *de novo* standard of review applied when policy provided that company had discretionary authority to determine eligibility for benefits but company delegated the responsibility to a third party because the plan did not provide for administrator to delegate its discretionary authority). The Sun Life Defendants have presented no new arguments in their motion but instead seek to relitigate decided matters.

Because the standard of review would be *de novo* if the Sun Life Defendants did not act consistently with the grant of discretion in the plan, the court finds that the motion is due to be denied. The parties have also included a motion for a protective order in this brief, which the court finds is due to be referred to the Magistrate Judge.

Accordingly, it is ORDERED that the Motion to Reconsider Discovery Order or, in the Alternative, for Protective Order (Doc. # 45) is DENIED to the extent that it is a motion for reconsideration, and to the extent that it is a motion for a protective order it is REFERRED to the Magistrate Judge.

DONE this 14th day of August, 2008.

    /s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE